Thomas W. Smith
Pamela K. Smith
P.O. Box 1909
Dillon, CO 80435

\/ O R I G I N A L   FILED
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

2006 FEB -1  AM 10: 26

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Thomas Smith, and )  Case No.: 05-CV-02364-RPM-BNB
Pam Smith, husband and wife, )
)
    Plaintiffs, )  **RESPONSE IN OPPOSITION TO**
)  **DEFENDANT ARGENT MORTGAGE**
vs. )  **COMPANY, LLC'S**
)  **MOTION TO DISMISS**
ARGENT, et al., )
)
    Defendants. )

Plaintiffs timely file RESPONSE IN OPPOSITION TO DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S MOTION TO DISMISS and object to Defendant Argent Mortgage Company, LLC's Motion to Dismiss (Document #25).

*"UNDISPUTED FACTS" IS THE WRONG STANDARD*

1.    The Motion to Dismiss states on page 2:

In their TILA claim, Plaintiffs allege that Argent failed to make certain required disclosures, and to comply with federal law regarding purported rescission rights. As a matter of law and undisputed fact, however, Argent made all required disclosures and complied with all federal laws. Therefore, Plaintiffs' claim for TILA violations fails to state a claim upon which relief may be granted and

should be dismissed.

2.     At this stage of the litigation it is too early to talk about "undisputed facts" because discovery has not been completed. Undisputed facts are for summary judgment. A Motion to Dismiss is before the Court, and therefore allegations–not facts or evidence–are at issue.[1] The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The purpose of Rule 12(b)(6) motions is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true. *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003).

3.     Under Fed. R. Civ. P. 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). If the plaintiff has pled facts that would support a legally cognizable claim for relief, a motion to dismiss should be denied. *Id.* In evaluating a 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10 Cir. 1999).

## *THE COURT SHOULD INFER THAT THE MORTGAGE LOAN WAS FEDERALLY RELATED*

4.     The Motion to Dismiss states on page 2:

> Plaintiffs' claim for violations of RESPA should also be dismissed. Plaintiffs'
> failure to allege that the loan transaction involved a federally related mortgage
>
> loan amounts to a failure to state a claim upon which relief may be granted,

---

[1] The Complaint was a Verified Complaint, signed under penalty of perjury. It is evidence. Defendants have not entered any evidence into the record. Therefore, at this point, the only undisputed facts are the allegations of the Verified Complaint.

RESPONSE IN OPPOSITION TO DEFENDANT ARGENT
MORTGAGE COMPANY, LLC'S MOTION TO DISMISS

subjecting the RESPA claim to dismissal under F.R.C.P. 12(b)(6).

5.      In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must "accept all well-pleaded allegations as true, and draw all reasonable inferences in favor of Plaintiff." *Karmplain v. Curry County Bd. Of Comm'rs*, 159 F.3d 1248, 1250 (10th Cir.1998).

6.      Paragraph 19 of the Verified Complaint states:

> Lender paid a "Premium Yield Adjustment," otherwise known as a Yield Spread Premium, of $7,164 to the broker, for no service or work other than the choice of a loan with a high interest rate, in violation of the anti-kickback provision of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 ("RESPA")

7.      Had the loan not been a federally-related mortgage loan, RESPA would not apply. Paragraph 19 makes sense only if the loan is a federally-related mortgage loan. Therefore, a reasonable inference from Paragraph 19 is that the loan is a federally-related mortgage loan.

### EXHIBIT A IS INADMISSIBLE HEARSAY

8.      The Motion to Dismiss states on pages 2-3:

> Argent has attached to this Motion various documents associated with the closing of the consumer mortgage refinance transaction at issue (the "Closing Paperwork")...Exhibit A.

9.      Exhibit A is hearsay, and therefore inadmissible. There is no affidavit, declaration, verified statement under penalty of perjury, or other foundation for admissibility. Pages 1, 2, 3, and 12 through 26 bear a stamp "CERTIFIED TO BE A TRUE AND CORRECT COPY OF

THE SIGNED ORIGINAL" but the signature is illegible and there is no printed name. Pages 4 through 11 don't even have that.

### *EXHIBIT A MAY BE THE WRONG DOCUMENTS*

10. The Motion to Dismiss states on page 3:

Importantly, the Court may consider documents referenced in, but not attached to,
Plaintiffs' Complaint without converting this motion to dismiss into a summary
judgment motion.

However, there is no evidence that the documents supplied by Argent are the same documents referenced in the Verified Complaint.

### *ARGENT DID NOT GIVE PROPER DISCLOSURES*

11. The Motion to Dismiss states on page 4:

Thomas W. Smith signed and received a copy of a Truth-In-Lending Disclosure
Statement.

12. This is not an "undisputed fact." Defendant's allegation is "supported" only by the unauthenticated Exhibit A. However, the Verified Complaint (which is evidence) states on paragraph 26:

At closing, Defendant ARGENT MORTGAGE COMPANY, LLC failed to give
all material disclosures required by the Truth in Lending Act, including without
limitation, two copies of Notice of Right to Cancel.

### *ARGENT FAILED TO GIVE TWO COPIES OF NOTICE OF RIGHT TO CANCEL*

13. The Motion to Dismiss states on page 5:

8. Plaintiffs both signed and received two copies of the Notice of Right to

Cancel. See Notice of Right to Cancel, Exhibit A, at ARGENT 00007.

14. Page 7 of the unauthenticated Exhibit A does not bear the illegible certification. Plaintiffs' alleged signatures in the unauthenticated Exhibit A do not overcome Plaintiff's sworn statement in the Verified Complaint, paragraph 26:

> At closing, Defendant ARGENT MORTGAGE COMPANY, LLC failed to give all material disclosures required by the Truth in Lending Act, including without limitation, two copies of Notice of Right to Cancel.

15. The undisputed fact is that Argent failed to give two copies of the Notice of Right to Cancel.

## OTHER NUMBERED CLAIMS

16. All of Defendant Argent's other numbered claims suffer from the same disability: they are "supported" only by the unauthenticated Exhibit A.

## ARGENT DID NOT PROVIDE TILA DISCLOSURES

17. The Motion to Dismiss states on page 6:

> Pursuant to REB Civ. Practice Standard V.H.2.a.1, Argent contends that, in light of the allegations in the Complaint and the documents incorporated therein, Plaintiffs have failed to allege that Argent did not provide all the disclosures required by TILA.

18. This is incorrect. The Verified Complaint states in various paragraphs:

> "20. Lender failed to provide the all material disclosures set forth in 15 U.S.C. § 1639(a)."
> "26. At closing, Defendant ARGENT MORTGAGE COMPANY, LLC failed to give all material disclosures required by the Truth in Lending Act, including without limitation, two copies of Notice of Right to Cancel."
> "39. Defendants failed to make correct disclosures, and made incorrect disclosures, in violation of 15 U.S.C. § 1638(a)."
> "42. At closing, Defendant ARGENT MORTGAGE COMPANY, LLC failed to

RESPONSE IN OPPOSITION TO DEFENDANT ARGENT
MORTGAGE COMPANY, LLC'S MOTION TO DISMISS

give disclosures required by 15 U.S.C. § 1631-1635."

19.     Once again, Defendants' statements are "supported" only by the unauthenticated Exhibit A.

## PLAINTIFFS' RIGHT TO RESCIND

20.     The Motion to Dismiss states on page 9:

Pursuant to REB Civ. Practice Standard V.H.2.a.1, Argent contends that, in light of the allegations in the Complaint and the documents incorporated therein, Plaintiffs have failed to allege that they had a right to rescind the Transaction.

21.     However, the Verified Complaint states in paragraph 27:

Plaintiffs have a continuing right to rescind the transaction until the third business day after they receive all "material disclosures" pursuant to Section 125 (a) of the Act (15 U.S.C. 1635 (a)) and Regulation Z § 226.23 (a) (3)   (12 C.F.R.§ 226.23 (a) (3).

22.     As shown above, the Verified Complaint alleges all necessary facts to support the conclusion that Plaintiffs had not received all material disclosures along with the required number of copies of Notice of Right to Cancel.

## DEFENDANTS LACK A LEGAL INTEREST IN THE SUBJECT PROPERTY

23.     The Motion to Dismiss states on page 12:

Pursuant to REB Civ. Practice Standard V.H.2.a.1, Argent contends that, in light of the allegations in the Complaint and the documents incorporated therein, Plaintiffs have failed to allege that Defendants lack a legal interest in the subject property.

6

24. However, as shown above, the Verified Complaint shows that Defendant failed to comply with TILA; that Plaintiffs timely rescinded the loan; and it follows that Defendants lack a legal interest in the subject property. Therefore, Plaintiffs have stated a claim for quiet title and for declaratory judgment and this claim should be granted.

25. The Motion to Dismiss states on page 13:

Second, Plaintiffs do not ask the court to declare anything – they simply assert that Defendants have no interest in the property.

26. However, the Verified Complaint states in paragraph 71, under "Prayer for Relief":

71. On Plaintiffs' Fifth Claim, a Declaration that there is no legal relationship between Plaintiffs and Defendants, and that Defendants have no secured interest in Plaintiffs' property.

*PAMELA K. SMITH HAS STANDING*

27. The Motion to Dismiss states on page 13:

Pamela K. Smith was not a borrower in the Transaction and does not have a legal right to assert claims against Argent, the lender, for any acts it committed therein.

28. However, Pamela K. Smith has standing as a co-owner of the property secured by the loan.

29. A plaintiff in a TILA case need not prove that he or she suffered actual monetary damages in order to recover the statutory damages and attorney's fees. *Watkins v. Simmons & Clark, Inc.*, 618 F.2d 398, 399 (6th Cir. 1980).

### Conclusion

30. For all the foregoing reasons, the Motion to Dismiss should be denied.

RESPONSE IN OPPOSITION TO DEFENDANT ARGENT
MORTGAGE COMPANY, LLC'S MOTION TO DISMISS

Respectfully submitted this _31st_ day of _January_, 2006

_____     _____
Thomas W. Smith, Plaintiff                     Pamela K. Smith, Plaintiff

RESPONSE IN OPPOSITION TO DEFENDANT ARGENT
MORTGAGE COMPANY, LLC'S MOTION TO DISMISS

## CERTIFICATE OF SERVICE

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Smith v. Argent, et al

[ Case No. 05-CV-02364-REB-BNB ]

I, the undersigned, being over eighteen years of age, hereby certify that on the date last written below a true and correct copy of:

### RESPONSE IN OPPOSITION TO DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S MOTION TO DISMISS

was served on the following parties:

Argent Mortgage Company, LLC, of Counsel
Scott C. Sandberg
Katrin Miller Rothgery
SNELL 7 WILMER LLP
1200 Seventeenth Street, Suite 1900
Denver, CO    80202
Phone:  (303) 634-2000
Fax:   (303) 634-2020

HomEq Servicing Corporation, of Counsel
David R. Eason
BERENBAUM, WEINSHIENK & EASON, P.C.
370 Seventeenth Street
Republic Plaza, 48th Floor
Denver, CO    80202-5698
Phone: (303) 825-0800
Fax: (303) 629-7610

by:

   X    United States Postal Service, ordinary first class mail postage prepaid
_____ United States Postal Service, certified or registered mail, return receipt req.
_____ Hand delivery
_____ FAX Number
_____ other (specify)

Executed this _31st_ day of _January_, 2006.

Pamela K. Smith