Thomas W. Smith
Pamela K. Smith
P.O. Box 1909
Dillon, CO 80435



F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 2 4 2006

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Thomas Smith, and <br> Pam Smith, husband and wife, <br><br> Plaintiffs, <br><br> vs. <br><br> ARGENT, et al., <br><br> Defendants. | Case No.: 05-CV-02364-RPM-BNB <br><br> **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO SET ASIDE ENTRY OF DEFAULT** |

1.  Plaintiffs oppose DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO SET ASIDE ENTRY OF DEFAULT.

2.  Upon information and belief, the author of the Defendant Wells Fargo Bank, N.A's Motion, Katrin Miller Rothgery, has not been admitted to practice in Federal Court.

3.  Upon information and belief, the author of the Defendant Wells Fargo Bank, N.A's Motion, Katrin Miller Rothgery, has not been properly authorized to represent Wells Fargo Bank, N.A.

4.  The author of the Defendant Wells Fargo Bank, N.A's Motion, Katrin Miller Rothgery,

has not filed a Notice of Appearance that she represents Defendant Wells Fargo Bank, N.A.

5. Defendant Wells Fargo Bank, N.A has not yet filed Corporate Disclosure Statement, required by FRCP 7.1, which states:

**(a) Who Must File: Nongovernmental Corporate Party.**

A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.

**(b) Time for Filing; Supplemental Filing.**

A party must:

(1) file the Rule 7.1(a) statement <u>with its first appearance, pleading, petition, motion, response, or other request addressed to the court</u>, and

(2) promptly file a supplemental statement upon any change in the information that the statement requires.

6. Defendant Wells Fargo Bank, N.A's Motion states in paragraph 9:

"a party's conduct will be considered culpable only if the party defaulted willfully <u>or has no excuse for the default.</u>" [Emphasis added.]

This is a two-prong test: if either Defendant Wells Fargo Bank, N.A defaulted willfully, OR if Defendant Wells Fargo Bank, N.A has no excuse for the default, then Defendant Wells Fargo Bank, N.A's conduct is to be considered culpable. Defendant Wells Fargo Bank, N.A fails the second prong.

7. Defendant Wells Fargo Bank, N.A. has no excuse for the default. Defendant Wells Fargo Bank, N.A had ample notice of the existence and pendency of this lawsuit. Defendant Wells Fargo Bank, N.A was served with the Complaint not once, but twice. See Docket #8, filed 12/16/05; Docket #24, filed 1/10/06.

8. Defendant Wells Fargo Bank, N.A's attempt at an excuse is given in paragraph 10.

Defendant Wells Fargo Bank, N.A blames its "confusion." Defendant Wells Fargo Bank, N.A further blames its confusion on Plaintiff, because the same facts are at issue in another lawsuit in which Defendant Wells Fargo Bank, N.A sued Plaintiffs Smith. Defendant Wells Fargo Bank, N.A fails to allege that Plaintiff misrepresented any case numbers, or committed any other misrepresentation or any other wrongdoing. Defendant Wells Fargo Bank, N.A fails to explain why Defendant Wells Fargo Bank, N.A's "confusion" is not Defendant Wells Fargo Bank, N.A's fault.

9. Defendant Wells Fargo Bank, N.A's further attempt at an excuse is that it couldn't decide "who would represent Wells Fargo here." Paragraph 10.

10. To support its attempt at an excuse, Defendant Wells Fargo Bank, N.A cites an unpublished opinion, *Ficken*. Paragraph 11. Unpublished opinions have no precedential value. 10th Cir. R. 36.3(A). Citation to unpublished cases is disfavored. 10th Cir. R. 36.3(B).

11. Defendant Wells Fargo Bank, N.A also cites an off-point case (*Singh*) in which a defendant relied on an attorney's opinion that the service of process was ineffective. In the instant case, (1) it is undisputed that service of process was effective, and (2) defendant did not rely on the advice of any attorney.

12. "Good cause shall not be deemed to exist unless the movant avers something more than the normal, or even the reasonably anticipated but abnormal, vicissitudes inherent in the practice of law." United States v. Raimondi, 760 F.2d 460 (2d Cir. 1985).

## Conclusion

13. For all the foregoing reasons, DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO SET ASIDE ENTRY OF DEFAULT should be denied.

14. Finally, Plaintiffs are not attorneys and are inexperienced in procedure as practiced in the Federal Courts. If this submission is found wanting in one or more particulars, it is incumbent upon the Court to inform Plaintiffs of the deficiencies, their specifics and assist the Plaintiffs in correcting the submission, and the Plaintiffs hereby respectfully request such assistance.

Respectfully submitted,

_____ February 23rd, 2006
Thomas W. Smith

_____ February 23rd, 2006
Pamela K. Smith

## CERTIFICATE OF SERVICE

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Smith v. Argent, et al

[ Case No. 05-CV-02364-REB-BNB ]

I, the undersigned, being over eighteen years of age, hereby certify that on the date last written below a true and correct copy of:

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO SET ASIDE ENTRY OF DEFAULT

was served on the following parties:

**Hopp & Shore, LLC**, of Counsel
**Janice Hofmann Clark** and **Bradley Todd Neiman**
333 West Hampden Avenue, #500
Englewood, CO 80110
Phone: 303-806-8887
Fax: 303-806-8881

**Wells Fargo Bank, N.A.**, of Counsel
**Argent Mortgage Company, LLC**, of Counsel
**Katrin Miller Rothgery** and **Scott C. Sandberg**
SNELL & WILMER LLP
1200 Seventeenth Street, Suite 1900
Denver, CO 80202
Phone: (303) 634-2000
Fax: (303) 634-2020

**HomEq Servicing Corporation**, of Counsel
**Michael J. Belo** and **David R. Eason**
BERENBAUM, WEINSHIENK & EASON, P.C.
370 Seventeenth Street
Republic Plaza, 48th Floor
Denver, CO 80202-5698
Phone: (303) 825-0800
Fax: (303) 629-7610

by:

____X____ United States Postal Service, ordinary first class mail postage prepaid
_____ United States Postal Service, certified or registered mail, return receipt req.
_____ Hand delivery
_____ FAX Number

Executed this 23rd day of February 2006.

_____
Pamela K. Smith