IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02364-REB-BNB

THOMAS SMITH, and
PAM SMITH, husband and wife,

Plaintiffs,

v.

ARGENT MORTGAGE COMPANY, LLC.,
WELLS FARGO BANK, N.A.,
HOMEQ SERVICING CORPORATION, and
HOPP & SHORE, LLC,

Defendants.

_____

**ORDER**
_____

This matter is before me on the plaintiffs' **Motion to Strike Defendant HomEq Servicing Corporation's Motion to Dismiss and in the Alternative Sanctions** [Doc. # 49, filed 2/28/06] (the "Motion"). The plaintiffs seek an order striking defendant HomEq Servicing Corporation's ("HomEq's") motion to dismiss on the following bases: (1) HomEq's counsel has not been admitted to practice in federal court; (2) HomEq's counsel has not been "properly authorized" to represent HomEq; (3) HomEq's motion to dismiss "consists of redundant, immaterial, impertinent, and scandalous matter"; and (4) HomEq has not filed a corporate disclosure statement as required by rule 7.1, Fed.R.Civ.P. In the alternative, the plaintiffs seek unspecified sanctions.

The Motion is frivolous. The plaintiffs do not provide any factual basis for their assertions that HomEq's counsel is not authorized to practice in federal court and is not authorized to represent HomEq. To the contrary, the Court's records reflect that HomEq's counsel is admitted to practice in this Court and that he has been active and in good standing since October 17, 1977. Moreover, HomEq's motion to dismiss does not contain any "immaterial, impertinent, and scandalous matter." Finally, HomEq's failure to timely file a corporate disclosure statement does not have any bearing on the validity of its motion to dismiss.[1] The disclosure requirements are calculated to identify circumstances that are likely to call for disqualification of a judge "on the basis of financial information that a judge may not know or recollect." Fed.R.Civ.P. 7.1, Advisory Committee Notes.

IT IS ORDERED that the plaintiffs' Motion to Strike Defendant HomEq Servicing Corporation's Motion to Dismiss and in the Alternative Sanctions is DENIED AS FRIVOLOUS.

Dated March 6, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] I note that HomEq filed its disclosure statement on March 1, 2006.