IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02364-REB-BNB

THOMAS SMITH, and
PAM SMITH, husband and wife,

Plaintiffs,

v.

ARGENT MORTGAGE COMPANY, LLC.,
WELLS FARGO BANK, N.A.,
HOMEQ SERVICING CORPORATION, and
HOPP & SHORE, LLC,

Defendants.

_____

## ORDER
_____

This matter is before me on **Defendant Wells Fargo Bank, N.A.'s Motion to Set Aside Entry of Default** [Doc. #45, filed 2/10/06] (the "Motion"). On February 7, 2006, the Clerk of the Court entered the default of defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Wells Fargo requests that the entry of default be set aside.

The plaintiffs are proceeding *pro se*. Their Verified Complaint (the "Complaint") alleges three causes of action against Wells Fargo: (1) quiet title, (2) violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and (3) declaratory judgment. *Complaint*, pp. 5-9.

Rule 55(c), Fed. R. Civ. P., provides that a court may set aside an entry of default "[f]or good cause shown." The principal factors in determining whether a defendant has met the good cause standard are: (1) whether the default is the result of culpable conduct of the defendant;

(2) whether the plaintiff will be prejudiced if the entry of default is set aside; and (3) whether the defendant has presented facts which may establish a meritorious defense. Porter v. Brancato, 171 F.R.D. 303, 304 (D. Kan. 1997).

Wells Fargo states that its default is a result of the following:

> [C]onfusion generated by Plaintiffs' filing of claims against Wells Fargo in this case that are identical to the counterclaims they have asserted against Wells Fargo in another case pending before this court, Case No. 05-CV-02481, which arises from the same set of facts in this case. In addition, Wells Fargo's counsel in Case No. 05-CV-02481 has been named a party to this lawsuit, causing significant confusion about who would represent Wells Fargo here. For these reasons, Wells Fargo retained undersigned counsel just days prior to the date of this Motion, and plans to file a responsive pleading as soon as possible.

*Motion*, p. 1, ¶ 10.

The plaintiffs do not dispute that they have asserted counterclaims in another case that are identical to the claims against Wells Fargo in this case, nor do they dispute that they are suing Wells Fargo's counsel. Based on the record before me, I decline to find that Wells Fargo's default is wholly the result of its own culpable conduct.

In addition, there is no evidence that the plaintiffs will be prejudiced if the default is set aside. The plaintiffs assert that Wells Fargo was served with the Summons and Complaint on December 30, 2005, and that an answer was therefore due on January 19, 2006. Wells Fargo filed its motion to set aside the default on February 10, 2006, less than five weeks after the answer was due. At that time, the remaining defendants had filed motions to dismiss. The motions to dismiss are fully briefed and ready for disposition. Therefore, this case is still in its preliminary stages.

Case 1:05-cv-02364-REB-BNB   Document 66   Filed 08/11/06   USDC Colorado   Page 3 of 3

Moreover, Wells Fargo asserts that it is the holder of a mortgage secured by the plaintiffs' property and that the plaintiffs received all required TILA disclosures. If true, this would constitute a meritorious defense.

Entry of default is a harsh sanction, contrary to the preferred policy of the resolution of disputes on the merits. Rupliger v. Rains, 946 F.2d 731, 732 (10th Cir. 1991). Consequently, a default normally is appropriate only where the adversary process has been halted because of an essentially unresponsive party. Id. That is not the case here. Accordingly,

IT IS ORDERED that the Motion is GRANTED and the Clerk's Notice of Default is set aside.

IT IS FURTHER ORDERED that Wells Fargo shall respond to the Complaint on or before **September 5, 2006**.

Dated August 11, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge