IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02364-REB-BNB

THOMAS SMITH, and
PAM SMITH, husband and wife,

Plaintiffs,

v.

ARGENT MORTGAGE COMPANY, LLC.,
WELLS FARGO BANK, N.A.,
HOMEQ SERVICING CORPORATION, and
HOPP & SHORE, LLC,

Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the plaintiffs' **Application for Entry of Default and Entry of Default Judgment Against Defendant Wells Fargo** [Doc. #39, filed 2/06/06]. On February 7, 2006, the Clerk of the Court noted an *Entry of Default* [Doc. # 40] against Wells Fargo Bank, N.A. ("Wells Fargo"). The plaintiffs' request for entry of default judgment against Wells Fargo is now before me.

By separate recommendation, I have recommended that the *Entry of Default* against Wells Fargo be set aside. Accordingly,

I respectfully RECOMMEND that the plaintiffs' **Application for Entry of Default and Entry of Default Judgment Against Defendant Wells Fargo** be DENIED AS MOOT.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 11, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge