**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 05-cv-02364-REB-BNB

THOMAS SMITH, and
PAM SMITH, husband and wife,

Plaintiffs,

v.

ARGENT MORTGAGE COMPANY, LLC.,
WELLS FARGO BANK, N.A.,
HOMEQ SERVICING CORPORATION, and
HOPP & SHORE, LLC,

Defendants.

## ORDER DENYING DEFENDANT ARGENT'S MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on **Defendant Argent Mortgage Company, LLC's Motion to Dismiss** [#25], filed January 1, 2006. The motion is denied.

This motion was referred to the magistrate judge in my general order of reference [#4], filed November 28, 2005. In an effort to streamline the resolution of this motion, and with the consent of the magistrate judge, I will withdraw my order of reference as to Argent's motion to dismiss. For the reasons discussed below, I deny the motion to dismiss.

### I. STANDARD OF REVIEW

The plaintiffs are proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental

requirements of the Federal Rules of Civil Procedure.  **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff. **City of Los Angeles v. Preferred Communications, Inc.**, 476 U.S. 488, 493 (1986); **Mitchell v. King**, 537 F.2d 385, 386 (10th Cir. 1976). Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiff, it is clear that he can prove no set of facts entitling him to relief.  **See Conley v. Gibson**, 355 U.S. 41, 45-46 (1957); **Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.**, 24 F.3d 125, 128 (10th Cir. 1994).

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.

**Scheuer v. Rhodes**, 416 U.S. 232, 236 (1974), overruled on other grounds by **Davis v. Scherer**, 468 U.S. 183 (1984).  A claim should be dismissed only when, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief.  *Id*.

## II.  BACKGROUND

Plaintiffs, Thomas and Pam Smith, filed their Verified Complaint (Complaint) on November 22, 2005.  The Complaint contains the following allegations:

1.  The plaintiffs own a home at 32 Burgundy Circle in Silverthorne, Colorado. *Complaint*, p. 2, ¶ 6; p. 3, ¶ 14.

2

2. On or about February 18, 2005, the plaintiffs entered into a mortgage refinance transaction with Argent Mortgage Company, LLC (Argent). *Id.* at p. 3, ¶ 16. Argent's closing paperwork instructed the plaintiffs to send their payments to Ameriquest Mortgage Company (Ameriquest). *Id.* at p. 4, ¶ 22.

3. "At all times relevant to this action, [Argent] regularly extended and offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments and offered services in support thereof." Thus, Argent was a "creditor" under the Truth in Lending Act (TILA), 15 U.S.C. § 1602(f)(1). *Id.* at p. 3, ¶ 17. The mortgage refinance transaction was a "consumer credit transaction within the meaning of the TILA, 15 U.S.C. § 1602 and Regulation Z." *Id.* at pp. 3-4, ¶ 18. Argent failed to provide all of the material disclosures set forth in 15 U.S.C. § 1639(a). *Id.* at p. 4, ¶ 20. Plaintiffs have a right to rescind the transaction until the third business day after they receive all material disclosures pursuant to 15 U.S.C. § 1635 and 12 C.F.R. § 226.23(a)(3). *Id.* at ¶ 27. Argent's adhesion contract contained a prepayment penalty, in violation of 15 U.S.C. § 1639(c)(1)(A). *Id.* at ¶ 21.

4. Argent "paid a 'Premium Yield Adjustment,' otherwise known as a Yield Spread Premium, of $7,164 to the broker, for no service or work other than the choice of a loan with a high interest rate, in violation of the anti-kickback provision of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 ('RESPA')." *Id.* at ¶ 19.

5. Defendant HomEq Servicing Corp. (HomEq) claims that defendant Wells Fargo Bank, N.A. (Wells Fargo) is the current creditor. *Id.* at ¶ 23. HomEq is apparently referring to a "Note/Retail Sale Installment Contract and Mortgage/Deed of Trust" secured by the plaintiffs' property. The Note/Retail Sale Installment Contract and

Mortgage/Deed of Trust were allegedly signed by the plaintiffs on or about February 8, 2005, and recorded in the summit County Recorder's Office on March 7, 2005. *Id.* None of the defendants paid any consideration for the Note/Retail Sale Installment Contract and Mortgage/Deed of Trust. *Id.* at ¶ 25.

   6. HomEq fraudulently claims that the loan is in default. *Id.* at ¶ 24. HomEq gave plaintiffs a Notice of Default on September 16, 2005. *Id.*

   7. On September 6, 2005, the plaintiffs provided a timely Notice of Rescission to Argent, Wells Fargo, HomEq, and Ameriquest, satisfying 15 U.S.C. § 1635(a). *Id.* at p. 5, ¶ 28. The defendants failed to respond within twenty days of the Notice of Rescission. *Id.* at ¶ 29. The plaintiffs sent a second Notice of Rescission on October 3, 2005. *Id.* at ¶ 30. The defendants failed to release their security interest in the property. *Id.* at ¶ 31.

   8. On October 20, 2005, HomEq sent a letter to the plaintiffs stating that the plaintiffs' rescission time had expired more than seven months previously. *Id.* at ¶ 32. On October 21, 2005, Argent sent a letter to the plaintiffs stating that it declined the plaintiffs' request for cancellation. *Id.* at ¶ 33. "Defendants have not yet complied with the law regarding Plaintiffs' rescission of the loan." *Id.* at ¶ 34.

   The Complaint asserts four causes of action against defendant Argent: (1) quiet title; (2) violations of the TILA, 15 U.S.C. § 1601 *et seq.*; (3) violations of RESPA, 12 U.S.C. § 2601 *et seq.*; and (4) declaratory judgment. Argent seeks dismissal of all four claims.

### III. ANALYSIS

### A. Claim One: Quiet Title

The plaintiffs allege in claim one that all of the defendants' claims to any right, title, or interest in the property are "false and without merit." *Complaint*, p. 6, ¶ 38. The plaintiffs seek a "decree quieting title" to the plaintiffs' property. *Id.*

Citing paragraph sixteen of the Complaint and Exhibit A to their Motion, Argent asserts that claim one should be dismissed because "[a]s a matter of undisputed fact and law," Argent has a valid legal interest in the property. *Motion*, p. 12. Paragraph sixteen of the Complaint alleges that the plaintiffs entered into a mortgage refinance transaction with Argent on February 18, 2005. However, paragraph sixteen cannot be read in isolation. The Complaint alleges further that the plaintiffs timely rescinded the transaction. *Complaint*, pp. 4-5, ¶¶ 26-34.

Argent states that Exhibit A proves that it has a valid legal interest in the property. Argent claims that the court may consider Exhibit A because (1) the documents in Exhibit A were referred to in the Complaint but not attached to it, and (2) "'if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.' **GFF Corp. v. Associated Wholesale Grocers**, 130 F.3d 1381, 1384-1385 (10th Cir. 1997)." *Motion*, p. 3. However, as the plaintiffs point out, "[t]here is no affidavit, declaration, verified statement under penalty of perjury, or other

5

foundation for admissibility" of Exhibit A.[1]  *Response in Opposition to Defendant Argent Mortgage Company, LLC's Motion to Dismiss* [#38], filed February 1, 2006 (Response), p. 3, ¶ 9.  Therefore, the documents in Exhibit A are not "indisputably authentic" copies of the documents referred to in the Complaint, and I may not consider them in my analysis of Argent's Motion to Dismiss.

Assuming the allegations in the Complaint to be true, it is conceivable that the plaintiffs could prove facts entitling them to relief against Argent on this claim.  Therefore, Argent's motion to dismiss claim one is denied.

### B.  Claim Two: Violations of the Truth in Lending Act

The plaintiffs allege in claim two that all of the defendants failed to make the disclosures required by the TILA.  *Complaint*, p. 6, ¶ 39.  Again, they allege also that they timely rescinded the transaction.  *Id.* at ¶ 43.  In claim two, the plaintiffs seek release of the security interest in the property and a refund of all money advanced in connection with the loan.  *Id.* at ¶¶ 45-48.

Argent asserts that Exhibit A proves that (1) it made all of the required disclosures, and (2) the plaintiffs' notice of rescission was untimely.  *Motion*, pp. 6-11.  As stated above, I do not consider Exhibit A in my analysis of the Motion to Dismiss.  Assuming the allegations in the Complaint to be true, it is conceivable that the plaintiffs could prove facts entitling them to relief against Argent on this claim.  Therefore, Argent's motion to dismiss claim two is denied.

---

[1] I note that a stamp appears at the bottom of some of the pages of Exhibit A.  The stamp states "CERTIFIED TO BE A TRUE AND CORRECT COPY OF THE SIGNED ORIGINAL."  The stamp is followed by an illegible signature.  The stamp does not appear on all of the documents, and there is no affidavit explaining the signature or otherwise authenticating the documents.

### C.  Claim Three: Violation of the Real Estate Settlement Procedures Act

In claim three the plaintiffs allege that Argent "paid a 'Premium Yield Adjustment,' otherwise known as a Yield Spread Premium, of $7,164 to the broker, for no service or work other than the choice of a loan with a high interest rate, in violation of the anti-kickback provision of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 . . . ."  *Complaint*, p. 7, ¶ 50.

Argent asserts that claim three must be dismissed because plaintiffs have failed to allege that the transaction involved a federally related mortgage loan.  *Motion*, p. 11. Again, I must construe liberally the plaintiffs' *pro se* complaint.  Assuming the allegations in the complaint to be true, it is conceivable that the plaintiffs can prove that the mortgage loan was federally related.  Argent's motion to dismiss claim three is denied.

### D.  Claim Five: Declaratory Judgment

Argent seeks dismissal of claim five because it fails sufficiently to identify the relief sought.  *Motion*, p. 13.  Liberally construing claim five, the plaintiffs are seeking a declaration that they have no legal relationship with the defendants and that the defendants do not have a secured interest in the plaintiffs' property.  *Complaint*, p. 9, ¶¶ 61-62.  Relying on Exhibit A, Argent asserts that "as a matter of undisputed fact and law," these statements are untrue.  Again, I cannot consider Exhibit A in my resolution of this matter.  Assuming the allegations in the Complaint to be true, it is conceivable that the plaintiffs could prove facts entitling them to relief against Argent on this claim. Therefore, Argent's motion to dismiss claim five is denied.

### E.  Lack of Standing Regarding Plaintiff Pam Smith

Argent claims that plaintiff Pam Smith was not a borrower in the transaction and, therefore, does not have a legal right to assert any claims against it.  Again, Argent relies on Exhibit A to support its argument, but I cannot consider Exhibit A in resolving the motion to dismiss.  Assuming the allegations in the Complaint to be true, it is conceivable that Pam Smith could prove that she was a borrower on the transaction.  Therefore, Argent's motion to dismiss for lack of standing is denied.

### IV.  CONCLUSION

**THEREFORE IT IS ORDERED** as follows:

1.  That my general order of reference in this case  [#4], filed November 28, 2005, is **WITHDRAWN** as to defendant **Argent Mortgage Company, LLC's Motion to Dismiss** [#25], filed January 1, 2006; and

2.  That Defendant **Argent Mortgage Company, LLC's Motion to Dismiss** [#25], filed January 1, 2006, is **DENIED**.

Dated August 23, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

8