**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 05-cv-02364-REB-BNB

THOMAS SMITH, and
PAM SMITH, husband and wife,

Plaintiffs,

v.

ARGENT MORTGAGE COMPANY, LLC.,
WELLS FARGO BANK, N.A.,
HOMEQ SERVICING CORPORATION, and
HOPP & SHORE, LLC,

Defendants.

---

**ORDER DENYING DEFENDANT HOMEQ'S MOTION TO DISMISS**

---

**Blackburn, J.**

This matter is before me on **Defendant HomeEq Servicing Corporation's**

**Motion to Dismiss** [#42], filed February 8, 2006.  The motion is denied.

This motion was referred to the magistrate judge in my general order of

reference [#4], filed November 28, 2005.  In an effort to streamline the resolution of this

motion, and with the consent of the magistrate judge, I will withdraw my order of

reference as to Argent's motion to dismiss.  For the reasons discussed below, I deny

the motion to dismiss.

**I.  STANDARD OF REVIEW**

The plaintiffs are proceeding *pro se*.  I must liberally construe the pleadings of a

*pro se* plaintiff.  ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972).  Nevertheless, I

1

cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff. ***City of Los Angeles v. Preferred Communications, Inc.***, 476 U.S. 488, 493 (1986); ***Mitchell v. King***, 537 F.2d 385, 386 (10th Cir. 1976). Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiff, it is clear that he can prove no set of facts entitling him to relief. ***See Conley v. Gibson***, 355 U.S. 41, 45-46 (1957); ***Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.***, 24 F.3d 125, 128 (10th Cir. 1994).

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.

***Scheuer v. Rhodes***, 416 U.S. 232, 236 (1974), overruled on other grounds by ***Davis v. Scherer***, 468 U.S. 183 (1984). A claim should be dismissed only when, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. ***Id***.

## II.  BACKGROUND

Plaintiffs, Thomas and Pam Smith, filed their Verified Complaint (Complaint) on November 22, 2005. The Complaint contains the following allegations:

1.   The plaintiffs own a home at 32 Burgundy Circle in Silverthorne, Colorado. *Complaint*, p. 2, ¶ 6; p. 3, ¶ 14.

2.   On or about February 18, 2005, the plaintiffs entered into a mortgage refinance transaction with Argent Mortgage Company, LLC (Argent).  *Id.* at p. 3, ¶ 16. Argent's closing paperwork instructed the plaintiffs to send their payments to Ameriquest Mortgage Company (Ameriquest).  *Id.* at p. 4, ¶ 22.

3.   "At all times relevant to this action, [Argent] regularly extended and offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments and offered services in support thereof."  Thus, Argent was a "creditor" under the Truth in Lending Act (TILA), 15 U.S.C. § 1602(f)(1).  *Id.* at p. 3, ¶ 17.  The mortgage refinance transaction was a "consumer credit transaction within the meaning of the TILA, 15 U.S.C. § 1602 and Regulation Z."  *Id.* at pp. 3-4, ¶ 18.  Argent failed to provide all of the material disclosures set forth in 15 U.S.C. § 1639(a).  *Id.* at p. 4, ¶ 20.  Plaintiffs have a right to rescind the transaction until the third business day after they receive all material disclosures pursuant to 15 U.S.C. § 1635 and 12 C.F.R. § 226.23(a)(3).  *Id.* at ¶ 27. Argent's adhesion contract contained a prepayment penalty, in violation of 15 U.S.C. § 1639(c)(1)(A).  *Id.* at ¶ 21.

4.   Argent "paid a 'Premium Yield Adjustment,' otherwise known as a Yield Spread Premium, of $7,164 to the broker, for no service or work other than the choice of a loan with a high interest rate, in violation of the anti-kickback provision of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 ('RESPA')."  *Id.* at ¶ 19.

5.   Defendant HomEq Servicing Corp. (HomEq) claims that defendant Wells Fargo Bank, N.A. (Wells Fargo) is the current creditor.  *Id.* at ¶ 23.  HomEq is

apparently referring to a "Note/Retail Sale Installment Contract and Mortgage/Deed of Trust" secured by the plaintiffs' property.  The Note/Retail Sale Installment Contract and Mortgage/Deed of Trust were allegedly signed by the plaintiffs on or about February 8, 2005, and recorded in the summit County Recorder's Office on March 7, 2005.  *Id.* None of the defendants paid any consideration for the Note/Retail Sale Installment Contract and Mortgage/Deed of Trust.  *Id.* at ¶ 25.

6.   HomEq fraudulently claims that the loan is in default.  *Id.* at ¶ 24.  HomEq gave plaintiffs a Notice of Default on September 16, 2005*. Id.*

7.   On September 6, 2005, the plaintiffs provided a timely Notice of Rescission to Argent, Wells Fargo, HomEq, and Ameriquest, satisfying 15 U.S.C. § 1635(a).  *Id.* at p. 5, ¶ 28.  The defendants failed to respond within twenty days of the Notice of Rescission.  *Id.* at ¶ 29.  The plaintiffs sent a second Notice of Rescission on October 3, 2005.  *Id.* at ¶ 30.  The defendants failed to release their security interest in the property.  *Id.* at ¶ 31.

8.   On October 20, 2005, HomEq sent a letter to the plaintiffs stating that the plaintiffs' rescission time had expired more than seven months previously.  *Id.* at ¶ 32. On October 21, 2005, Argent sent a letter to the plaintiffs stating that it declined the plaintiffs' request for cancellation.  *Id.* at ¶ 33. "Defendants have not yet complied with the law regarding Plaintiffs' rescission of the loan."  *Id.* at ¶ 34.

The Complaint asserts four causes of action against defendant HomEq: (1) quiet title; (2) violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; (3) violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692g(b); and (4) declaratory judgment.  HomEq seeks dismissal of all four claims.

### III.  ANALYSIS

### A.  Claim One: Quiet Title

In claim one, the plaintiffs allege that all of the defendants' claims to any right, title, or interest in the property are "false and without merit."  *Complaint*, p. 6, ¶ 38.  The plaintiffs seek a "decree quieting title" to the plaintiffs' property.  *Id.*

HomEq states that claim one must be dismissed because the plaintiffs do not "allege facts that would show that Defendants lack a legal interest in the property." *Motion*, p. 8.  In order to maintain an action to quiet title, a plaintiff must allege that the defendant claims an interest in the property that is adverse to the plaintiff's interest in the property.  2A Colo. Prac., Methods of Practice § 74.5 (4th ed.), n.11; *Smith v. Schlink*, 15 Colo. App. 325, 62 P. 1044 (1900).  The Complaint alleges that HomEq (1) fraudulently notified the plaintiffs that the mortgage loan was in default; (2) notified the plaintiffs that their right to rescind the transaction had expired; and (3) referred the account to Hopp & Shore for collection.  *Complaint*, p. 4, 5, 8, ¶¶ 24, 32, 57.  Although the Complaint is not a model of clarity, these allegations are sufficient to support a reasonable inference that HomEq has an interest in the property that is adverse to the plaintiffs' interest in the property.

HomEq asserts also that claim one must fail because "[a]s a mortgage servicing company, HomEq does not claim an interest in the title to the property."  This statement is not sworn; instead, it is made by HomEq's counsel in the text of the Motion.  In analyzing HomEq's motion to dismiss, I must liberally construe the *pro se* plaintiffs' Complaint to determine if it sufficiently states a claim for relief.  I do not consider unsupported statements of fact asserted in a motion to dismiss, and I do not address the merits of the claim.

Assuming the allegations in the Complaint to be true, it is conceivable that the plaintiffs could prove facts entitling them to relief against HomEq on claim one. Therefore, HomEq's motion to dismiss claim one is denied.

## B.  Claim Two: Violations of the TILA

In claim two, the plaintiffs allege that all of the defendants failed to make the disclosures required by TILA.  *Complaint*, p. 6, ¶ 39.  They allege further that the plaintiffs timely rescinded the transaction.  *Id.* at ¶ 43.  The plaintiffs seek release of the security interest in the property and a refund of all money advanced in connection with the loan.  *Id.* at ¶¶ 45-48.

HomEq asserts that claim two must be dismissed because HomEq was not involved in the origination of the loan and, therefore, it was not responsible for providing TILA disclosures.[1]  *Motion*, p. 7.  In residential mortgage transactions, TILA disclosures must be made either before consummation of the transaction; not later than three business days after the creditor receives the consumer's written application; at the time an application form is provided; or before the consumer pays a non-refundable fee.  12 C.F.R. §§ 226.17(b) and 226.19(a) and (b).  The right to rescind is described as follows:

> Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement

_____

[1] HomEq also joins in defendant Argent's motion to dismiss claim two.  However, Argent's motion to dismiss claim two relies on an exhibit that is not properly before the Court.  I have denied Argent's motion to dismiss claim two.

> containing the material disclosures required under this
> subchapter, whichever is later, by notifying the creditor, in
> accordance with regulations of the Board, of his intention to
> do so.

15 U.S.C. § 1635(a).

The plaintiffs allege that they entered into the mortgage refinance transaction

with defendant Argent on February 18, 2005. *Complaint*, p. 3, ¶ 16. The Complaint

contains no factual allegations to support a reasonable inference that HomEq was

involved in the application process or the consummation of the transaction. However,

the Complaint, referring to Exhibit C, alleges that HomEq responded to the plaintiffs'

Notice of Rescission by sending them a letter. *Complaint*, p. 5, ¶ 32. The letter states:

> We are writing in response to your "Second Notice of
> Rescission Notice to Agent is Notice to Principal," dated
> October 3, 2005, which was received in HomEq's Consumer
> Relations Department on October 17, 2005. The notice
> states that you are cancelling/rescinding your loan. Please
> be advised that our records reflect that you were provided
> with a Notice of Right to Cancel (copy enclosed), wherein
> you were given three business days to cancel your loan
> transaction, and the final date to cancel was no later than
> midnight of February 24, 2005. Your rescission time expired
> more than seven months ago. Therefore, you remain
> obligated to the terms set forth in you loan document.
>
> Should you have any questions, you may contact HomEq's
> Customer Service Department, toll free, at 877-867-7378.

*Complaint*, Exhibit C.[2]

It appears from the allegations of the Complaint that HomEq did not have any

involvement in the initial mortgage transaction and therefore did not have any

responsibility to provide TILA disclosures at that time. However, Exhibit C could

support a reasonable inference that HomEq is, at least in part, responsible for decisions

---

[2] Defendant Argent sent a similar letter to the plaintiffs on October 21, 2005. *Complaint*, Exhibit
D.

regarding rescission of the transaction.  Assuming the allegations in the Complaint to be true, it is conceivable that the plaintiffs could prove facts entitling them to relief against HomEq on claim two.  Therefore, HomEq's motion to dismiss claim two is denied.

### C.  Claim Four: Violation of the Fair Debt Collection Practices Act

In claim four the plaintiffs allege that defendants HomEq and Hopp & Shore violated the FDCPA by failing to obtain verification and validation of the alleged debt after the plaintiffs timely disputed the debt.  *Complaint*, p. 8, ¶ 55.  The FDCPA applies only to debt collectors.  15 U.S.C. § 1692.  A debt collector generally is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  The FDCPA excludes from the definition of debt collector "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was *not in default* at the time it was obtained by such person . . . ."  15 U.S.C. § 1692a(6)(F)(iii) (emphasis added).

HomEq asserts that Claim Four must be dismissed because the plaintiffs have not alleged that HomEq obtained the loan at a time when the loan was in default.  In addition, HomEq argues that the plaintiffs have "affirmatively alleged that the loan was not in default, as shown by their allegation in paragraph 24 . . . ."  *Motion*, pp. 4-5.

Paragraph 24 of the Complaint states "Defendant HOMEQ SERVICING fraudulently claims that the loan is in default, and gave Plaintiffs Notice of Default on September 16, 2005."  *Complaint*, p. 4, ¶ 24.  Paragraph 24 does not affirmatively state that the loan was not in default at the time HomEq obtained it.  Moreover, the Complaint

specifically alleges that the defendants are debt collectors as defined by 15 U.S.C. § 1692a(6),  *Id.* at ¶ 52, and that HomEq claims the loan is in default.  Again, the Complaint is not a model of clarity.  However, these allegations could support a reasonable inference that the debt was in default at the time HomEq acquired it and that HomEq is, therefore, a debt collector under the FDCPA.

Interpreting the allegations in the Complaint liberally, as I must, and assuming the allegations in the Complaint to be true, it is conceivable that the plaintiffs could prove facts entitling them to relief against HomEq on claim four.  Therefore, HomEq's motion to dismiss claim four is denied.

### D.  Claim Five: Declaratory Judgment

HomEq seeks dismissal of Claim Five because it fails to sufficiently identify the relief sought.  *Motion*, p. 10.  Liberally construing claim five, the plaintiffs are seeking a declaration that they have no legal relationship with the defendants and that the defendants do not have a secured interest in the plaintiffs' property.  *Complaint*, p. 9, ¶¶ 61-62.  HomEq also seeks dismissal of claim five by joining in defendant Argent's motion to dismiss the claim.  *Motion*, p. 10.  Argent's motion to dismiss claim five relies on an exhibit that is not properly before the Court.  Consequently, I have denied Argent's motion to dismiss claim five.  Finally, HomEq offers several reasons why the Court should refuse to exercise its discretion to provide declaratory relief.  Id. at pp. 11-12.  However, I am not deciding whether to provide declaratory relief at this juncture; I am merely determining whether the claim can survive a motion to dismiss.

Interpreting the allegations in the Complaint liberally, as I must, and assuming the allegations in the Complaint to be true, it is conceivable that the plaintiffs could

prove facts entitling them to relief against HomEq on claim five.  Therefore, HomEq's motion to dismiss claim five is denied.

### E.  Lack of Standing Regarding Plaintiff Pam Smith

HomEq claims that plaintiff Pam Smith was not a borrower in the transaction and, therefore, does not have a legal right to assert any claims against it.  Again, HomEq relies on defendant Argent's motion to dismiss the claims of Pam Smith, and Argent's motion relies on an exhibit not properly before the Court.  Assuming the allegations in the Complaint to be true, it is conceivable that Pam Smith could prove that she was a borrower on the transaction.   Therefore, HomEq's motion to dismiss for lack of standing is denied.

### IV.  CONCLUSION

**THEREFORE IT IS ORDERED** as follows:

1.  That my general order of reference in this case  [#4], filed November 28, 2005, is **WITHDRAWN** as to **Defendant HomEq Servicing Corporation's Motion to Dismiss** [#42], filed February 8, 2006; and

2.  That **Defendant HomEq Servicing Corporation's Motion to Dismiss** [#42], filed February 8, 2006, is **DENIED**.

Dated August 23, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**