IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 05-cv-02364-REB-BNB

THOMAS SMITH, and
PAM SMITH, husband and wife,

Plaintiffs,

v.

ARGENT MORTGAGE COMPANY, LLC.,
WELLS FARGO BANK, N.A.,
HOMEQ SERVICING CORPORATION, and
HOPP & SHORE, LLC,

Defendants.

## ORDER CONCERNING DEFENDANT
## HOPP & SHORE, LLC'S  MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on **Defendant Hopp & Shore, LLC's Motion to Dismiss** [#35], filed January 23, 2006.  The motion is granted in part and denied in part.

This motion was referred to the magistrate judge in my general order of reference [#4], filed November 28, 2005.  In an effort to streamline the resolution of this motion, and with the consent of the magistrate judge, I will withdraw my order of reference as to Argent's motion to dismiss.  For the reasons discussed below, I grant in part and deny in part the motion to dismiss.

## I.   STANDARD OF REVIEW

The plaintiffs are proceeding *pro se*.  I must liberally construe the pleadings of a *pro se* plaintiff.  **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff.  **City of Los Angeles v. Preferred Communications, Inc.**, 476 U.S. 488, 493 (1986); **Mitchell v. King**, 537 F.2d 385, 386 (10th Cir. 1976). Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiff, it is clear that he can prove no set of facts entitling him to relief.  **See Conley v. Gibson**, 355 U.S. 41, 45-46 (1957); **Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.**, 24 F.3d 125, 128 (10th Cir. 1994).

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.

**Scheuer v. Rhodes**, 416 U.S. 232, 236 (1974), overruled on other grounds by **Davis v. Scherer**, 468 U.S. 183 (1984).  A claim should be dismissed only when, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief.  **Id**.

## II.  BACKGROUND

Plaintiffs Thomas and Pam Smith filed their Verified Complaint (Complaint) on November 22, 2005.  The Complaint contains the following allegations:

1.  The plaintiffs own a home at 32 Burgundy Circle in Silverthorne, Colorado.  *Complaint*, p. 2, ¶ 6; p. 3, ¶ 14.

2.  On or about February 18, 2005, the plaintiffs entered into a mortgage refinance transaction with Argent Mortgage Company, LLC (Argent).  *Id.* at p. 3, ¶ 16.  Argent's closing paperwork instructed the plaintiffs to send their payments to Ameriquest Mortgage Company (Ameriquest).  *Id.* at p. 4, ¶ 22.

3.  "At all times relevant to this action, [Argent] regularly extended and offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments and offered services in support thereof."  Thus, Argent was a "creditor" under the Truth in Lending Act (TILA), 15 U.S.C. § 1602(f)(1).  *Id.* at p. 3, ¶ 17.  The mortgage refinance transaction was a "consumer credit transaction within the meaning of the TILA, 15 U.S.C. § 1602 and Regulation Z."  *Id.* at pp. 3-4, ¶ 18.  Argent failed to provide all of the material disclosures set forth in 15 U.S.C. § 1639(a).  *Id.* at p. 4, ¶ 20.  Plaintiffs have a right to rescind the transaction until the third business day after they receive all material disclosures pursuant to 15 U.S.C. § 1635 and 12 C.F.R. § 226.23(a)(3)*. Id.* at ¶ 27.  Argent's adhesion contract contained a prepayment penalty, in violation of 15 U.S.C. § 1639(c)(1)(A).  *Id.* at ¶ 21.

4.  Argent "paid a 'Premium Yield Adjustment,' otherwise known as a Yield Spread Premium, of $7,164 to the broker, for no service or work other than the choice

of a loan with a high interest rate, in violation of the anti-kickback provision of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 ('RESPA')." *Id.* at ¶ 19.

5. Defendant HomEq Servicing Corp. (HomEq) claims that defendant Wells Fargo Bank, N.A. (Wells Fargo) is the current creditor. *Id.* at ¶ 23. HomEq is apparently referring to a "Note/Retail Sale Installment Contract and Mortgage/Deed of Trust" secured by the plaintiffs' property. The Note/Retail Sale Installment Contract and Mortgage/Deed of Trust were allegedly signed by the plaintiffs on or about February 8, 2005, and recorded in the Summit County Recorder's Office on March 7, 2005. *Id.* None of the defendants paid any consideration for the Note/Retail Sale Installment Contract and Mortgage/Deed of Trust. *Id.* at ¶ 25.

6. HomEq fraudulently claims that the loan is in default. *Id.* at ¶ 24. HomEq gave plaintiffs a Notice of Default on September 16, 2005. *Id.*

7. On September 6, 2005, the plaintiffs provided a timely Notice of Rescission to Argent, Wells Fargo, HomEq, and Ameriquest, satisfying 15 U.S.C. § 1635(a). *Id.* at p. 5, ¶ 28. The defendants failed to respond within twenty days of the Notice of Rescission. *Id.* at ¶ 29. The plaintiffs sent a second Notice of Rescission on October 3, 2005. *Id.* at ¶ 30. The defendants failed to release their security interest in the property. *Id.* at ¶ 31.

8. On October 20, 2005, HomEq sent a letter to the plaintiffs stating that the plaintiffs' rescission time had expired more than seven months previously. *Id.* at ¶ 32. On October 21, 2005, Argent sent a letter to the plaintiffs stating that it declined the plaintiffs' request for cancellation. *Id.* at ¶ 33. "Defendants have not yet complied with the law regarding Plaintiffs' rescission of the loan." *Id.* at ¶ 34.

9. Defendant HomEq referred the account to Hopp & Shore, a law firm, and Hopp & Shore instituted foreclosure proceedings without providing the verification and validation required by 15 U.S.C. § 1692g(b). *Id*. at ¶¶ 57-58.

The Complaint asserts four causes of action against defendant Hopp & Shore, LLC (Hopp & Shore): (1) quiet title; (2) violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; (3) violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692g(b); and (4) declaratory judgment. Hopp & Shore seeks dismissal of all four claims.

### III.  ANALYSIS

#### A.  Claim One: Quiet Title

In claim one the plaintiffs allege that all of the defendants' claims to any right, title, or interest in the property are "false and without merit." *Complaint*, p. 6, ¶ 38. Claim one seeks a "decree quieting title" to the plaintiffs' property. *Id.*

Hopp & Shore argues that claim one must be dismissed as to Hopp & Shore because the Complaint does not allege that Hopp & Shore ever claimed any interest in the plaintiffs' property. In order to maintain an action to quiet title, a plaintiff must allege that the defendant claims an interest in the property that is adverse to the plaintiff's interest. 2A Colo. Prac., Methods of Practice § 74.5 (4th ed.), n.11; **Smith v. Schlink**, 15 Colo. App. 325, 62 P. 1044 (1900).

The plaintiffs allege that defendant HomEq referred the account to Hopp & Shore, a law firm, for collection, that Hopp & Shore instituted foreclosure proceedings, and that Hopp & Shore advised its client HomEq in HomEq's behavior, as alleged in the Complaint. *Complaint*, ¶¶ 12, 57-59. Even when the Complaint is interpreted liberally, I

5

cannot conclude that the plaintiffs have alleged Hopp & Shore claims an interest in the plaintiffs' property that is adverse to the plaintiffs' interest in the property.

Assuming the allegations in the Complaint to be true and construing them in the light most favorable to plaintiffs, it is clear that the plaintiffs can prove no set of facts entitling them to relief on claim one as to defendant Hopp & Shore.  Hopp & Shore's motion to dismiss claim one is granted.

### B.  Claim Two: Violations of the Truth in Lending Act

The plaintiffs allege in claim two that all of the defendants failed to make the disclosures required by the TILA.  *Complaint*, p. 6, ¶ 39.  They allege further that the plaintiffs timely rescinded the transaction.  *Id.* at ¶ 43.  The plaintiffs seek release of the security interest in the property and a refund of all money advanced in connection with the loan.  *Id.* at ¶¶ 45-48.

Hopp & Shore asserts that claim two must dismissed as to Hopp & Shore because the TILA applies only to creditors, and the Complaint does not allege that Hopp & Shore was or is a creditor of the plaintiffs.  *Motion*, p. 3.  The TILA requires that creditors make the appropriate discloses to the person who is obligated under the consumer credit transaction.  15 U.S.C. § 1631(a).  In order to rescind the transaction, the obligor must notify the creditor.  *Id.* at § 1635.

The Complaint does not contain any allegations creating an inference that Hopp & Shore was or is a creditor in the refinancing transaction.  To the contrary, the Complaint alleges that the mortgage account was referred to Hopp & Shore for collection by a creditor of the plaintiffs.  Assuming the allegations in the Complaint to be true and construing them in the light most favorable to plaintiffs, it is clear that the

6

plaintiffs can prove no set of facts entitling them to relief on claim two as to defendant Hopp & Shore.  Hopp & Shore's motion to dismiss claim two is granted.

### C.   Claim Four: Violation of the Fair Debt Collection Practices Act

In claim four the plaintiffs allege that defendants HomEq and Hopp & Shore violated the FDCPA by failing to obtain verification and validation of the alleged debt after the plaintiffs timely disputed it.  *Complaint*, p. 8, ¶ 55.

Hopp & Shore asserts that claim four must be dismissed because the plaintiffs do not specifically allege that they disputed the dept in writing to Hopp & Shore. *Motion*, p. 4.  The FDCPA requires a consumer to notify the debt collector in writing that the debt is disputed.  15 U.S.C. § 1692g(b).  The plaintiffs, noting that 15 U.S.C. § 1692g(b) requires notification in writing, state that they timely disputed the debt and demanded verification and validation of the debt.  *Complaint*, p. 8, ¶¶ 54-55.  These allegations are sufficient to create an inference that Hopp & Shore was notified in writing that the debt was disputed.

Assuming the allegations in the Complaint to be true, it is conceivable that the plaintiffs could prove facts entitling them to relief against Hopp & Shore on claim four. Therefore, Hopp & Shore's motion to dismiss claim four is denied.

### D.   Claim Five: Declaratory Judgment

Liberally construed, in claim five the plaintiffs seek a declaration that the plaintiffs have no legal relationship with the defendants and that the defendants do not have a secured interest in the plaintiffs' property.  *Complaint*, p. 9, ¶¶ 61-62.  Hopp & Shore seeks dismissal of claim five on the same basis as it seeks dismissal of claim one.  As with claim one, the Complaint does not allege that Hopp & Shore ever claimed any interest in the plaintiffs' property.  Assuming the allegations in the Complaint to be true

and construing them in the light most favorable to plaintiffs, it is clear that the plaintiffs can prove no set of facts entitling them to relief on claim five as to defendant Hopp & Shore. Hopp & Shore's motion to dismiss claim five is granted.

## IV.  CONCLUSION

**THEREFORE IT IS ORDERED** as follows:

1. That my general order of reference in this case  [#4], filed November 28, 2005, is **WITHDRAWN** as to **Defendant Hopp & Shore, LLC's Motion to Dismiss** [#35], filed January 23, 2006; and

2. That  **Defendant Hopp & Shore, LLC's Motion to Dismiss** [#35], filed January 23, 2006, is **GRANTED** as to claim one (quiet title), claim two (truth in lending act), and claim five (declaratory judgment);

3. That under F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6), claim one (quiet title), claim two (truth in lending act), and claim five (declaratory judgment) are **DISMISSED** as to defendant Hopp & Shore, LLC for failure to state a claim on which relief can be granted;

4. That  **Defendant Hopp & Shore, LLC's Motion to Dismiss** [#35], filed January 23, 2006, otherwise is **DENIED**.

Dated August 23, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**