IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02364-REB-BNB

THOMAS SMITH, and
PAM SMITH, husband and wife,

Plaintiffs,

v.

ARGENT MORTGAGE COMPANY, LLC.,
WELLS FARGO BANK, N.A.,
HOMEQ SERVICING CORPORATION, and
HOPP & SHORE, LLC,

Defendants.

_____

**ORDER**
_____

This matter is before me on the plaintiffs' **Motion for Sanctions** [Doc. # 114, filed 1/3/07] (the "Motion"). The Motion is DENIED.

The plaintiffs are proceeding *pro se*. They assert in their complaint, among other things, that the defendants failed to make the disclosures required by the Truth In Lending Act, 15 U.S.C. §§ 1602 et seq., and that the defendants violated the anti-kickback provision of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601.

The Motion at issue here seeks the imposition of unspecified sanctions against several of the defendants' attorneys. The plaintiffs allege that the attorneys conspired to take and did take from Mr. Smith, through the use of intimidation, notes that he had placed on a table during his deposition. In support of their Motion, the plaintiffs provide a copy of a police report, a letter,

and the affidavit of Mr. Smith. The documents were submitted in support of a police report filed by Mr. Smith against the attorneys.

In response to the Motion, the defendants provide a copy of the notes, a copy of relevant portions of the deposition transcript, and affidavits of the attorneys. This evidence establishes the following:

1. Mr. Smith admitted during his deposition that the notes at issue were prepared by the plaintiffs and were used by Mr. Smith to prepare for his deposition testimony.

2. The following exchange concerning the notes and their disclosure to defense counsel occurred among the parties during Mr. Smith's deposition:

> Q [BY MR. KEITHLEY].   I notice you have a notebook with you here today. Right to your left. Isn't that correct?
>
> A [BY MR. SMITH]. That's correct.
>
> Q.   Do you have any notes in there?
>
> A.   Do I have any notes in here?
>
> Q.   Yes.
>
> A.   Not relative to this situation, no.
>
> Q.   Do you have any notes relative to this lawsuit?
>
> A.   I believe I do.
>
> Q.   Could I see them?
>
> A.   No.
>
> Q.   Mr. Smith, I need to let you know at this point you're obligated to turn those over at this deposition if they're relevant to this lawsuit. Can I see the notes?

A.   No. When you say relevant, they're relevant to who? I mean, whose sense? I don't necessarily think they're relevant.

Q.   You just stated that there were notes in there that were relevant to this lawsuit, did you not?

A.   I said I had notes in here.

Q.   And I asked, relevant to this lawsuit. And you said some that are relevant to this lawsuit.

A.   Okay.

Q.   If you'd like, I can have the court reporter--

A.   No. I believe you.
\*   \*   \*
A.   What gives you the right to look at those notes?

Q.   Mr. Smith, it's standard discovery procedure. You have to provide everything relative to the lawsuit to allow for proper discovery in the lawsuit.
\*   \*   \*
MS. ROTHGERY:   Can we off the record and talk about this? Or do you want to talk about this on the record? Let's go off the record.

MR. KEITHLEY:   We'll go off the record for a moment.

[A three minute discussion occurred off the record.]

Q [BY MR. KEITHLEY]   Mr. Smith, I'll note at this point that just before we came back on the record, you've handed me what look to be four pages of notes. Is that right?

A.   That's correct.

Q.   And these are the notes you used to prepare for your testimony today?

A.   Yes, I believe that's correct.

*Joint Response to Motion for Sanctions* [Doc. # 116, filed 1/8/2007] (the "*Response*"), Exh.B (Deposition of Thomas W. Smith) at p.142 line19 thorough p.145 line 23.

3. The notes were marked as Deposition Exhibit 15.

4. The notes state, in part, the following:

   **ANY QUESTION**

   Never – almost never (as though it is NOT in your vocabulary) answer with a:

   YES or a NO

   Always vaguely with:

   1) It's possible, but I can't be certain.

   2) I'm not sure, I can't remember.

   3) Maybe, I'm not sure.

   4) I don't believe so, but I'm not absolutely certain.

   5) I believe so, but I can't remember.

   6) I'm not 100% sure.

   7) I didn't sleep too well last night, I'm kind of fuzzy right now, I'm not sure.

   8) I don't recall...I'm [sic] can't remember.

   \* \* \*

   **SIGNATURE QUESTIONS**

   They will present "photocopies" of documents one by one, and then ask us whether this is our signature.

   OUR ANSWER (over and over again -- EVERYTIME): **"It sort of looks like my "handwriting", but I can't be certain that it is my "signature". I would need to see the ORIGINAL to be certain."**

> For certain, they will ask us: Who prepared our Federal Complaint, paperwork, etc.
>
> Both of us, must answer: **We did it together.**
>
> Then, they will ask us: Did anyone help us?
>
> Answer: **Asked and Answered.**

*Response*, Exh.A at pp1-3.

The deposition transcript makes patently clear that Mr. Smith voluntarily handed to defense counsel the four pages of notes which underlie the motion for sanctions. Consequently, the Motion is frivolous and there is no basis to impose sanctions under these facts.

In addition, I am extremely troubled by the contents of the notes and by the evasive answers given by Mr. Smith throughout the portions of the deposition transcript provided to me. I agree with the observation contained in the *Response* that the notes apparently were "designed to remind the deposition witness to purposely evade truthful answers." *Response* at ¶6. As the Federal Rules of Civil Procedure make clear, an evasive answer must be treated as a failure to answer. Fed. R. Civ. P. 37(a)(3).

IT IS ORDERED that the Motion is DENIED.

Dated January 9, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

5