Thomas W. Smith
Pamela K. Smith
P.O. Box 1909
Dillon, CO 80435

FILED
UNITED STATES DISTRICT COURT

JAN 11 2007

GREGORY C. LANGHAM
CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Thomas Smith, and<br>Pam Smith, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARGENT MORTGAGE COMPANY, LLC; et al.,<br><br>    Defendants. | Case No.: 05-CV-02364-RPM-BNB<br><br>**PLAINTIFFS'**<br>**VERIFIED MOTION FOR**<br>**EXTENSION OF DISCOVERY**<br>**DEADLINE FOR 60 DAYS**<br><br>[ Pursuant to FRCP 6 (b) ] |

We, Thomas Smith and Pam Smith, declare:

### CERTIFICATION

We, the undersigned, hereby certify that we have attempted in good faith to confer with the opposing counsel regarding this motion by telephone, but were unable to reach any of them. We left voice messages with each of them; however, as of the signing and faxing of this motion, we have not received any return phone calls.

### MOTION

1. Plaintiffs move for an extension of the discovery cut-off date, currently scheduled for January 12, 2007, of 60 days to and including March 11, 2007.

2. Plaintiffs make this motion in good faith and not for the purposes of delay. Neither Plaintiffs are attorneys.

3. Plaintiff Pam Smith is absolutely overwhelmed and is not feeling well.

1

### *DISCOVERY FROM ARGENT IS NOT YET COMPLETE*

4. On or about November 14, 2006, Argent was served with PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO ARGENT MORTGAGE COMPANY, LLC. Argent has not yet fully responded.

5. On December 12, 2006, Plaintiffs received from Argent 8 or 10 "supplemental" documents numbered 00274 and up, but has not received the first 273.

### *DISCOVERY FROM WELLS FARGO IS NOT YET COMPLETE*

6. On or about November 14, 2006, Wells Fargo was served with PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO WELLS FARGO BANK, N.A. Wells Fargo has not yet responded.

### *DOCUMENTS FROM THE ESCROW FACTORY MAY LEAD TO MORE DISCOVERY*

7. On December 14, 2006, The Escrow Factory produced 126 pages of documents. Analysis of those documents is not yet complete.

### *DOCUMENTS FROM HOPP & SHORE LEAD TO MORE DISCOVERY*

8. On December 28, 2006, Defendant Hopp & Shore provided 112 pages of documents.

9. Among these is a Certification of Owner of Promissory Note or Evidence of Debt, attached as Exhibit C. This document refers to "Wells Fargo Bank, NA as Trustee (hereinafter referred to as "Lender")". Note that although HomEq referred the loan to Hopp & Shore for collection, this document shows that Hopp & Shore's client is Wells Fargo. Note also the contrast with HomEq's Assignments, which show that successor beneficiary ("lender" or creditor) is Ameriquest followed by "_____". It is possible, but cannot be determined from these documents, that the blank was later used for an assignment to Wells Fargo

### *DOCUMENTS FROM HOMEQ LEAD TO MORE DISCOVERY*

10. On December 29, 2006, Plaintiffs received a batch of discovery documents from Defendant HomEq, consisting of 312 pages.

2

PLAINTIFFS' VERIFIED MOTION FOR EXTENSION OF DISCOVERY DEADLINE

11.     Among the 312 pages of documents from HomEq are an Assignment of Deed of Trust from Argent as beneficiary to Ameriquest (HomEq 23), attached as Exhibit A, and another Assignment of Deed of Trust from Ameriquest as beneficiary to "_____" (i.e. blank) (HomEq 25), attached as Exhibit B. **In spite of the blank, this document was notarized.** Previously it appeared that Ameriquest was merely a servicer, and never a beneficiary. These documents raise questions about the roles of Ameriquest and of the unknown party whose name was to be filled in. These documents also raise the question of whether the Promissory Note (a negotiable instrument) followed the Deed of Trust. This question is material to the Quiet Title action as the debt is always owed to the owner and holder of the "Adjustable Rate Note" i.e. Promissory Note, and if the claimed creditor does not have the Note, then there was no default. Plaintiffs are preparing Interrogatories to locate the Note.

12.     Also from HomEq is a Letter of Transmittal, B Collateral from Argent to Bankers Trust Company of California, N.A. transmitting, among other documents, the above Assignment explicitly described as "assigned in blank." This document refers to a "Custody Agreement dated June 30, 2000" between Argent and Bankers Trust.

13.     Plaintifff's request #29 was for "The original Promissory Note." HomEq's response was: "The original Adjustable Rate Note is available for inspection and copying, upon reasonable advance notice, at the offices of the undersigned attorney for HomEq."

14.     Plaintifff's request #30 was for "The original Deed of Trust." HomEq's response was: "The original Deed of Trust is available for inspection and copying, upon reasonable advance notice, at the offices of the undersigned attorney for HomEq."

15.     Plaintifff's request #31 was for "All Pooling and Servicing Agreements related to the Subject Loan, Deed of Trust or Promissory Note, complete with all exhibits and attachments." HomEq's response was: "... upon receiving an explanation from the Plaintiffs as to why this information is relevant or is reasonably calculated to lead to admissible evidence, Defendant is

willing to make available for inspection and copying, upon reasonable advance notice, at the offices of the undersigned attorney for HomEq, a redacted version of the Pooling and Servicing Agreement, a document that is more than 200 pages in length."

16.   Plaintifff's request #38 was for "Any and all Registrations of the Promissory Note as a Bond and/or Security." HomEq's response was: "... Defendant is willing to make available for inspection and copying, upon reasonable advance notice at the offices of the undersigned attorney for HomEq, a copy of the Registration(s) of the Promissory Note as a Bond and/or Security."

17.   Plaintiffs have given advance notice for the above four documents to be made available for inspection and copying. When the Pooling and Servicing Agreement is obtained, it is likely to lead to additional discovery requests, because it is likely to identify additional parties to the transaction who will have information showing that Argent did not lend any money. These additional facts will have a bearing on the validity of the claimed security interest, which is relevant to Plaintiff's claim for Quiet Title and Declaratory Judgment.

18.   HomEq objected to #49 (relating to "securitization") and #108 (authorization from HUD) and produced no documents. Securitization is illegal. Plaintiffs will submit a brief on this subject upon request.

19.   Plaintifff's request #54 was for "Minutes or other records of any and all meetings, communications, or conversations, between or among any of the defendant, or their employees or agents, at which any of the following matters was discussed: the Plaintiffs; and the Subject Property; and the Promissory Note; and the Deed of Trust; and the Truth in Lending Act, as amended, 15 U.S.C. § 1601, et seq." HomEq's response was: "Defendant produces herewith copies of all of the documents in its possession and control related to the Promissory Note, Deed of Trust, ancillary documents such as title insurance policies, and all other documents **in its file for this loan** (Bates Nos. 00001 to 00312)."

4

PLAINTIFFS' VERIFIED MOTION FOR EXTENSION OF DISCOVERY DEADLINE

20. However, this response is deficient because minutes of meetings would not necessarily be in the file for one loan. Meetings could pertain to all loans, and these minutes would be kept elsewhere than the loan file. HomEq did not say that it has produced all documents in its possession and control related to the subjects of interest -- only that it has produced all documents **in its file for this loan.**

21. This same response was given to #88 "Any and all agreements, contracts, documents, communication, memos, notes, tapes, states, pamphlets, and accounting ledger entries relating to the title company and escrow agent who handled the Subject Loan." Again, this type of material would not necessarily be in the file for one loan because it could pertain to many loans.

22. This same response was given to #91 "Any and all documents, statements, accounting ledger entries relating to the loan transaction involving this civil litigation." Again, accounting ledgers are not necessarily kept in the loan file.

23. This same response was given to #96 "Any and all title insurance policies, other insurance policies, or claims or inquiries about claims concerning the Deed of Trust." Again, insurance policies are not necessarily kept in the loan file.

24. This same response was given to #33, #34, #36, #37, #45, $46, #47, #48, #50, #54, #61, #62, #68, #70, #86, #90, #91, #95, #97, #102, #105, #114.

25. For all the above requests, HomEq qualified its answer by saying that it has produced all such documents **in its file for the loan,** but did not say that it has produced all such documents in its possession, custody or control.

26. For requests #53, #56, #57, #60, #63, #72, #73, #77, #79, #80, #81, #82, #84, #85, #100, #106, #113, #115 HomEq's response was: "... HomEq is presently searching for information responsive to the modified request in said letter. HomEq reserves the right to supplement this response with information revealed during HomEq's continuing investigation and discovery concerning this litigation."

5

PLAINTIFFS' VERIFIED MOTION FOR EXTENSION OF DISCOVERY DEADLINE

27. For requests #67, #73 HomEq's response was: "... HomEq reserves the right to supplement this response with information revealed during HomEq's continuing investigation and discovery concerning this litigation."

28. For requests #72 "Any and all manuals, memoranda, guidelines, instructions, and other documents setting forth Defendant's policies and procedures relating to the origination, purchase, servicing or enforcement of transactions which were executed from January 1, 2001 to present." HomEq's response was: "HomEq is presently searching for information responsive to the modified request in said letter. HomEq reserves the right to supplement this response with information revealed during HomEq's continuing investigation and discovery concerning this litigation."

29. Given the fact that HomEq has not yet completed its search for documents, and intends to supplement its responses with information revealed during HomEq's continuing investigation and discovery, it is clear that discovery is far from completed.

### *PLAINTIFF HAS RESPONSES PENDING*

30. Plaintiffs also are still working on requests from Defendant Argent and Defendant HomEq. Plaintiffs have received no request from Defendant Wells Fargo. The severe snowstorm has caused complete chaos with our work load, and we underestimated the work load involved in the Discovery process and pray for leniency of this Court.

### CONCLUSION

31. Plaintiffs now need time to prepare Interrogatories and Admissions for Defendants from the information disclosed, which we were not able to prepare before we received the documents.

32. In the interests of justice, the Motion should be granted. The discovery cut-off should be extended for 60 days or until March 11, 2007.

We declare under penalty of perjury that the foregoing is true and correct.

6

PLAINTIFFS' VERIFIED MOTION FOR EXTENSION OF DISCOVERY DEADLINE

Executed this 11th day of January, 2007  _____
                                          Thomas W. Smith, Plaintiff

Executed this 11th day of January, 2007  _____
                                          Pamela K. Smith, Plaintiff

## CERTIFICATE OF SERVICE

I certify that on the date last written below I served a true and correct copy of the foregoing, by first class U. S. Mail on the following parties:

**HomeQ Servicing Corporation**
c/o Michael J. Belo
c/o David Richard Eason
Berenbaum, Weinshienk & Eason, P.C.
370 - 17th Street
Republic Plaza #4800
Denver, CO 80202-5698

**Wells Fargo Bank, N.A.**
c/o Katrin Miller Rothgery
c/o Scott C. Sandberg
Snell & Wilmer, LLP-Denver
1200 Seventeenth Street
Tabor Center #1900
Denver, CO 80202

**Hopp & Shore LLC**
c/o Larry G. Johnson
Hopp & Shore, LLC
333 West Hampden Avenue #500
Englewood, CO 80110-2335

**Escrow Factory, Inc., The**
c/o R. Livingston Keithley
Kamlet, Shepherd, & Reichert, LLP
1515 Arapahoe Street
Tower One # 1600
Denver, CO 80202

**Argent Mortgage Company, LLC**

Executed this 11th day of January 2007.

By: _____

7

PLAINTIFFS' VERIFIED MOTION FOR EXTENSION OF DISCOVERY DEADLINE

RECORDED AT THE REQUEST OF: Argent Mortgage Company, LLC
P.O. Box 14130,
Orange, CA 92863-1530

## ASSIGNMENT OF DEED OF TRUST

For Value received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is
One City Boulevard West, Orange, CA 92868

does hereby grant, sell, assign, transfer and convey, unto the _____
Ameriquest Mortgage Company _____

a corporation organized and existing under the laws of Delaware (herein "Assignee"),
whose address is 1100 Town and Country Road, Suite 200, Orange, CA 92868
a certain Deed of Trust, dated 02/16/05, among the grantor,
PAMELA K. SMITH and THOMAS W. SMITH, As Joint Tenants

the Public Trustee of SUMMIT County ("Trustee") and the Beneficiary,
Argent Mortgage Company, LLC

described property situated at 32 BURGUNDY CIRCLE, SILVERTHORNE, CO 80498, in
SUMMIT County, State of Colorado;

"LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF"
such Deed of Trust having been given to secure payment of three hundred fifty-eight thousand two hundred
and 00/100
Deed of Trust is of record in Book, Volume, or Liber No. _____, at page
(or as No. _____ ) of the COUNTY    Records of SUMMIT
County, State of Colorado, together with the Note(s) and obligations therein described, the money due and to
become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the
terms and conditions of the above-described Deed of Trust.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Deed of Trust on
02/25/2005

Argent Mortgage Company, LLC
Assignor

By: _____
MARTHA LONDON - AGENT

This instrument prepared by: Argent Mortgage Company, LLC
Address: One City Boulevard West, Orange, CA 92868
State of California
County of Orange

On 02/25/2005  before me, J.B. RICHEY
personally appeared MARTHA LONDON

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the
entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____ (Seal)
J.B. RICHEY

J. B. RICHEY
Commission # 1484643
Notary Public - California
Orange County
My Comm. Expires Apr 20, 2008

HOMEQ
00023

Exhibit "A"

P.O. Box 11507
Santa Ana, CA 92711

## ASSIGNMENT OF DEED OF TRUST

For Value received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is 1100 Town and Country Road, Suite 200, Orange, CA 92868

does hereby grant, sell, assign, transfer and convey, unto the _____

a _____ organized and existing under the laws of _____ (herein "Assignee"),

whose address is _____

a certain Deed of Trust, dated 02/18/05, among the grantor,
PAMELA R. SMITH and THOMAS W. SMITH, As Joint Tenants

the Public Trustee of SUMMIT County ("Trustee") and the Beneficiary,
Argent Mortgage Company, LLC

described property situated at 32 BURGUNDY CIRCLE, SILVERTHORNE, CO 80498, in SUMMIT County, State of Colorado:

"LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF"

such Deed of Trust having been given to secure payment of three hundred fifty-eight thousand two hundred and 00/100

Deed of Trust is of record in Book, Volume, or Liber No. _____, at page _____
(or as No. _____ ) of the COUNTY Records of SUMMIT

County, State of Colorado, together with the Note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Deed of Trust on 02/25/2005

Ameriquest Mortgage Company
Assignor

By: _____
MARTHA LONDON - AGENT

This instrument prepared by: Argent Mortgage Company, LLC
Address: One City Boulevard West, Orange, CA 92868

State of California
County of Orange

On 02/25/2005 before me, J.B. RICHEY personally appeared MARTHA LONDON

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

J.B. RICHEY
Commission # 1484549
Notary Public - California
Orange County
My Comm. Expires Apr 20, 2008

J.B. RICHEY (Seal)

HOMEQ
00025

Exhibit "B"

## CERTIFICATION OF OWNER OF PROMISORY NOTE
## OR EVIDENCE OF DEBT

Wells Fargo Bank, NA as Trustee, (hereinafter referred to as "Lender"), by and through undersigned counsel, Hopp & Shore, LLC, certifies in regard to the Deed of Trust Note submitted herewith dated February 18, 2005 bearing an original principal balance of $358,200.00 that:

1. Lender is an entity described by Subsection (1.5) of C.R.S. §38-38-101;

2. Lender is the owner and holder of the original evidence of debt;

3. The submitted copy of the evidence of debt is true and correct; and,

4. The use of the copy of the evidence of debt is subject to the conditions described in Subsection (1.6) of C.R.S. §38-38-101.

Hopp & Shore, llc

Robert J. Hopp, Reg. No. 26818
David A. Shore, Reg. No. 19973
Bradley T. Neiman, Reg. No. 35707
Andrew T. Snyder, Reg. No. 34929
Attorneys for Owner of Evidence of Debt
303 W. Hampden Ave., Suite 500
Englewood, CO 80110
Phone: (303) 788-9600

Subscribed and sworn to before me on November 11, 2005.

My Commission Expires:

SEAL:

Notary Public

Internal Case # 7460 1047/ Case Reference: [illegible], and Smith, Patricia K / Loan # 0523437848

U.S. District Court/05-CV-2364-REB-BNB
Smith/Hopp & Shore, LLC-042

Exhibit "C"

January 11, 2007

To:    U.S. District Court
        (303) 335-2714

From:  Pamela Smith
        (970) 513-7040  phone
        (970) 513-7048  fax

Re:    Pro se - File Fax

---

Faxing (11) pages, including cover.