IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02364-REB-BNB

THOMAS SMITH, and
PAM SMITH, husband and wife,

Plaintiffs,

v.

ARGENT MORTGAGE COMPANY, LLC.,
WELLS FARGO BANK, N.A.,
HOMEQ SERVICING CORPORATION, and
HOPP & SHORE, LLC,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Defendant HomeEq Servicing Corporation's Motion for Summary Judgment** [Doc. #142, filed 1/31/07] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

### I.  STANDARD OF REVIEW

The plaintiffs are proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Rule 56(c), Fed.R.Civ.P., provides that summary judgment may be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Id. at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

Affidavits must be based on personal knowledge and must set forth facts that would be admissible in evidence. Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995) (quotations and citation omitted). "Conclusory and self-serving affidavits are not sufficient." Id.

## II.  UNDISPUTED MATERIAL FACTS[1]

1.  The plaintiffs are owners of the property in dispute, located at 32 Burgundy Circle, Silverthorne, Colorado (the "Property").  *Motion*, p. 3, ¶ 1; *Complaint*, p. 2, ¶ 6; p. 3, ¶ 14.  In February 2005, plaintiff Thomas Smith and Argent Mortgage Company ("Argent") entered into a mortgage refinance loan transaction on the Property.  *Motion*, Exhibit A-1, ¶ 4.

2.  On February 19, 2005, during the loan transaction, Mr. and Mrs. Smith signed an acknowledgment that they had received two copies of a Notice of Right to Cancel and one copy of the Federal Truth in Lending Disclosure Statement, all provided in compliance with the Truth in Lending Simplification and Reform Act of 1980.  Id. at ¶ 16 and Exhibit 13.  The Notice of Right to Cancel states that the final date to cancel the transaction is February 24, 2005.  Id.

3.  HomEq was not involved in the loan transaction in February 2005, and HomEq was not the original loan servicing company.  Id. at ¶ 4.

4.  Argent assigned the loan to Wells Fargo, N.A ("Wells Fargo").  Id. at ¶ 6.  On or about May 20, 2005, HomEq took over the servicing of the loan from AMC Mortgage Services ("AMC").  Id. at ¶ 5.  HomEq acted as the loan servicer for Wells Fargo.  Id. at ¶ 6.

5.  Mr. Smith made his loan payments on April 7 and May 5, 2005.  Id. at ¶ 5 and Exhibit 1.  AMC did a servicing release on May 16, 2005.  Id.

---

[1] The majority of the undisputed material facts are taken from the affidavit of Peter Winterbottom, *Motion*, Exhibit A-1, and the exhibits attached to the affidavit.  The plaintiffs object to the affidavit as "inadmissible hearsay."  *Plaintiffs' Verified Response in Opposition to Defendant HomEq Servicing Corporation's Motion for Summary Judgment* [Doc. #164] (the "Response"), pp. 1-2.  The statements and documents upon which I rely are based on Mr. Winterbottom's personal knowledge and set forth facts that would be admissible in evidence.  The statements and the exhibits are competent evidence.  Murray, 45 F.3d at 1422.

6. HomEq sent introductory correspondence to Mr. Smith on May 23, 2005. Id. at ¶ 6 and Exhibit 2. HomEq included a Notice of Service Transfer under the Real Estate Settlement Procedures Act ("RESPA"), which specified that Mr. Smith should direct any inquiries about the loan to HomEq's office in California. Id. at ¶ 6 and Exhibit 3.

7. In May 2005, when HomEq took over the servicing of the loan, Mr. Smith was current in his payments and was not in default under the loan. Id. at ¶ 7.

8. Mr. Smith failed to make the payment due on June 1, 2005. Id. at ¶ 8. On July 18, 2005, HomEq sent a letter to Mr. Smith notifying him that he was in default and requesting that he pay the amount required to bring the loan current. Id. and Exhibit 4.

9. Mr. Smith requested a repayment plan to bring the loan current. Id. at ¶ 9. Mr. Smith and HomEq agreed on a temporary repayment plan, commencing with a payment of $3,000 due on August 31, 2005, and a payment of $1,000 due on September 9, 2005. Id. HomEq sent Mr. Smith a letter dated August 18, 2005, which confirmed the terms of the repayment plan. Id. and Exhibit 5.

10. On August 30, 2005, Mr. Smith sent a memorandum to HomEq stating that he was sending a check for $1,000 pursuant to the repayment plan. Id. at ¶ 10 and Exhibit 6. He stated that he was canceling the $3,000 check due August 31 that he had sent, but would reissue a $3,000 check on September 9, 2005. Id. He did not reissue the check as promised. Id. at ¶ 10.

11. On September 14, 2005, HomEq sent Mr. Smith a letter stating that HomEq had not received the payment he had promised to make under the repayment plan. Id. at ¶ 11 and Exhibit 7. On the same day, HomEq sent Mr. Smith a letter stating that he had breached the repayment

4

plan and urging him to contact HomEq's representatives immediately to reestablish a repayment plan and bring his account current. Id. at ¶ 11 and Exhibit 8.

12. On September 15, 2005, HomEq sent Mr. Smith a letter notifying him that the $3,000 check had been dishonored by the bank and requesting that he make the payment in some form of certified or guaranteed funds. Id. at ¶ 11 and Exhibit 9.

13. On September 16, 2005, HomEq sent a letter to Mr. Smith notifying him that the loan was in default. Id. at ¶ 12 and Exhibit 10.

14. Mr. Smith sent HomEq a letter dated September 30, 2005, requesting an itemized payoff statement for the loan. Id. at ¶ 13 and Exhibit 11(a). HomEq sent the requested payoff statement on October 11, 2005. Id. and Exhibit 11(b).

15. On October 17, 2005, HomEq received from Mr. and Mrs. Smith a document entitled "Second Notice of Rescission Notice to Agent is Notice to Principal." Id. at ¶ 14 and Exhibit 12. The document is dated October 3, 2005. Id.

16. On October 24, 2005, HomEq sent the Smiths a letter stating that (1) the Smiths were provided with a Notice of Right to Cancel on February 19, 2005; (2) the Notice of Right to Cancel states that the Smiths had three business days to cancel the loan transaction; (3) the final date to cancel the loan transaction was no later than midnight of February 24, 2005; (4) the Smiths' rescission time had expired more than seven months prior; and (5) the Smiths were still obligated to the terms set forth in the loan document. Id. at ¶ 16 and Exhibit 14.

17. HomEq has not received any payments from the Smiths since the $1,000 check was received from Mr. Smith on August 31, 2005.

The plaintiffs filed their Verified Complaint (the "Complaint") on November 22, 2005. The Complaint asserts four causes of action against HomEq: (1) quiet title; (2) violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; (3) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b); and (4) declaratory judgment. HomEq seeks summary judgment on all four claims.

### III.   ANALYSIS

#### A.   Claim One: Quiet Title and Claim Five: Declaratory Judgment

Claim One alleges that all of the defendants' claims to any right, title, or interest in the property are "false and without merit." *Complaint*, p. 6, ¶ 38. Claim One seeks a "decree quieting title" to the plaintiffs' property. Id. In Claim Five, the plaintiffs seek a declaration that the defendants do not have a secured interest in the plaintiffs' property. *Complaint*, p. 9, ¶ 62.

In a footnote, HomEq "questions" whether this Court has jurisdiction over the plaintiffs' quiet title claim. *Motion*, p. 16, n.1. HomEq cites Grable & Sons Metal Products,Inc. V. Darue Engineering & Manufacturing, 545 U.S. 308, 314 (2005), for the proposition that this Court has jurisdiction over a state law quiet title claim only if it "necessarily raise[s] a federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. However, unlike this case, the quiet title claim was the sole claim asserted Grable. Here, the plaintiffs have asserted other claims under federal law.

Section 1367(c)(3), 28 U.S.C., provides:

> [A]ny civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action

> within such original jurisdiction that they form part of the same case
> or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(c)(3).

HomEq does not discuss jurisdiction over the quiet title claim in light of § 1367. Indeed, HomEq does not provide any meaningful discussion of this Court's jurisdiction over the quiet title claim. Because the matters raised in the state law quiet title claim arise out of the same set of facts and are so related to the plaintiffs' federal claims that they form a part of the same action, the plaintiffs' quiet title claim is subject to supplemental jurisdiction, and the Grable analysis does not apply.

Nevertheless, the claim must be dismissed for lack of jurisdiction because it does not present a live case or controversy. "[T]he existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of the federal courts." Beattie v. United States, 949 F.2d 1092, 1093 (10th Cir. 1991) (citing Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)). There is no live case or controversy "when a favorable decision will not afford plaintiff relief." McAlpine v. Thompson, 187 F.3d 1213, 1216 (10th Cir. 1999) (internal quotations and citations omitted). The live case or controversy requirement applies to claims for declaratory relief, as asserted in plaintiffs' Claim Five. Kunkel v. Continental Cas. Co., 866 F.2d 1269, 1273 (10th Cir. 1989).

It is undisputed that HomEq is a mortgage servicing company and does not claim any interest in the property. Thus, the plaintiffs would not be afforded any relief from a decision to quiet title as against HomEq or a declaration that HomEq does not hold a security interest in the property.

I respectfully RECOMMEND that Claims One Five as asserted against HomEq be DISMISSED for lack of jurisdiction.

### B.  Claim Two: Violations of the TILA

Claim Two alleges that HomEq failed to make the disclosures required by TILA. *Complaint*, p. 6, ¶ 39.  Claim Two further alleges that the plaintiffs timely rescinded the transaction.  Id. at ¶ 43.  Claim Two seeks release of the security interest in the property and a refund of all money advanced in connection with the loan.  Id. at ¶¶ 45-48.

HomEq asserts that Claim Two must fail because HomEq was not involved in the origination of the loan and, therefore, it was not responsible for providing TILA disclosures. *Motion*, pp. 9-10.

In residential mortgage transactions, TILA disclosures must be made either before consummation of the transaction; not later than three business days after the creditor receives the consumer's written application; at the time an application form is provided; or before the consumer pays a non-refundable fee.  12 C.F.R. §§ 226.17(b) and 226.19(a) and (b).  The right to rescind is described as follows:

> Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.

15 U.S.C. § 1635(a).

It is undisputed that Mr. Smith entered into a mortgage refinance loan transaction with Argent Mortgage Company ("Argent") in February 2005; that HomEq was not involved in the loan transaction in February 2005; and that HomEq was not the original loan servicing company. It is further undisputed Argent assigned the loan to Wells Fargo, and that on or about May 20, 2005, HomEq began acting as the loan servicer for Wells Fargo.[2]

Because HomEq was not a part of the original loan transaction, it did not have any obligation under the TILA to provide the required disclosures. 12 C.F.R. §§ 226.17(b) and 226.19(a) and (b). Moreover, because Wells Fargo is the mortgagor, and HomEq merely services the loan, HomEq does not hold a security interest in the property and does not have any authority to rescind the loan.

I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks summary judgment in favor of HomEq on Claim Two.

### C.  Claim Four: Violation of the Fair Debt Collection Practices Act

Claim Four alleges that HomEq violated the FDCPA by failing to obtain verification and validation of the alleged debt after the plaintiffs timely disputed the debt. *Complaint*, p. 8, ¶ 55. HomEq asserts that Claim Four must fail because it was not a debt collector as defined by the FDCPA. *Motion*, pp. 4-5.

---

[2]The plaintiffs attempt to create a material fact dispute by stating that there was no valid assignment of the loan to Wells Fargo. *Response*, pp. 2-3. The plaintiffs do not provide any credible evidence to support their statement. More importantly, they do not provide any evidence to dispute the fact that HomEq merely serviced the loan. To the contrary, the plaintiffs have admitted in their answers to HomEq's interrogatories that HomEq did not have any involvement in the loan transaction and did not have any duty to disclose anything. *Motion*, Exhibit A-2, ¶ 5.

The FDCPA applies only to debt collectors.  15 U.S.C. § 1692.  A debt collector is generally defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  Id. at § 1692a(6).  The FDCPA excludes from the definition of debt collector "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was *not in default* at the time it was obtained by such person . . . ."  Id. at § 1692a(6)(F)(iii) (emphasis added).

It is undisputed that the loan was not in default at the time HomEq obtained the loan.  Therefore, HomEq is not a debt collector under the FDCPA and the plaintiffs may not assert an FDCPA claim against HomEq.  15 U.S.C. § 1692a(6)(F)(iii); Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985).

The plaintiffs attempt to create a material fact dispute regarding whether the loan was in default by stating that the May 5, 2005, payment was paid with a check dated May 6, 2005.  The plaintiffs do not provide any authority to support their argument, nor do they provide any evidence that the loan was in default when HomEq began servicing the loan on May 16, 2005.  To the contrary, the plaintiffs affirmatively allege in the Complaint that the loan was not in default: "Defendant HOMEQ SERVICING fraudulently claims that the loan is in default, and gave Plaintiffs Notice of Default on September 16, 2005."  *Complaint*, p. 4, ¶ 24.  In addition, Mr. Smith testified in his deposition that the loan was not in default when HomEq began servicing it:

> Q: And its correct, isn't it, that at the time you - HomEq took over the servicing of this loan, you - you believed that the loan was okay?  I mean, it was current at the time.  You

> weren't behind in your payments?  You weren't in default when HomEq took over?
>
> A:   I don't - I don't believe we were.

*Motion*, Exhibit A-3, pp. 192-193.

I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks summary judgment in favor of HomEq on Claim Four.

## IV.  CONCLUSION

IT IS RECOMMENDED that the Motion [Doc. # 142] be GRANTED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 27, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge