IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02364-REB-BNB

THOMAS SMITH, and
PAM SMITH, husband and wife,

Plaintiffs,

v.

ARGENT MORTGAGE COMPANY, LLC.,
WELLS FARGO BANK, N.A.,
HOMEQ SERVICING CORPORATION, and
HOPP & SHORE, LLC,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **Motion for Summary Judgment in Favor of**

**Defendant, Hopp & Shore, LLC and Against Plaintiffs, Thomas and Pam Smith** [Doc.

#130, filed 1/26/07] (the "Motion").  I respectfully RECOMMEND that Motion be DENIED.

**I.   STANDARD OF REVIEW**

The plaintiffs are proceeding *pro se*.  I must liberally construe the pleadings of a *pro se*

plaintiff.  Haines v. Kerner, 104 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate

for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of

Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most

favorable to the party opposing the motion and that party must be afforded the benefit of all

reasonable inferences to be drawn from the evidence.  Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970).  Rule 56(c), Fed.R.Civ.P., provides that summary judgment may be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact.  Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986).  The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial.  Id. at 324.  Only admissible evidence may be considered when ruling on a motion for summary judgment.  World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II.  UNDISPUTED MATERIAL FACTS

1.   On September 6, 2005, HOMEQ Servicing Corporation sent the plaintiffs a Notice of Default regarding past due mortgage payments on a property located at 32 Burgundy Circle in Silverthorne, Colorado 80492 (the "Property").  *Affidavit of Robert J. Hopp in Support of Defendant Hopp & Shore, LLC* [sic] *Motion for Summary Judgment* ("Second Hopp Affidavit") [Doc. #160], ¶ 2.[1]

---

[1]The defendant attached the Affidavit of Robert J. Hopp to the Motion (the "First Hopp Affidavit").  The First Hopp Affidavit contains Exhibit A.  However, the First Hopp Affidavit is not notarized or dated.  The defendant subsequently submitted the Second Hopp Affidavit as a

2.  HOMEQ Servicing Corporation subsequently sold the loan to Wells Fargo.  Id.

3.  Wells Fargo retained Hopp & Shore, LLC ("Hopp & Shore"), a private law firm, to foreclose the deed of trust on the Property.  Id. at ¶¶ 3, 7.

4.  Hopp & Shore was not involved with the origination of the loan.  Id. at ¶ 7.

5.  On October 28, 2005, Hopp & Shore sent the plaintiffs a letter pursuant to the Fair Debt Collection Practices Act.  Id. at ¶ 4.  The letter states that under the applicable law the plaintiffs have thirty days after receipt of the letter to dispute the validity of the debt, and if the debt is not disputed within the thirty days, the debt is assumed valid.  Motion, Exhibit A to original Affidavit, p. 2.

6.  On November 18, 2005, Hopp & Shore filed a Complaint for foreclosure in District Court of Summit County, Colorado, Case No. 05cv337.  Plaintiffs' Response in Opposition to Motion for Summary Judgment . . . . (the "Response") [Doc. #157, filed 2/20/07], Declaration of Pam Smith and Thomas Smith in Support of Plaintiffs' Response in Opposition . . . . [Doc. #158, filed 2/20/07] ("Smith Declaration"), ¶ 3.

The Complaint in this case asserts four causes of action against Hopp & Shore: (1) quiet title; (2) violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq.; (3) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(b); and (4) declaratory judgment.  On August 23, 2006, all claims were dismissed as against Hopp & Shore except the

separate document [Doc. #160].  The Second Hopp Affidavit is notarized and dated.  However, the Second Hopp Affidavit does not contain Exhibit A.  In an attempt to efficiently resolve this matter, I use both the sworn statements from the Second Hopp Affidavit and Exhibit A from the First Hopp Affidavit.

claim for violations of the FDCPA [Doc. #73, filed 8/23/06].  Hopp & Shore now seeks summary judgment on the FDCPA claim.

### III.  ANALYSIS

The FDCPA requires a debt collector to send the consumer written notice containing:

> (1) the amount of the debt;

> (2) the name of the creditor to whom the debt is owed;

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

If the consumer properly disputes the debt, the statute requires the debt collector to cease collection of the debt and provide verification of the debt as follows:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and

> address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b).

The parties do not dispute that Hopp & Shore sent the plaintiffs proper notice under the FDCPA as required by section 1692g(a). The plaintiffs' FDCPA claim alleges that Hopp & Shore violated the FDCPA by failing to obtain verification and validation of the alleged debt after the plaintiffs timely disputed it. *Complaint*, p. 8, ¶ 55.

Hopp & Shore seeks summary judgment on the basis that the plaintiffs did not timely dispute the debt. Hopp & Shore provides evidence of this fact in the form of a sworn statement from Robert Hopp. *Second Hopp Affidavit*, ¶¶ 5-6. The plaintiffs, however, declare under penalty of perjury that they did timely provide the required notice of dispute to Hopp & Shore. *Smith Declaration*, ¶ 1. Because the plaintiffs have provided competent evidence to dispute this material fact, the defendant's summary judgment motion must fail.

## IV.  CONCLUSION

I respectfully RECOMMEND that the Motion [Doc. # 130] be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo*

review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 27, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge