IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02364-REB-BNB

THOMAS SMITH, and
PAM SMITH, husband and wife,

Plaintiffs,

v.

ARGENT MORTGAGE COMPANY, LLC.,
WELLS FARGO BANK, N.A.,
HOMEQ SERVICING CORPORATION, and
HOPP & SHORE, LLC,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on **Defendants Argent Mortgage Company, LLC and Wells
Fargo Bank, N.A.'s Motion for Summary Judgment and Accompanying Brief in Support**
[Doc. #140, filed 1/31/07] (the "Motion").  For the following reasons, I respectfully
RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

## I.  STANDARD OF REVIEW

The plaintiffs are proceeding *pro se*.  I must liberally construe the pleadings of a *pro se*
plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate
for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of
Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence.  Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970).  Rule 56(c), Fed.R.Civ.P., provides that summary judgment may be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact.  Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986).  The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial.  Id. at 324.

"The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial."  Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

Only admissible evidence may be considered when ruling on a motion for summary judgment.  World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).  Affidavits must be based on personal knowledge and must set forth facts that would be admissible

in evidence.  <u>Murray v. City of Sapulpa</u>, 45 F.3d 1417, 1422 (10th Cir. 1995) (quotations and citation omitted).  "Conclusory and self-serving affidavits are not sufficient."  <u>Id.</u>

## II.  UNDISPUTED MATERIAL FACTS[1]

1.   Plaintiffs Thomas and Pam Smith are the owners of the property in dispute, which is located at 32 Burgundy Circle, Silverthorne, Summit County, Colorado, with the legal description as specified in the Verified Complaint [Doc. #1](the "Complaint").  *Scheduling Order* [Doc. #90], p. 8, ¶ 1.

2.   On or about February 18, 2005, Mr. Smith and defendant Argent Mortgage Company, LLC ("Argent"), entered into a mortgage refinance transaction concerning real property located at 32 Burgundy Circle, Silverthorne, Colorado (the "Property").  *Motion*, p. 3. ¶ 1; *Complaint*, ¶¶ 6,16.

3.   On that date, Mr. Smith agreed to the terms of and executed various documents associated with the closing of the transaction.  *Motion*, Exhibit A, ¶ 5.

4.   Mr. Smith executed an Adjustable Rate Note which obligated him to re-pay his mortgage loan to the lender.  <u>Id.</u> at Exhibit A(1).

5.   Mr. and Mrs. Smith signed the Deed of Trust before a Notary Public.  <u>Id.</u> at Exhibit A(2).

---

[1]Many of the undisputed material facts are taken from affidavit of Tami Carnes, *Motion*, Exhibit A, and the exhibits attached to the affidavit.  The plaintiffs object to the affidavit as "inadmissible hearsay."  *Plaintiffs' Verified Response in Opposition to Defendant HomEq Servicing Corporation's Motion for Summary Judgment* [Doc. #164] (the "Response"), pp. 1-2. The statements and documents upon which I rely are based on Ms. Carnes' personal knowledge and set forth facts that would be admissible in evidence.  The statements and the exhibits are competent evidence.  <u>Murray</u>, 45 F.3d at 1422.

6.   Mr. and Mrs. Smith signed and received a copy of a Truth-In-Lending Disclosure

Statement.  Id. at Exhibit A(3).

7.   The Truth-In-Lending Disclosure Statement:

      a.      Identifies Argent as the "Lender" and Thomas W. Smith as the "Borrower";

      b.      Defines the terms "annual percentage rate," "finance charge," and "amount financed," and provides the exact amounts associated with each of those terms;

      c.      Discloses the "annual percentage rate" and the "finance charge" more conspicuously than the other terms;

      d.      Explains the variable rate nature of the loan at issue and refers the borrower to other disclosures about that feature;

      e.      Identifies the property in which a security interest is being given by the borrower as 32 Burgundy Circle, Silverthorne, Colorado, 80498;

      f.      Asserts that someone buying the property cannot assume the remaining balance due under the original terms;

      g.      Explains that a fee of 5% of the overdue payment will be assessed for late payments;

      h.      Explains that if the loan is paid off early, the borrower may incur a prepayment penalty;

      i.      Refers the borrower to the contract documents for additional information regarding non-payment, default, required payment in full before the scheduled date, and prepayment refunds and penalties.

Id.

8.   Mr. Smith received a good faith estimate of the total amount of settlement costs.  Id.

at Exhibit A(4).

9.   Mr. and Mrs. Smith received a HUD Settlement Statement, which disclosed the final

loan settlement terms.  Id. at Exhibit A(5).

10.   Mr. and Mrs. Smith signed and verified their receipt of two copies each of the Notice

of Right to Cancel.  Id. at Exhibit A(6).  However, at the closing the closing company "gave

Thomas Smith and Pam Smith each a copy of the Notice of Right to Cancel, for a total of two copies." *Scheduling Order* [Doc. #90], p. 9, ¶ 5.

11.   The Notice of Right to Cancel states that if the plaintiffs decide to cancel the transaction, they can do so by notifying Argent in writing; they can use any written statement that is signed and dated and advises of the intent to cancel; or they can use the Notice of Right to Cancel by dating and signing it and keeping one copy of the notice "because it contains important information about your rights." *Motion*, Exhibit A(6).

12.   Mr. Smith authorized the disbursement of all settlement charges and loan funds.  Id. at Exhibit A(7).

13.   Mr. Smith acknowledged that he was given an opportunity to read all of his loan documents, that he had read them, and that he fully understood the terms of the loan transaction. Id. at Exhibit A(8).

14.   Mr. Smith acknowledged that he received a full and complete set of all the loan documents he signed.  Id.

15.   Dana Capital Group offered compensable services in conjunction with the plaintiffs' mortgage refinance transaction, including originating the plaintiffs' loan, completing the plaintiffs' application and credit report, and processing the plaintiffs' loan.  Id. at Exhibit A, ¶ 7 and Exhibit A(5).

16.   The total compensation received by Dana Capital Group for the services was reasonably related to the services provide by Dana Capital Group.  Id. at Exhibit A, ¶ 8 and Exhibit A(5).

17.   Argent subsequently assigned or sold the loan to defendant Wells Fargo Bank, N.A. ("Wells Fargo").  *Scheduling Order*, p. 9, ¶ 8.

18.   Mr. and Mrs. Smith eventually ceased repayment of their mortgage loan.  *Motion*, Exhibit B, p. 96, ll. 10-16.

19.   On September 6, 2005, HomEq sent the plaintiffs a notice of default.  *Scheduling Order*, p. 9, ¶ 9.

20.   On September 16, 2005, the plaintiffs sent a notice of rescission to Argent, Wells Fargo, HomEq, and Ameriquest.  *Response*, ¶ 43; *Complaint*, ¶ 28 and Exhibit A.[2]

21.   On October 3, 2005, the plaintiffs sent a second notice of rescission to Argent, Wells Fargo, HomEq, and Ameriquest.  *Response*, ¶ 43; *Complaint*, ¶ 30 and Exhibit B.

22.   On October 20, 2005, HomEq sent a letter to the plaintiffs in response to their notice of rescission.  *Scheduling Order*, p. 10, ¶ 12.

23.   In November 2005, Wells Fargo commenced foreclosure proceedings on the property in state district court.  The Smiths removed the action, Civil Action No. 05-cv-02481-LTB-BNB, to this Court.  <u>Id.</u> at ¶ 14.

The plaintiffs filed their Complaint on November 22, 2005.  The Complaint asserts three causes of action against defendants Argent and Wells Fargo: (1) quiet title; (2) violations of the Truth in Lending act, 15 U.S.C. § 1601 *et seq.* ("TILA"); and (3) declaratory judgment.  In

---

[2]Under <u>C.D. Mosier v. Maynard</u>, 937 F.2d 1521, 1524 (10th Cir. 1992), a plaintiff's complaint may be treated as an affidavit under Fed.R.Civ.P. 56(e) to the extent it contains statements that are based on personal knowledge and those statements have been sworn under penalty of perjury.

addition, the Complaint asserts a claim for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), against Argent, but not against Wells Fargo.

## III.  ANALYSIS

### A.   Claim Two: Violations of TILA

Claim Two alleges that Argent and Wells Fargo failed to make the disclosures required by TILA. *Complaint*, p. 6, ¶ 39. Claim Two further alleges that the plaintiffs timely rescinded the transaction. Id. at ¶ 43. Claim Two seeks release of the security interest in the property and a refund of all money advanced in connection with the loan. Id. at ¶¶ 45-48.

Argent and Wells Fargo seek summary judgment in their favor on Claim Two because (1) the plaintiffs received all of the required disclosures, and (2) the plaintiffs' notice of rescission was untimely. *Motion*, pp. 6-13.

In a closed-end credit transaction such as the one in this case, TILA requires the creditor to disclose to the consumer certain items. 15 U.S.C. §§ 1631, 1632, 1635, 1638. The closing documents show that Mr. and Mrs. Smith, by signing the Truth-In-Lending Disclosure Statement, acknowledged receipt of the following disclosures from Argent:

1.    The identify of the creditor;

2.    The "amount financed" and the definition of that term;

3.    The finance charge expressed as an "annual percentage rate" and the definition of that term;

4.    The sum of the amount financed and the finance charge, termed the "total of payments";

5.    The number, amount, and due dates or period of payments scheduled to repay the total of payments;

7

6.        A statement that a security interest has been taken in the property located at 32 Burgundy Circle, Silverthorne, CO 80498;

7.        The percentage amount which might be imposed solely on account of a late payment;

8.        A statement indicating whether or not the plaintiffs are entitled to a rebate of any finance charge upon refinancing or prepayment in full pursuant to acceleration or otherwise;

9.        A statement that the plaintiffs should refer to the appropriate contract document for information about nonpayment, default, required payment in full before the scheduled date, and prepayment refunds and penalties; and

10.       A statement indicating that a subsequent purchaser may not assume the debt obligation on its original terms and conditions.

*Motion*, Exhibit A, ¶ 5 and Exhibit A(3); Exhibit B, p. 58, l. 18 - p. 67, l. 16.

The Truth-In-Lending Disclosure Statement also disclosed the terms "annual percentage rate" and "finance charge" more conspicuously than the other terms. *Motion*, Exhibit A, ¶ 5 and Exhibit A(3); Exhibit B, p. 61, l. 8 - p. 62, l.12. In addition, Mr. and Mrs. Smith received copies of the Notice of Right to Cancel, which informed them of their right to rescind the transaction. *Motion*, Exhibit A, ¶ 5 and Exhibit A(6).

The plaintiffs assert the following challenges regarding the disclosures provided by Argent:

1. The plaintiffs first object to the Truth-In-Lending Disclosure Statement on the basis that the defendants "present no admissible evidence that Mr. Smith signed it." *Plaintiffs' Verified Response in Opposition to Defendants Argent Mortgage Company, LLC and Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Accompanying Brief in Support* (the "Response") [Doc. #163], ¶ 10. To the contrary, the defendants provide the sworn statement of Tami Carnes,

Vice President of Loan Resolution with Argent. *Motion*, Exhibit A.  Ms. Carnes attests that Mr. Smith executed the closing documents, including the Truth-In-Lending Disclosure Statement. <u>Id.</u> at ¶¶ 5-6.  The plaintiffs do not provide any evidence to the contrary.

2.  The plaintiffs assert that the Truth-In-Lending Disclosure Statement does not identify the creditor. *Response*, ¶ 11.  However, Argent is clearly identified as the lender in the top left corner of the Statement. *Motion*, Exhibit A(3).

3.  The plaintiffs state that the "amount financed" is ambiguously defined as "[t]he amount of credit provided to you or on your behalf." *Response*, ¶ 12.  This definition is not ambiguous.  Indeed, it is the exact wording provided by the regulations as an example of how to define "amount financed."  12 C.F.R. § 226.18(b).

4.  The plaintiffs next argue that "Argent failed to provide a statement of the consumer's right to obtain, upon a written request, a written itemization of the amount financed, in violation of 15 U.S.C. 1638(a)(2)(B)." *Response*, ¶ 13.  However, in lieu of providing a statement of the consumer's right to obtain an itemized statement, the lender may provide a good faith estimate of settlement costs.  12 C.F.R. § 226.18(c), n. 40.  Argent provided a good faith estimate to Mr. Smith at closing. *Motion*, Exhibit A, ¶¶ 5-6d and Exhibit A(4).

5.  The plaintiffs assert that "Argent failed to provide a descriptive explanation of the term 'total sale price'" in violation of 15 U.S.C. 1638(a)(8). *Response*, ¶ 14.  Argent was not required to explain the term "total sale price."  "In a loan transaction, a creditor may delete disclosure of the total sale price."  Supplement I to part 226.18, ¶1.

6.  The plaintiffs assert that "Argent failed to provide a statement indicating whether or not Plaintiff is 'entitled to a rebate of any finance charge upon refinancing or prepayment in full

9

pursuant to acceleration or otherwise,' in violation of 15 U.S.C. 1638(a)(11)." *Response*, ¶ 15. The plaintiffs further assert that "Argent failed to provide a statement that Plaintiff should refer to the appropriate contract document for information about 'the right to accelerate the maturity of the debt,' in violation of 15 U.S.C. 1638(a)(12)." Id. at ¶ 16.  However, the final paragraph of the Truth-In-Lending Disclosure Statement states that the plaintiffs may be subject to a penalty for paying off the loan early. *Motion*, Exhibit A(3).  The same paragraph refers the plaintiffs to the appropriate contracts for information concerning prepayment.

7.   The Truth-In-Lending Disclosure Statement states that "Someone buying the property cannot assume the remaining balance due under original terms." *Motion*, Exhibit A(3).  The plaintiffs argue that this statement violates 15 U.S.C. 1638(a)(13) because the statute requires the lender to provide a statement indicating that a "subsequent purchaser" may not assume the debt obligation on its original terms, and Argent's use of the term "[s]omeone buying the property" instead of "subsequent purchaser" is ambiguous. *Response*, ¶ 17.  This argument is patently frivolous.

8.   The plaintiffs assert that Argent failed to provide a statement regarding payments and interest rates as required by 15 U.S.C. § 1638(a)(14). *Response*, ¶ 18.  Argent was not required to provide this statement.  Section 1638(a)(14) states that it may be provided "at the option of the creditor."

9.   The plaintiffs assert that the Notice of Right to Cancel is inadmissible hearsay and has not been properly authenticated. *Response*, ¶¶ 23-24.  The assertion is without merit.  The Notice of Right to Cancel has been properly authenticated by Ms. Carnes in her capacity as Vice

10

President of Loan Resolution with Argent and based on her personal knowledge concerning the documents. *Motion*, Exhibit A.

10. The plaintiffs further assert that Argent did not provide the plaintiffs with sufficient copies of the Notice of Right to Cancel. *Response*, ¶¶ 19-21.

Under TILA, Argent was required to "clearly and conspicuously disclose" to the plaintiffs "in accordance with regulations of the Board [of Governors of the Federal Reserve System]" notice of their right to rescind the transaction. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.1(a). The regulations require that two copies of the notice be provided to each consumer who is entitled to rescind.[3] 12 C.F.R. § 226.23(b)(1). "The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice . . ., or delivery of all material disclosures, whichever occurs last." Id. at § 226.23(a)(3). If proper notice is not provided, the right to rescind is extended to three years after consummation of the transaction, or upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. Id.

It is undisputed that both Mr. and Mrs. Smith signed the Notice of Right to Cancel, which states that "[t]he undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL, and one copy of the Federal Truth In Lending Disclosure Statement, all given by lender in compliance with Truth In Lending Simplification and Reform Act of 1980 . . .

---

[3] The regulations provide that "[i]n a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction. . . ." 12 C.F.R. § 226.23(a)(1). The parties have stipulated that both plaintiffs are owners of the property in dispute. *Scheduling Order* [Doc. #90], p. 8, ¶ 1. Therefore, both plaintiffs have a right to rescind the transaction, and both plaintiffs are entitled to two copies of the notice of the right to rescind.

." *Motion*, Exhibit A(6).  Written acknowledgment of receipt of the notice creates a rebuttable presumption of delivery.  15 U.S.C. § 1635(c).  The defendants assert that the plaintiffs have no evidence to rebut the presumption of delivery.

The plaintiffs assert that the presumption of delivery is rebutted by the following undisputed fact as stated in the Scheduling Order:

> At the closing on February 19, 2005, the closing company, the Escrow Company, gave Thomas Smith and Pam Smith each a copy of the Notice of Right to Cancel, for a total of two copies.

*Response*, ¶ 20 (citing to *Scheduling Order* [Doc. #90], p. 9, ¶ 5).

This undisputed factual statement constitutes an admission by the defendants that Mr. and Mrs. Smith were given a total of two copies of the Notice of Right to Cancel, and not two copies each (for a total of four) as required by TILA.  The defendants' admission is not only sufficient to rebut the presumption of delivery, it is dispositive of the issue.  Thus, the undisputed material facts demonstrate that the plaintiffs were not provided with a sufficient notice of their right to rescind the transaction as required by TILA.  12 C.F.R. § 226.23(b)(1).

Because Argent failed to provide each of the plaintiffs with two copies of the notice, the plaintiffs' right to rescind is extended to three years after consummation of the transaction, or upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.  12 C.F.R. § 226.23(a)(3); <u>Davison v. Bank One Home Loan Services</u>, No. 01-2511, 2003 WL 124542, at *5-7 (D.Kan. Jan. 13, 2003) (denying lender's motion for summary judgment on consumers' claim for rescission under TILA because of material fact dispute regarding whether lender provided husband and wife each with two copies of notice of right to cancel and finding provision of only one copy each insufficient under TILA).  <u>See also</u>

12

Cooper v. First Gov't Mortgage and Investors Corp., 238 F.Supp.2d 50, 63-65 (D.D.C. 2002) (denying lender's motion for summary judgment on consumer's claim for rescission under TILA because of material fact dispute regarding whether lender provided consumer with two copies of notice of right to cancel and finding provision of only one copy insufficient under TILA).

It is undisputed that the plaintiffs sent a notice of rescission to Argent, Wells Fargo, HomEq, and Ameriquest on September 16, 2005. *Response*, ¶ 43; *Complaint*, ¶ 28 and Exhibit A. It is further undisputed that the plaintiffs sent a second notice of rescission to Argent, Wells Fargo, HomEq, and Ameriquest on October 3, 2005. *Response*, ¶ 43; *Complaint*, ¶ 30 and Exhibit B. Under the circumstances of this case, the plaintiffs' notices to rescind were timely.

The defendants argue that the TILA claim should be dismissed as to Wells Fargo because Wells Fargo was not involved in providing the required disclosures. *Motion*, p. 10. The plaintiffs can bring an action against an assignee[4] of the lender "only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a). Argent's failure to provide the required number of copies of the Notice of Right to Cancel was not apparent on the face of the Notice of Right to Cancel. To the contrary, on the face of the Notice of Right to Cancel it appears that the plaintiffs received the required number of copies.

Nevertheless, "[a]ny consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation." Id. at §

---

[4]The parties have stipulated that Argent "assigned or sold" the loan to Wells Fargo. *Scheduling Order*, p. 9, ¶ 8.

1641(c).  The plaintiffs are seeking rescission of the transaction.  *Complaint*, ¶ 68.  Therefore, this claim cannot be dismissed as against Wells Fargo.

Accordingly, I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks summary judgment in favor of Argent and Wells Fargo on Claim Two.

### B.   Claim Three: Violation of the Real Estate Settlement Procedures Act

Claim Three alleges that Argent "paid a 'Premium Yield Adjustment,' otherwise known as a Yield Spread Premium, of $7,164 to the broker, for no service or work other than the choice of a loan with a high interest rate, in violation of the anti-kickback provision of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 . . . ."  *Complaint*, p. 7, ¶ 50.

Under the Real Estate Settlement Procedures Act ("RESPA"), "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person."  12 U.S.C. § 2607(a).  The statute does not prohibit "the payment of a fee . . . by a lender to its duly appointed agent for services actually performed in the making of a loan" or "the payment to any person of a bona fide salary or compensation or other payment for goods or facilities actually furnished or for services actually performed."  Id. at § 2607(c).

The defendants seek summary judgment on Claim Three on the basis that the plaintiffs cannot prove that Argent paid a kickback to the broker, Dana Capital Group.  *Motion*, p. 13.  The undisputed facts in this case demonstrate that (1) Dana Capital Group offered compensable services in conjunction with the transaction, including originating the plaintiffs' loan, completing the plaintiffs' application and credit report, and processing the plaintiffs' loan, and (2) the total

14

compensation received by Dana Capital Group for the services was reasonably related to the services provided by Dana Capital Group. *Motion*, Exhibit A, ¶ ¶ 7-8 and Exhibit A(5). The plaintiffs do not provide any evidence to the contrary. Accordingly, I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks summary judgment in favor of Argent and Wells Fargo on Claim Three.

### C.   Claim One: Quiet Title and Claim Five: Declaratory Judgment

Claim One alleges that all of the defendants' claims to any right, title, or interest in the property are "false and without merit." *Complaint*, p. 6, ¶ 38. Claim One seeks a "decree quieting title" to the plaintiffs' property. Id. In Claim Five, the plaintiffs are seeking a declaration that the defendants do not have a secured interest in the plaintiffs' property. *Complaint*, p. 9, ¶ 62.

In a quiet title action, each party bears the burden to establish by competent evidence its title to the property in dispute. Keith v. Kinney, 140 P.3d 141, 146 (Colo.App. 2005). The undisputed evidence establishes the following:

1.   Both plaintiffs are owners of the property at 32 Burgundy Circle, Silverthorne, Colorado. *Scheduling Order*, p. 8, ¶ 1.

2.   On February 18, 2005, Mr. Smith and Argent entered into a mortgage refinance transaction on the property. *Motion*, p. 3. ¶ 1; *Complaint*, ¶¶ 6,16. On that date, Mr. Smith executed an Adjustable Rate Note (the "Note") for a variable rate loan with Argent. *Scheduling Order*, p. 9, ¶ 4.

3.   On or about February 19, 2005, Mr. and Mrs. Smith signed the Deed of Trust on the property as security for the Note.  Id. at ¶ 6.  The Deed of Trust was filed with the Summit County Clerk and Recorder's Office on March 7, 2006.  Id.

4.   Argent subsequently assigned or sold the loan to Wells Fargo.  Id. at ¶ 8.

5.   The Smiths eventually ceased repayment of their mortgage loan.  *Motion*, Exhibit B, p. 96, ll. 10-16.

6.   The plaintiffs claim that on September 16, 2005, they sent a notice of rescission to Argent, Wells Fargo, HomEq, and Ameriquest.  *Scheduling Order*, p. 9, ¶ 10.

7.   Plaintiffs claim that on October 3, 2005, they sent a second notice of rescission to Argent, Wells Fargo, HomEq, and Ameriquest.  Id. at ¶ 11.

The undisputed evidence establishes that Wells Fargo currently holds a security interest in the plaintiffs' property, and that the plaintiffs have timely submitted notices to rescind the transaction.  The plaintiffs assert that by merely sending notices of rescission, the transaction was automatically rescinded.  *Response*, ¶ 50.  However, the notice of rescission is one step only in the rescission process.  Ramirez v. Household Finance Corp. III, 329 B.R. 727 (D. Can. 2005).  "[I]t cannot be that the security interest vanishes immediately upon the giving of notice.  Otherwise, a borrower could get out from under a secured loan simply by *claiming* TILA violations, whether or not the lender had actually committed any."  Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) (emphasis in original).

This Court has the equitable power to condition rescission on the plaintiffs' ability to repay the loan proceeds advanced by Argent.  Yamamoto v. Bank of New York, 329 F.3d 1167 (9th Cir. 2003).  Accordingly, the security interest held by Wells Fargo is not void.

I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks summary judgment in favor of Argent and Wells Fargo on Claims One and Four.

## IV.  CONCLUSION

I respectfully RECOMMEND that the Motion [Doc. # 140] be GRANTED IN PART and DENIED IN PART as follows:

1.  DENIED insofar as it seeks summary judgment in favor of Argent and Wells Fargo on Claim Two.

2.  GRANTED insofar as it seeks summary judgment in favor of Argent and Wells Fargo on the remainder of the plaintiffs' claims against them.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 27, 2007.

BY THE COURT:

 s/ Boyd N. Boland                        
United States Magistrate Judge

17