IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02364-REB-BNB

THOMAS SMITH, and
PAM SMITH, husband and wife,

Plaintiffs,

v.

ARGENT MORTGAGE COMPANY, LLC.,
WELLS FARGO BANK, N.A.,
HOMEQ SERVICING CORPORATION, and
HOPP & SHORE, LLC,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Plaintiffs' Motion for Summary Judgment Against All Defendants** [Doc. #133, filed 1/30/07] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

### I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all

reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Rule 56(c), Fed.R.Civ.P., provides that summary judgment may be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Id. at 324.

Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985). Affidavits must be based on personal knowledge and must set forth facts that would be admissible in evidence. Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995) (quotations and citation omitted). "Conclusory and self-serving affidavits are not sufficient." Id.

## II.  ANALYSIS

The plaintiffs seek summary judgment on all of their claims. Because the plaintiffs' Statement of Facts contains conclusory factual statements and numerous legal conclusions, I will address the undisputed material facts as they pertain to the claims against each defendant.

### A.  Claims Against Defendant Hopp & Shore, LLC

Plaintiffs, Thomas and Pam Smith, filed their Verified Complaint (the "Complaint") on November 22, 2005.  The Complaint asserts four causes of action against defendant Hopp & Shore: (1) quiet title; (2) violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; (3) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(b); and (4) declaratory judgment.  On August 23, 2006, all claims were dismissed as against Hopp & Shore except Claim Four, the claim for violations of the FDCPA [Doc. #73, filed 8/23/06].

The FDCPA requires a debt collector to send the consumer written notice containing:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

If the consumer properly disputes the debt, the statute requires the debt collector to cease collection of the debt and provide verification of the debt as follows:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b).

The parties do not dispute that Hopp & Shore sent the plaintiffs proper notice under the FDCPA as required by section 1692g(a). The plaintiffs' FDCPA claim alleges that defendants Hopp & Shore violated the FDCPA by failing to obtain verification and validation of the alleged debt after the plaintiffs timely disputed it. *Complaint*, p. 8, ¶ 55.

Hopp & Shore argues that the plaintiffs are not entitled to summary judgment because the plaintiffs did not timely dispute the debt. *Defendant's Hopp & Shore LLC's Response to Plaintiffs' Motion for Summary Judgment* [Doc. #159] ("Hopp & Shore's Response"), pp. 2-3.

Hopp & Shore asserts this same argument in a separate motion wherein it seeks summary judgment on the FDCPA claim. *Motion for Summary Judgment in Favor of Defendant, Hopp & Shore, LLC and Against Plaintiffs, Thomas and Pam Smith* [Doc. #130, filed 1/26/07]. In my recommendation that Hopp & Shore's motion for summary judgment be denied, I found that a

material fact dispute exists regarding whether the plaintiffs timely disputed the debt. Hopp & Shore provided evidence that the plaintiffs did not timely dispute the debt in the form of a sworn statement from Robert Hopp. *Affidavit of Robert J. Hopp in Support of Defendant Hopp & Shore, LLC* [sic] *Motion for Summary Judgment* ("Second Hopp Affidavit") [Doc. #160], ¶¶ 5-6. However, the plaintiffs provided a declaration under penalty of perjury that they did timely provide the required notice to Hopp & Shore. *Declaration of Pam Smith and Thomas Smith in Support of Plaintiffs' Response in Opposition . . . .* [Doc. #158, filed 2/20/07]("Smith Declaration"), ¶ 1. The parties have both provided competent evidence to create a material fact dispute whether the plaintiffs timely disputed the debt. Therefore, neither party is entitled to summary judgment. Accordingly,

I respectfully RECOMMEND that the plaintiffs' Motion be DENIED insofar as it seeks summary judgment on its FDCPA claim against Hopp & Shore.

### B.  Claims Against Defendant HomeEq Servicing Corporation

The Complaint asserts four causes of action against defendant HomeEq Servicing Corporation ("HomEq"): (1) quiet title; (2) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; (3) violations of the FDCPA, 15 U.S.C. § 1692g(b); and (4) declaratory judgment.

On January 31, 2007, HomEq filed a motion for summary judgment. *Defendant HomeEq Servicing Corporation's Motion for Summary Judgment* [Doc. #142, filed 1/31/07]. By a separate recommendation, I recommended that the plaintiffs' claims for quiet title and declaratory judgment be dismissed for lack of jurisdiction. I further recommended that summary judgment be granted in favor of HomEq on the plaintiffs' TILA claim because (1) HomEq was not a part of

the original loan transaction and did not have any obligation under the TILA to provide the required disclosures, and (2) HomEq merely serviced the plaintiffs' loan and does not hold a security interest in the property and does not have any authority to rescind the loan. Finally, I recommended that the summary judgment enter in favor of HomEq on the plaintiffs' FDCPA claim because HomEq was not a debt collector under the FDCPA.

The plaintiffs have not set forth any additional evidence regarding the TILA or the FDCPA claims. Moreover, they have not provided any evidence to change my analysis regarding this Court's lack of jurisdiction over the quiet title and declaratory judgment claims as they pertain to HomEq. Accordingly, I respectfully RECOMMEND that the plaintiffs' Motion be DENIED insofar as it seeks summary judgment on their claims against HomEq.

### C. Claims Against Defendants Argent Mortgage Company, LLC. and Wells Fargo Bank, N.A.

The Complaint asserts three causes of action against defendants Argent Mortgage Company, LLC ("Argent") and Wells Fargo Bank, N.A. ("Wells Fargo"): (1) quiet title; (2) violations of the Truth in Lending act, 15 U.S.C. § 1601 *et seq.* ("TILA"); and (3) declaratory judgment. In addition, the Complaint asserts a claim for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA") against Argent, but not Wells Fargo.

#### 1. The RESPA Claim Against Argent

Under RESPA, "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a). The statute does not prohibit "the

payment of a fee . . . by a lender to its duly appointed agent for services actually performed in the making of a loan" or "the payment to any person of a bona fide salary or compensation or other payment for goods or facilities actually furnished or for services actually performed." Id. at § 2607(c).

On January 31, 2007, the Argent and Wells Fargo filed a motion for summary judgment [Doc. #140] ("Argent and Wells Fargo's Motion for Summary Judgment"). In a separate recommendation, I recommended that summary judgment enter in favor of Argent on the plaintiffs' RESPA claim because the undisputed facts in this case demonstrate that (1) Dana Capital Group offered compensable services in conjunction with the transaction, including originating the plaintiffs' loan, completing the plaintiffs' application and credit report, and processing the plaintiffs' loan, and (2) the total compensation received by Dana Capital Group for the services was reasonably related to the services provide by Dana Capital Group. *Motion*, Exhibit A, ¶¶ 7-8 and Exhibit A(5). The plaintiffs have not provided any additional evidence regarding this claim. Accordingly, I respectfully RECOMMEND that the plaintiffs' Motion be DENIED insofar as it seeks summary judgment on the RESPA claim.

### 2. The TILA Claims Against Argent and Wells Fargo

In Claim Two of the Complaint, the plaintiffs allege that Argent and Wells Fargo failed to make the disclosures required by TILA. *Complaint*, p. 6, ¶ 39. Claim Two further alleges that the plaintiffs timely rescinded the transaction. Id. at ¶ 43. Finally, Claim Two seeks release of

the security interest in the property and a refund of all money advanced in connection with the loan. Id. at ¶¶ 45-48.[1]

In a closed-end credit transaction such as the one in this case, TILA requires the creditor to disclose to the consumer certain items. 15 U.S.C. §§ 1631, 1632, 1635, 1638. The plaintiffs seek summary judgment on Claim Two based on the defendants' failure to provide proper notice of their right to rescind the transaction. *Motion*, ¶ 35.

Under TILA, Argent was required to "clearly and conspicuously disclose" to the plaintiffs "in accordance with regulations of the Board [of Governors of the Federal Reserve System]" notice of their right to rescind the transaction. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.1(a). The regulations require that the notice be on a separate document and that two copies of the notice be provided to each consumer who is entitled to rescind. 12 C.F.R. § 226.23(b)(1).

The regulations provide that "[i]n a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction . . . ." 12 C.F.R. § 226.23(a)(1). The parties have stipulated that both plaintiffs are owners of the property in dispute. *Scheduling Order* [Doc. #90], p. 8, ¶ 1. Therefore, both plaintiffs have a right to rescind the transaction, and both plaintiffs are entitled to two copies of the notice of the right to rescind.

---

[1]In their motion for summary judgment, Argent and Wells Fargo sought summary judgment on the basis that (1) the plaintiffs received all of the required disclosures, and (2) the plaintiffs' notice of rescission was untimely. *Argent and Wells Fargo's Motion for Summary Judgment*, pp. 6-13. I have recommended that the defendants' summary judgment motion be denied as to the TILA claim because I found that, although the plaintiffs received most of the required disclosures, they did not receive proper notice of their right to rescind and their notice to rescind was, therefore, timely.

"The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice . . ., or delivery of all material disclosures, whichever occurs last." Id. at § 226.23(a)(3). If proper notice is not provided, the right to rescind is extended to three years after consummation of the transaction, or upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. Id.

It is undisputed that both Mr. and Mrs. Smith signed the Notice of Right to Cancel, which states that "[t]he undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL, and one copy of the Federal Truth In Lending Disclosure Statement, all given by lender in compliance with Truth In Lending Simplification and Reform Act of 1980 . . . ." *Argent and Wells Fargo's Motion for Summary Judgment*, Exhibit A(6). Written acknowledgment of receipt of the notice creates a rebuttable presumption of delivery. 15 U.S.C. § 1635(c). The defendants assert that the plaintiffs have no evidence to rebut the presumption of delivery. *Defendants Argent Mortgage Company, LLC's and Well* [sic] *Fargo Bank, N.A.'s Response in Opposition to Plaintiff's Motion for Summary Judgment* [Doc. #161] ("Argent and Wells Fargo's Response"), p. 6.

The plaintiffs assert that the presumption of delivery is rebutted by the following undisputed fact as stated in the Scheduling Order:

> At the closing on February 19, 2005, the closing company, the Escrow Company, gave Thomas Smith and Pam Smith each a copy of the Notice of Right to Cancel, for a total of two copies.

*Plaintiffs' Verified Reply to Defendants Argent Mortgage Company, LLC and Wells Fargo Bank, N.A.'s Response in Opposition to Plaintiffs' Motion for Summary Judgment* [Doc. #179], ¶ 20 (citing to *Scheduling Order* [Doc. #90], p. 9, ¶ 5).

9

This undisputed factual statement constitutes an admission by the defendants that Mr. and Mrs. Smith were given a total of two copies of the Notice of Right to Cancel, instead of a total of four copies as required by TILA. The defendants' admission is not only sufficient to rebut the presumption of delivery, it is dispositive of the issue.

Argent's failure to provide each of the plaintiffs with two copies of the Notice of Right to Cancel constitutes a violation of TILA. 12 C.F.R. § 226.23(b)(1). TILA is a remedial statute, designed to prevent predatory creditor practices, and must be liberally construed in favor of the consumer. Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002); James v. Ford Motor Credit Co., 638 F.2d 147, 149 (10th Cir. 1980).

> A creditor who fails to comply with TILA in any respect is liable to the consumer under the statute regardless of the nature of the violation or the creditor's intent. The Supreme Court has instructed courts to defer to the interpretation of TILA provided in 12 C.F.R. § 226, which was promulgated by the Federal Reserve Board pursuant to expansive authority granted by Congress.

Cooper v. First Gov't Mortgage and Investors Corp., 238 F.Supp.2d 50, 63-65 (D.D.C. 2002) (citing Anderson Bros. Ford v. Valencia, 452 U.S. 205, 219 (1981)) (other internal citations omitted) (denying lender's motion for summary judgment on consumer's claim for rescission under TILA because of material fact dispute regarding whether lender provided consumer with two copies of notice of right to cancel and finding provision of only one copy insufficient under TILA). "The requirement as to the number of copies is a substantive requirement of the TILA regulations which cannot be altered based on a court's determination of the 'materiality' of the number of copies in a particular transaction. Davison v. Bank One Home Loan Services, No. 01-2511, 2003 WL 124542, at *5 (D.Kan. Jan. 13, 2003) (denying lender's motion for summary

judgment on consumers' claim for rescission under TILA because of material fact dispute regarding whether lender provided husband and wife each with two copies of notice of right to cancel and finding provision of only one copy each insufficient under TILA).

Because Argent failed to provide each of the plaintiffs with two copies of the notice, the plaintiff's right to rescind is extended to three years after consummation of the transaction, or upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. 12 C.F.R. § 226.23(a)(3). It is undisputed that the plaintiffs sent a notice of rescission to Argent, Wells Fargo, HomEq, and Ameriquest on October 3, 2005. *Motion*, ¶ 18; *Complaint*, ¶ 30 and Exhibit B. The plaintiffs' notice of rescission is timely because it occurred within three years after consummation of the transaction.

However, the plaintiffs are wrong insofar as they assert that the transaction was automatically rescinded and the lender's security interest was automatically voided upon the notice of rescission. *Motion*, ¶ 39. The plaintiffs' notice of rescission is one step only in the rescission process. Ramirez v. Household Finance Corp. III, 329 B.R. 727 (D. Kan. 2005). "[I]t cannot be that the security interest vanishes immediately upon the giving of notice. Otherwise, a borrower could get out from under a secured loan simply by *claiming* TILA violations, whether or not the lender had actually committed any." Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) (emphasis in original).

Prior to ordering rescission, this Court has the equitable power to require that the plaintiffs provide proof of their ability to repay the loan proceeds advanced by Argent. American Mortgage Network, Inc. v. Shelton, — F.3d —, No. 06-1576, 2007 WL 1398978 (4th Cir. May

14, 2007) Yamamoto, 329 F.3d 1167; Large v. Conseco Finance Servicing Corp., 292 F.3d 49 (1st Cir. 2002); Williams v. Homestake Mortg. Co., 968 F.2d 1137, 1140 (11th Cir. 1992).

> Though one goal of the statutory rescission process is to place the consumer in a much stronger bargaining position, another goal of § 1635(b) is to return the parties most nearly to the position they held prior to entering into the transaction. The addition of the last sentence of § 1635(b), stating that "[t]he procedures prescribed by this subsection shall apply except when otherwise ordered by a court," was added by the Truth in Lending Simplification and Reform Act, Pub.L. No. 96-221, tit. VI, § 612(a)(4), 94 Stat. 168, 175 (1980) (codified as amended at 15 U.S.C. § 1635(b) (1988)) ("Simplification and Reform Act"), and is a reflection of this equitable goal. Prior to the statute's amendment, the majority of circuit courts that addressed this issue permitted judicial modification of the statutory rescission process. Rudisell v. Fifth Third Bank, 622 F.2d 243 (6th Cir.1980); Powers v. Sims & Levin, 542 F.2d 1216 (4th Cir.1976); Rachbach v. Cogswell, 547 F.2d 502 (10th Cir.1976); LaGrone v. Johnson, 534 F.2d 1360 (9th Cir.1976); Palmer v. Wilson, 502 F.2d 860 (9th Cir.1974). Despite a lack of Congressional sanction for such action, these courts relied on their equity powers to fashion rescission procedures not contemplated by the Act.

Homestake Mortg. Co., 968 F.2d at 1140.

In deciding whether to impose conditions for rescission upon a consumer, the court should consider "traditional equitable notions" such as the severity of the TILA violation and the ability of the consumers to repay the principal amount. Id. at 1142. "While the goal should always be to restore the parties to the status quo ante, rescission must also maintain its vitality as an enforcement tool." Id.

The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit . . . ." 15 U.S.C. § 1601 (1982). "The most important disclosures

mandated are those on which consumers can compare competing loans--the finance charge and annual percentage rate." Herrera v. First Northern Sav. and Loan Ass'n, 805 F.2d 896, 900 (10th Cir. 1986).

Here, Argent failed to provide the plaintiffs with the required number of copies of the Notice of Right to Cancel; it did not fail to provide actual notice of the right to rescind. Therefore, its violation of TILA did not frustrate the primary purpose of the statute. The plaintiffs, on the other hand, demonstrated an inability to make their loan payments, and indeed stopped paying the loan several months prior to sending their notice to rescind to the lender. *Recommendation on Argent and Wells Fargo's Motion for Summary Judgment* and *Recommendation on HomEq's Motion for Summary Judgment*, "Undisputed Material Facts." Under these circumstances, the Court should exercise its equitable powers to determine whether rescission is appropriate and, if so, under what conditions rescission should occur.

I respectfully RECOMMEND that the Motion be GRANTED on Claim Two to the extent that Argent failed to make the disclosures required by TILA and that the plaintiffs timely rescinded the transaction. I further RECOMMEND that the Motion be DENIED on Claim Two insofar as the plaintiffs seek a release of the security interest in the property and a refund of all money advanced in connection with the loan. I further RECOMMEND that the Court hold an evidentiary hearing to determine whether rescission is appropriate and, if so, under what conditions rescission should occur.

**3. The Claims for Quiet Title and Declaratory Judgment Against Argent and Wells Fargo**

Claim One alleges that all of the defendants' claims to any right, title, or interest in the property are "false and without merit." *Complaint*, p. 6, ¶ 38. Claim One seeks a "decree

quieting title" to the plaintiffs' property. Id. In Claim Five, the plaintiffs are seeking a declaration that the defendants do not have a secured interest in the plaintiffs' property. *Complaint*, p. 9, ¶ 62.

Because this Court has the equitable power to condition rescission on the plaintiffs' ability to repay the loan proceeds advanced by the lender, the security interest currently held by the lender is not void.

I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks summary judgment on Claims One and Four as against Argent and Wells Fargo.

## IV.  CONCLUSION

For all of these reasons, I respectfully RECOMMEND that the Motion [Doc. # 133] be GRANTED IN PART and DENIED IN PART as follows:

1. DENIED insofar as it seeks summary judgment on the plaintiffs' claim against Hopp & Shore;

2. DENIED insofar as it seeks summary judgment on the plaintiffs' claims against HomEq;

3. DENIED insofar as it seeks summary judgment on the RESPA claim against Argent;

4. GRANTED on Claim Two to the extent that Argent failed to make the disclosures required by TILA and that the plaintiffs timely rescinded the transaction.

5. DENIED on Claim Two insofar as plaintiffs seek a release of the security interest in the property and a refund of all money advanced in connection with the loan.

6. DENIED insofar as it seeks summary judgment on Claims One and Four as against Argent and Wells Fargo;

I further RECOMMEND that an evidentiary hearing be set to determine whether rescission is appropriate and, if so, under what conditions rescission should occur.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 27, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge