**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 05-cv-02364-REB-BNB

THOMAS SMITH, and
PAM SMITH, husband and wife,

Plaintiffs,

v.

ARGENT MORTGAGE COMPANY, LLC.,
WELLS FARGO BANK, N.A.,
HOMEQ SERVICING CORPORATION, and
HOPP & SHORE, LLC,

Defendants.

**ORDER CONCERNING RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on 1) the **Recommendation of United States Magistrate Judge** [#209]; 2) the **Recommendation of United States Magistrate Judge** [#210]; 3) the **Recommendation of United States Magistrate Judge** [#211]; 4) and the **Recommendation of United States Magistrate Judge** [#212], all filed June 27, 2007. Defendants Argent Mortgage Company LLC and Wells Fargo Bank, N.A. filed an objection [#217] addressing portions of the recommendations docketed as [#211 and #212]. The plaintiffs filed several objections, which are docketed as [#215, #219, #220, #221, and #222]. Responses to certain of the objections filed by the parties are docketed as [#218, #223. #224, and #225].

The recommendations address the following motions: 1) **Defendant HomeEq Servicing Corporation's Motion for Summary Judgment** [#142], filed January 31, 2007; 2) **Motion for Summary Judgment in Favor of Defendant, Hopp & Shore, LLC and Against Plaintiffs, Thomas and Pam Smith** [#130], filed January 26, 2007; 3) **Defendant Argent Mortgage Company, LLC and Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Accompanying Brief in Support** [#140], filed January 31, 2007; and 4) **Plaintiff's Motion for Summary Judgment Against All Defendants** [#133], filed January 30, 2007.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendations to which objections have been filed, and have considered carefully the recommendations, the objections, and the applicable law.  To the extent the recommendations have drawn no objection from any party, I review the recommendations only for plain error.  *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).[1]   In addition, because the plaintiffs are proceeding *pro se*, I have construed their pleadings and papers more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  ***Erickson v. Pardus***, ___ U.S.___, 127 S. Ct. 2197, 2200 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Belmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).

### I. HOMEEQ SERVICING CORPORATION

**Defendant HomeEq Servicing Corporation's Motion for Summary Judgment**

---

[1]This standard pertains even though plaintiffs are proceeding *pro se.*  ***Morales-Fernandez***, 418 F.3d at 1122.

[#142], filed January 31, 2007, is addressed in the recommendation docketed as [#209], filed June 27, 2007. The recommendation is detailed and well-reasoned. Therefore, I find and conclude that the arguments advanced, the authorities cited, and the findings of fact, conclusions of law and recommendation proposed by the Magistrate Judge should be approved and adopted. The plaintiffs' objections to this recommendation [#219 & 220] are overruled. HomeEq Servicing Corporation's motion for summary judgment [#142] is granted. HomeEq is named as a defendant in the first, second, fourth, and fifth causes of action.

## II.  HOPP & SHORE

The **Motion for Summary Judgment in Favor of Defendant, Hopp & Shore, LLC and Against Plaintiffs, Thomas and Pam Smith** [#130], filed January 26, 2007, is addressed in the recommendation docketed as [#210], filed June 27, 2007. The recommendation is detailed and well-reasoned. Therefore, I find and conclude that the arguments advanced, the authorities cited, and the findings of fact, conclusions of law and recommendation proposed by the Magistrate Judge should be approved and adopted. The plaintiffs' objections to this recommendation [#219 & #221] are overruled. Hopp & Shore's motion for summary judgment [#130] is denied. The only remaining claim against Hopp & Shore is a claim under the Fair Debt Collection Practices Act, stated in the fourth cause of action.

## III.  ARGENT MORTGAGE & WELLS FARGO BANK

**Defendant Argent Mortgage Company, LLC and Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Accompanying Brief in Support** [#140], filed January 31, 2007, is addressed in the recommendation docketed as [#211], filed June

27, 2007. The plaintiffs' objection [#222] addresses this recommendation. The objection [#217] filed by Argent Mortgage Company LLC and Wells Fargo Bank, N.A. concerns the magistrate judge's conclusion that Argent and Wells Fargo made a key admission in the Scheduling Order in this case. This objection implicates also the plaintiffs' motion for summary judgment. This objection is discussed and resolved in Section IV, below.

### A.  First, Third, & Fifth Causes of Action

I agree withe the Magistrate Judge's conclusion that Argent and Wells Fargo are entitled to judgment as a matter of law on the plaintiffs' first (quiet title), and fifth (declaratory judgment) causes of action, as alleged in the complaint. Viewing the undisputed facts in the record in the light most favorable to the plaintiffs, no rational trier of fact could find for the plaintiffs on these claims. I agree also with the Magistrate Judge's conclusion that Argent is entitled to summary judgment on the plaintiffs' third cause of action (Real Estate Settlement Procedures Act). Argent is the only defendant named in the third cause of action. Viewing the undisputed facts in the record in the light most favorable to the plaintiffs, no rational trier of fact could find for the plaintiffs on this claim.

### B.  Second Cause of Action - TILA Claims Against Argent & Wells Fargo

Argent and Wells Fargo are named also as defendants in the plaintiffs' second cause of action, a claim under the Truth in Lending Act (TILA). This case involves a home loan made by Argent to the plaintiffs, which loan is secured by a deed of trust. The plaintiffs and Argent executed the documents related to the loan transaction at a closing held on February 18, 2005, and the plaintiffs received the proceeds of the loan.

As outlined throughly in the recommendation, the plaintiffs have alleged that Argent and/or Wells Fargo violated the Truth in Lending Act in ten different ways. *Recommendation* [#211], filed June 27, 2007, pp. 8 - 11.  The Magistrate Judge's recommendation includes ten numbered paragraphs that accurately describe each of the ten different ways in which the plaintiffs allege that Argent and Wells Fargo violated the TILA.  *Id*.  I agree with the conclusion of the Magistrate Judge that the undisputed facts in the record demonstrate that the plaintiffs have no viable TILA claim based on any of the first nine alleged TILA violations, as enumerated in the recommendation.  The tenth violation alleged by the plaintiffs is based on their claim that Argent did not provide the plaintiffs with sufficient copies of the Notice of Right To Cancel at the February 18, 2005, closing.

The Magistrate Judge recommends that Argent and Wells Fargo's motion for summary judgment be denied to the extent they seek judgment on the plaintiffs' second cause of action, which is the plaintiffs' TILA claim.  Having reviewed the record, I conclude that both Argent and Wells Fargo are entitled to summary judgment on the plaintiffs' TILA claim, plaintiffs' second cause of action, to the extent this claim is based on the alleged violations of the TILA enumerated as items one through nine in the recommendation.  *Recommendation* [#211], filed June 27, 2007, pp. 8 - 11.   There are no genuine issues of material fact as to these nine alleged violations of the TILA.  Viewing the facts in the record in the light most favorable to the plaintiffs, no rational trier of fact could find in favor of the plaintiffs on these nine alleged violations of the TILA.  Argent and Wells Fargo are entitled to judgment as a matter of law as to these nine alleged violations of the TILA.  To the extent the Magistrate Judge's

5

recommendation can be read to recommend that summary judgment not be granted as to these nine alleged violations of the TILA, I respectfully disagree. Argent and Wells Fargo's motion for summary judgment [#140] is granted as to these nine alleged violations of the TILA.

Having reviewed the record, I conclude that there remains a genuine issue of material fact concerning the tenth alleged violation of the TILA, as enumerated in the recommendation, at page 11. This alleged violation of the TILA concerns the number of copies of the notice of right to cancel that were received by each of the plaintiffs at the closing. To the extent the plaintiffs' TILA claim, the second cause of action in their complaint, is based on the tenth alleged violation enumerated in the recommendation, Argent and Wells Fargo's motion for summary judgment is denied. As discussed in Section IV, below, I respectfully reject the Magistrate Judge's conclusion that Argent and Wells Fargo have admitted conclusively that the plaintiffs did not receive the required number of copies of the notice of right to rescind at the closing. This tenth alleged violation of the TILA is discussed further in Section IV, below.

### C.  Conclusion

I approve and adopt the Magistrate Judge's recommendation [#211] that Argent and Wells Fargo's motion for summary judgment be granted as to the first, third, and fifth causes of action. For the reasons discussed above, I respectfully reject the Magistrate Judge's recommendation to the extent the Magistrate Judge recommends that Argent and Wells Fargo's motion for summary judgment be denied as to the nine alleged violations of the TILA enumerated in the recommendation at pages eight through eleven. Argent and Wells Fargo's motion for summary judgment is granted as

to these nine alleged violations of the TILA.  To the extent the plaintiffs' TILA claim, their second cause of action, is based on the tenth alleged violation enumerated in the recommendation, at page eleven, I conclude that there remains a genuine issue of material fact which precludes summary judgment.  This tenth aspect of the plaintiffs' TILA claim is discussed further in Section IV, below.  The plaintiffs' objection [#222] to this recommendation is overruled.

### IV.  PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

The **Plaintiff's Motion for Summary Judgment Against All Defendants** [#133], filed January 30, 2007, is addressed in the **Recommendation of United States Magistrate Judge** [#212], filed June 27, 2007.  The plaintiffs seek summary judgment in their favor on all of their claims against all defendants.  The plaintiffs' objection [#219] addresses this recommendation.  The objection [#217] filed by Argent Mortgage Company LLC and Wells Fargo Bank, N.A. concerns the magistrate judge's recommendation that the plaintiffs' motion for summary judgment be granted as to the plaintiff's claim under the TILA.

#### A.  First, Third, Fourth, & Fifth Causes of Action

As discussed above, I agree with the Magistrate Judge that the undisputed facts in the record demonstrate that HomeEq Servicing Corporation is entitled to judgment as a matter of law on the plaintiff's claims against it.  I agree also with the Magistrate Judge that the plaintiffs have not established an entitlement to judgment as a matter of law on any of their claims against HomeEq Servicing Corporation.  The plaintiffs' motion for summary judgment [#133] is denied as to their claims against HomeEq Servicing Corporation.

As discussed above, I agree with the Magistrate Judge that Hopp & Shore's motion for summary judgment must be denied. The plaintiffs have alleged a Fair Debt Collection Practices Act (FDCPA) claim against Hopp & Shore, and they seek summary judgment on this claim. I agree with the Magistrate Judge's conclusion that the evidence in the record demonstrates there remain genuine issues of material fact relevant to this claim. These genuine issues of material fact preclude the entry of judgment in favor of the plaintiffs on this claim. Therefore, I approve and adopt the Magistrate Judge's recommendation [#212] that the plaintiffs' motion for summary judgment on its FDCPA claim against Hopp & Shore be denied. The only remaining claim against Hopp & Shore is a claim under the Fair Debt Collection Practices Act, stated in the fourth cause of action.

As discussed above, I agree with the Magistrate Judge's recommendation [#211] that Argent and Wells Fargo's motion for summary judgment be granted as to the plaintiffs' first, third, and fifth causes of action. I agree also with the Magistrate Judge's conclusion that the plaintiffs are not entitled to summary judgment on their first, third, and fifth causes of action. The record established by the parties does not demonstrate that the plaintiffs are or may be entitled to any relief on these claims. Therefore, I approve and adopt the Magistrate Judge's recommendation [#212] that the plaintiffs' motion for summary judgment on their first, third, and fifth causes of action be denied. The plaintiffs' motion for summary judgment [#133] is denied as to their first, third, and fifth causes of action.

### B. Second Cause of Action - TILA Claims Against Argent & Wells Fargo

Finally, the plaintiffs seek summary judgment on their second cause of action,

their claims under the TILA. Again, I conclude that Argent and Wells Fargo are entitled to summary judgment on the plaintiffs' TILA claim, plaintiffs' second cause of action, to the extent this claim is based on the alleged violations of the TILA enumerated as items one through nine in the Magistrate Judge's recommendation addressing Argent and Wells Fargo's motion for summary judgment. *Recommendation* [#211], filed June 27, 2007, pp. 8 - 11. Nothing in the plaintiffs' motion for summary judgment demonstrates the existence of any genuine issue of material fact concerning these nine aspects of the plaintiffs' TILA claim. Therefore, the plaintiffs' motion for summary judgment [#133] is denied as to these nine aspects of their TILA claim.

The Magistrate Judge recommends that the plaintiffs' motion for summary judgment be granted to the extent the plaintiffs claim that Argent failed to make the disclosures required by the TILA, and that the plaintiffs timely rescinded the transaction. For the reasons outlined below, I respectfully disagree with this recommendation.

The TILA required Argent to provide each plaintiff, at the closing, with two copies of a notice of right to rescind the loan transaction that is at the heart of this case. The applicable regulations require that the notice be on a separate document and that two copies of the notice be provided to each consumer who is entitled to rescind. 12 C.F.R. § 226.23(b)(1). The plaintiffs claim that they each did not receive two copies of this notice at the closing. *Verified Complaint* [#1], filed November 22, 2005, ¶ 26. Argent and Wells Fargo argue that the plaintiffs each received two copies of the notice at closing. Argent and Wells Fargo note that each of the plaintiffs singed an acknowledgment stating that they each received two copies of the notice of right to

9

cancel. *Argent & Wells Fargo's motion for summary judgment* [#140], filed January 31, 2007.

The regulations promulgated under the TILA provide that a consumer may exercise the right to rescind a transaction until midnight on the third business day following consummation, delivery of the notice, or delivery of all material disclosures, whichever occurs last. 12 C.F.R. § 226.23(a)(3). If proper notice is not provided, however, then the right to rescind is extended to three years after consummation of the transaction, or on transfer of all of the consumer's interest in the property, or on sale of the property, whichever occurs first. *Id*. The plaintiffs claim that their transaction is subject to the extended three year deadline, because they did not receive the required number of copies of the notice of right to cancel. They claim further that they exercised their right to rescind within this extended, three-year deadline.

The Magistrate Judge concluded in his recommendation that there is no disputed issue of fact concerning the number of copies of the notice of right to rescind that were delivered to the plaintiffs at the closing. This conclusion was based on a statement included in the Scheduling Order in this case, under the caption "Undisputed Facts." That statement says: "At the closing on February 19, 2005, the closing company, the Escrow Company, gave Thomas Smith and Pam Smith each a copy of the Notice of Right to Cancel, for a total of two copies." *Scheduling Order* [#90], filed October 23, 2006, p. 9, ¶ 5. The Magistrate Judge found that this statement in the Scheduling Order constitutes and admission by Argent and Wells Fargo. Given this admission, the Magistrate Judge concluded, there is no dispute that the plaintiffs each received only one copy of the notice of right to rescind at the closing. If this fact is

undisputed, then the plaintiffs are entitled to summary judgment to the extent that Argent failed to make the disclosures required by the TILA, and that the plaintiffs rescinded the transaction within the applicable three-year time period.

I respectfully disagree with the Magistrate Judge's conclusion that the above quoted statement in the Scheduling Order constitutes an admission by Argent and Wells Fargo that is binding on Argent and Wells Fargo. Before the Scheduling Order was filed, Argent and Wells Fargo filed their answers to the complaint. In their answers, both Argent and Wells Fargo denied the plaintiffs' allegation that the plaintiffs did not receive the required number of copies of the notice of right to rescind. *Wells Fargo's* answer [#75], filed September 5, 2006; *Argent's answer* [#83], filed September 12, 2006. As Argent and Wells Fargo note, the Scheduling Order was entered shortly after the answers were filed. The Final Pretrial Order [#195], filed April 19, 2007, also indicates that the number of copies of the notice of right to rescind received by the plaintiffs is disputed. Generally, a scheduling order does not carry the binding effect of a pretrial order. A statement in a scheduling order generally is meant to focus and guide a case, but it does not constitute a judicial admission under FED. R. CIV. P. 8(d). In the context of the record in this case, I conclude that the above quoted statement in the Scheduling Order cannot be construed as a binding judicial admission which overcomes and obviates Argent and Wells Fargo's otherwise consistent denials of the plaintiffs' claim that the plaintiffs did not receive the required number of copies of the notice of right to rescind at the closing.

In short, the plaintiffs have filed their Verified Complaint in which they claim that they did not receive the required number of copies of the notice of right to rescind.

11

Wells Fargo and Argent have denied this allegation, and have submitted evidence that supports this denial, including the plaintiffs' signed an acknowledgments stating that they each received two copies of the notice of right to cancel, as required by law. These two pieces of evidence, by themselves, indicate that there remains a genuine issue of material fact on the question of the number of copies of the notice of right to rescind that were delivered to the plaintiffs at the closing. This disputed issue of fact precludes the entry of summary judgment for the plaintiffs on their second claim for relief to the extent that claim is based on the tenth alleged TILA violation enumerated in the Magistrate Judge's recommendation.

### C.  Conclusion

I approve and adopt the Magistrate Judge's recommendation [#212] that the plaintiffs' motion for summary judgment be denied as to their first, third, fourth, and fifth causes of action. For the reasons discussed above, I respectfully reject the magistrate judge's recommendation that the plaintiffs' motion for summary judgment be granted as to their second cause of action to the extent that Argent failed to make the disclosures required by the TILA, and that the plaintiffs timely rescinded the transaction. I conclude also that the plaintiffs' motion for summary judgment must be denied as to all other aspects of the second cause of action. Argent and Wells Fargo's objections [#217] to this recommendation are sustained. The plaintiffs' objections [#219] to this recommendation are overruled.

### E.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#209], filed

June 27, 2007, is **APPROVED AND ADOPTED** as an order of the court;

2. That **Defendant HomeEq Servicing Corporation's Motion for Summary Judgment** [#142], filed January 31, 2007, is **GRANTED**;

3. That this case is **DISMISSED** as to defendant HomeEq Servicing Corporation;

4. That the caption of this case is **AMENDED** to remove HomeEq Servicing Corporation as a named defendant;

5. That the **Recommendation of United States Magistrate Judge** [#210], filed June 27, 2007, is **APPROVED AND ADOPTED** as an order of the court;

6. That the **Motion for Summary Judgment in Favor of Defendant, Hopp & Shore, LLC and Against Plaintiffs, Thomas and Pam Smith** [#130], filed January 26, 2007, is **DENIED**;

7. That the **Recommendation of United States Magistrate Judge** [#211], filed June 27, 2007, is **APPROVED AND ADOPTED** as an order of the court to the extent it recommends that **Defendant Argent Mortgage Company, LLC and Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Accompanying Brief in Support** [#140], filed January 31, 2007, be granted as to the plaintiffs' first, third, and fifth causes of action;

8. That **Defendant Argent Mortgage Company, LLC and Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Accompanying Brief in Support** [#140], filed January 31, 2007, is **GRANTED** as to the plaintiffs' first, third, and fifth causes of action;

9. That the **Recommendation of United States Magistrate Judge** [#211], filed

13

June 27, 2007, is respectfully **REJECTED** to the extent it an be read to recommend that **Defendant Argent Mortgage Company, LLC and Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Accompanying Brief in Support** [#140], filed January 31, 2007, be denied as to the nine aspects of the plaintiffs' TILA claim enumerated in the recommendation at pages eight to eleven;

10. That **Defendant Argent Mortgage Company, LLC and Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Accompanying Brief in Support** [#140], filed January 31, 2007, is **GRANTED** as to the nine aspects of the plaintiffs' TILA claim enumerated in the recommendation [#211] at pages eight to eleven;

11. That the **Recommendation of United States Magistrate Judge** [#211], filed June 27, 2007, is **APPROVED AND ADOPTED** to the extent the Magistrate Judge recommends that **Defendant Argent Mortgage Company, LLC and Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Accompanying Brief in Support** [#140], filed January 31, 2007, be denied as to the tenth aspect of the plaintiffs' TILA claim enumerated in the recommendation at page eleven;

12. That **Defendant Argent Mortgage Company, LLC and Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Accompanying Brief in Support** [#140], filed January 31, 2007, is **DENIED** as to the tenth aspect of the plaintiffs' TILA claim, as enumerated in the recommendation [#211] at page eleven, the claim that the plaintiffs' did not receive the required number of copies of the notice of right to rescind;

13. That the **Recommendation of United States Magistrate Judge** [#212], filed June 27, 2007, is **APPROVED AND ADOPTED** to the extent the Magistrate Judge recommends that the **Plaintiff's Motion for Summary Judgment Against All**

14

**Defendants** [#133], filed January 30, 2007, be denied;

14. That the **Recommendation of United States Magistrate Judge** [#212], filed June 27, 2007, is respectfully **REJECTED** to the extent the Magistrate Judge recommends that the **Plaintiff's Motion for Summary Judgment Against All Defendants** [#133], filed January 30, 2007, be granted;

15. That the **Plaintiff's Motion for Summary Judgment Against All Defendants** [#133], filed January 30, 2007, is **DENIED**;

16. That the plaintiffs' objections [#215, #219, #220, #221, and #222] are **OVERRULED**;

17. That the objection of Argent Mortgage Company LLC and Wells Fargo Bank, N.A. [#217] is **SUSTAINED**;

18. That the remaining claims in this case are

A) the second cause of action against defendants Argent Mortgage Company, LLC and Wells Fargo Bank, N.A., alleging a violation of the TILA based on the plaintiffs' allegation that they did not receive the required number of copies of the notice of right to rescind; and

B) the plaintiffs' fourth cause of action against defendant Hopp & Shore, LLC, alleging a violation of the Fair Debt Collection Practices Act.

Dated August 29, 2007, at Denver, Colorado.

                                                  **BY THE COURT:**

                                                  **s/ Robert E. Blackburn**
                                                  **Robert E. Blackburn**
                                                  **United States District Judge**