IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02364-REB-BNB

THOMAS SMITH, and
PAM SMITH, husband and wife,

Plaintiffs,

v.

ARGENT MORTGAGE COMPANY, LLC.,
WELLS FARGO BANK, N.A., and
HOPP & SHORE, LLC,

Defendants.

_____

**ORDER**
_____

This matter is before me on the **Joint Motion for Imposition of Sanctions Pursuant to Fed. R. Civ. P. 30(d)(3), and to Compel Testimony Pursuant to Fed. R. Civ. P. 37(a)(2)(B), and Request for Forthwith Ruling** [Doc. #126, filed 1/24/07] (the "Motion"), submitted by defendants Argent Mortgage Company, LLC ("Argent"), and Wells Fargo Bank, N.A. ("Wells Fargo"); former defendant HomEq Servicing Corporation; and former third-party defendant The Escrow Factory. For the following reasons, the Motion is DENIED.

The plaintiffs are proceeding *pro se*. They assert in their complaint, among other things, that the defendants failed to make the disclosures required by the Truth In Lending Act, 15 U.S.C. §§ 1602 et seq., and violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(b).

The defendants seek monetary sanctions against the plaintiffs and an order compelling plaintiff Pamela Smith to appear for a deposition based on her failure to attend a deposition on January 19, 2007. *Motion*, ¶ 1.

I held a hearing on this Motion on March 20, 2007. At the hearing, defense counsel stated that in light of the status of the case (*i.e.*, that summary judgment motions have already been filed), they no longer seek to compel testimony from the plaintiffs. Consequently, the request to compel the testimony of Ms. Smith as moot, and I address only the defendants' motion for sanctions.

The Motion is based on the following:

1. The parties began the deposition of Ms. Smith on January 9, 2007, at the office of defense counsel in Denver, Colorado. *Motion*, Ex. A. The parties agreed to continue the deposition to January 19, 2007, to allow Ms. Smith time to refresh her recollection with notes and documents that were located at her home in Silverthorne, Colorado. Id. At the request of the parties, on January 9, 2007, I issued an order extending the discovery deadline for one week for the sole purpose of continuing the deposition of Ms. Smith. Id. at Ex. B.

2. Counsel for Argent and Wells Fargo issued a Notice of Continued Videotaped Deposition on January 12, 2007, noticing the deposition for January 19, 2007, to be held in the jury room adjoining my chambers. Id. at Ex. C. The notice was served on Ms. Smith via email and Federal Express. Id. In addition, the week prior to the continued deposition, counsel for The Escrow Factory sent a letter to Ms. Smith confirming the continued deposition and its location in my jury room. Id. at Ex. G, 6:12-7:24.

    3. On the morning of January 19, 2007, counsel for all defendants convened in the jury room for the continued deposition. Id. at Ex. G. At approximately 9:00 a.m., one of the counsel received an email indicating that Ms. Smith had mistakenly gone to the law firm for her deposition instead of the courthouse. Id. at Ex. F; Ex. G, 5:11-13. An individual at the law firm provided Ms. Smith with directions to the courthouse and the telephone number for my chambers. Id. at Ex. F; Ex. G, 5:13-16.

    4. Fifteen minutes later, Ms. Smith called the law firm and informed the receptionist that she was going home because she did not feel well and that she would not be appearing at the continued deposition. Id. at Ex. E. Ms. Smith did not ask to speak to defense counsel or her assistant, nor did she leave any contact information. Id.

    Although the Motion seeks monetary sanctions and an order to compel Ms. Smith to attend her continued deposition--all based on Ms. Smith's failure to attend the continued deposition--the defendants refer to actions of both plaintiffs and seek an order compelling both plaintiffs to appear for Ms. Smith's continued deposition. *Motion*, ¶¶ 1, 12, 13, 14. I do not consider actions that are not pertinent to Ms. Smith's failure to attend her continued deposition, nor do I consider any request to compel Mr. Smith to attend the continued deposition of his wife.

    Similarly, the defendants state that "[a]t every turn, as further enumerated in Defendants' Response to Plaintiffs' Motion to Extend the Discovery Deadline, Plaintiffs have repeatedly refused to turn over the facts and evidence supporting their claims." *Motion*, ¶ 13. In their response to the plaintiffs' motion to extend, the defendants state that both plaintiffs refused to identify in their depositions "the initial facts underlying their claims in the complaint" and "failed to disclose relevant documents that were specifically requested by Defendant Argent Mortgage

Company in written discovery." *Joint Response in Opposition to Plaintiffs' Verified Motion for Extension of Discovery Deadline for 60 Days* [Doc. #123, filed 1/22/07] (the "Response"). However, the defendants have not filed a motion to compel this information, and I decline to address their summary allegations in the context of this Motion.[1]

The defendants assert that the plaintiff violated Rule 30(d)(3), Fed. R. Civ. P. Rule 30(d)(3) states:

> If the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof.

The defendants also assert a violation of Rule 37(a)(2)(A). *Motion*, ¶ 4. However, Rule 37(a)(2)(A) addresses a party's failure to make disclosures under Rule 26(a). The defendants state that "[w]here a party fails to answer a question propounded under Fed. R. Civ. P. 30, a court may issue an order compelling the deponent to answer the question. Fed. R. Civ. P.

---

[1] Moreover, I note that the defendants' Response complains of behavior on behalf of both plaintiffs. As to Ms. Smith, the defendants cite only to a deposition excerpt found at Exhibit C, 48:21-49:1. *Response*, ¶ 8. Ms. Smith's testimony is as follows:

> Q. Have you – have you made any requests of the defendants that they haven't yet responded to?
> A. I don't believe so. I believe I have everyone's documents. I got Hopp & Shore's recently. I believe I still – since I had so many documents to go through, I'm still looking through them.

*Response*, Exhibit C, 48:21-49:1.

The cited testimony is not relevant to any issue posed by the defendants' Motion.

4

37(a)(2)(A)." The defendants appear to be asserting a violation of Rule 37(a)(2)(B) which provides the following:

> If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order.

Rule 30(d)(3) is directed at conduct occurring during the deposition. See Advisory Committee Notes, 1983 Amendments regarding paragraph (3) and 2000 Amendments regarding Paragraph (3). See e.g., Ash Grove Cement Co. v. Wausau Ins. Co. 2007 WL 689576 at *3 (D. Kan. March 1, 2007). Rule 37(a)(2)(B) addresses a deponent's failure to answer a deposition question. The defendants are not seeking sanctions based on Ms. Smith's behavior at the deposition; they are seeking sanctions based on her failure to appear at the deposition.[2]

Rule 37(d) specifically provides for sanctions based on a party's failure to appear at a scheduled deposition. Rule 37(d) authorizes the court to impose sanctions "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

---

[2]Indeed, the defendants do not identify any specific questions that Ms. Smith failed to answer, nor do they seek answers to any specific questions.

The defendants base their Motion on the fact that Ms. Smith did not appear for the continued deposition. Ms. Smith states that she became sick after she left the defense attorney's office. She told the law firm's receptionist that "on her way down the elevator to the lobby she had to quickly get off and find a bathroom because she was ill." *Motion*, Ex. E, ¶ 3. At the hearing, she stated that she vomited at the law firm and had to stop twice on her drive home to vomit. She further stated that she talked to defense counsel and offered to reschedule her deposition from January 19, 2007, to January 24, 2007, and that defense counsel told her that everyone's schedule was open that day. The plaintiff further stated that nobody contacted her regarding whether the deposition could be reset to January 24, nor did anyone contact her with an alternative date. Under these circumstances, I conclude that the plaintiff's failure to attend the continued deposition was substantially justified.

I acknowledge that the defendants incurred the expense of convening the continued deposition for a short period of time. However, they had an opportunity to work with Ms. Smith to reschedule the continued deposition, but did not pursue it. They have not identified with any specificity the information they are lacking. To the contrary, they have conceded that compelling Ms. Smith's testimony would not be helpful at this time. Therefore, I find that the defendants have not suffered any substantial prejudice as a result of Ms. Smith's failure to attend the continued deposition. Accordingly,

IT IS ORDERED that the Motion is DENIED.

Dated September 17, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge