IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02364-REB-BNB

THOMAS SMITH, and
PAM SMITH, husband and wife,

Plaintiffs,

v.

ARGENT MORTGAGE COMPANY, LLC.,
WELLS FARGO BANK, N.A., and
HOPP & SHORE, LLC,

Defendants.

---

**ORDER**

---

This matter is before me on **Defendants Argent Mortgage Company, LLC and Wells Fargo Bank, N.A.'s Motion for Sanctions Pursuant to F.R.C.P. 37** [Doc. #146, filed 2/8/07] (the "Motion").  The Motion is DENIED.

The plaintiffs are proceeding *pro se*.  They filed their Complaint on November 22, 2005.  The Complaint asserts the following three causes of action against defendants Argent Mortgage Company, LLC ("Argent") and Wells Fargo Bank, N.A. ("Wells Fargo"): (1) quiet title; (2) ten separate violations of the Truth in Lending act, 15 U.S.C. § 1601 *et seq.* ("TILA"); and (3) declaratory judgment.  In addition, the Complaint asserts a fourth claim against Argent, but not against Wells Fargo, for violations of the Real Estate Settlement Procedures Act. 12 U.S.C. § 2601 *et seq.*  On August 29, 2007, summary judgment was granted in favor of Argent and Wells Fargo (the "defendants") on all of the plaintiffs' claims except one alleged violation of TILA.

The defendants seek sanctions against the plaintiffs in the form of dismissal of the Complaint based on the following:

1.   The plaintiffs' Rule 26(a)(1) disclosures failed to identify any witnesses (other than the plaintiffs) and failed to provide any documents relevant to this lawsuit beyond the two documents attached to their Complaint, despite the fact that plaintiffs possessed such documents;

2.   The plaintiffs failed to provide adequate responses to Interrogatories, Requests for Production, and Requests for Admission;

3.   At their depositions, the plaintiffs refused to answer questions candidly and did not provide any information regarding the bases for their claims;[1]

4.   Mr. Smith relied on notes during his deposition which reminded him to never answer with a "yes" or a "no" and to answer questions vaguely with phrases such as "I'm not sure, I can't remember" and "I'm not 100% sure";

5.   After his deposition, Mr. Smith filed criminal complaints against the defense attorneys, claiming that counsel stole his notes and committed no less than six felonies; and

6.   The plaintiffs have filed improper and abusive motions.

The defendants bring this Motion pursuant to Rule 37(d), Fed. R. Civ. P. *Motion*, p. 1. Rule 37(d) provides in pertinent part:

> If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, . . . the court in which the action is pending on motion may make such orders in regard to

---

[1]The defendants also base their Motion on Ms. Smith's failure to attend her continued deposition.  That was the subject of a separate motion for sanctions [Doc. #126], and I do not address it again here.

the failure as are just, and among others it may take any action
authorized under subparagraphs (A), (B), and (C) of subdivision
(b)(2) of this rule.

"[S]anctions under Rule 37(d) are appropriate only when there is a complete failure of a

party to affirmatively respond to discovery requests." Case v. Unified School District No. 233,

162 F.R.D. 147, 148 (D. Kan. May 17, 1995).  The defendants admit that the plaintiffs provided

responses to the Interrogatories and the deposition questions; instead, the defendants' motion is

based on the fact that the responses were inadequate. Motion, p. 4.  Under these circumstances,

Rule 37(d) does not provide for sanctions.

The defendants have not sought an order to compel any of the discovery at issue in this

motion, and I have not issued any orders to compel discovery in this case.  The entry of a severe

sanction under these circumstances is not justified. Ehrenhaus v. Reynolds, 965 F.2d 916, 920-21

(10th Cir. 1992)

Citing Jones v. Thompson, 996 F.2d 261, 264 (10th Cir. 1993), the defendants also seek

dismissal as a sanction under the Court's "inherent power to levy sanctions in response to abusive

litigation practices." Motion, p. 10.  However, the Court in Jones directed its analysis at

individuals who, unlike the plaintiffs here, failed to comply with court orders.  The defendants do

not cite any case which authorizes dismissal as a sanction under the circumstances of this case.

Even if the defendants had provided authority for dismissal as a sanction where no court

orders have been violated, sanctions would not be warranted in this case.  Before imposing

dismissal as a sanction, the court must evaluate appropriate factors, including the following:

(1) the degree of actual prejudice to the [other party]; (2) the
amount of interference with the judicial process; (3) the culpability
of the litigant; (4) whether the court warned the party in advance

> that dismissal of the action would be a likely sanction for
> noncompliance; and (5) the efficacy of lesser sanctions.

Ehrenhaus, 965 F.2d at 921 (internal quotations and citations omitted).  "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."  Id. (internal quotations and citations omitted).

## 1.  Prejudice to Defendants

The defendants claim that they have been "severely" prejudiced by the plaintiffs' actions because "they have no more information about Plaintiffs' claims than they did when the Complaint was filed" and they "literally have no idea what they are defending themselves against." Motion, p. 11.  However, at the hearing on this motion on March 20, 2007, defense counsel stated that in light of the status of the case (i.e., that summary judgment motions already are on file), defendants were not seeking further discovery from the plaintiffs.  Indeed, summary judgment was granted in favor of the defendants on all of the plaintiffs' claims except one alleged TILA violation.

The remaining TILA claim survived summary judgment because a material fact dispute exists regarding whether the defendants provided the plaintiffs with proper notice of their right to rescind the applicable loan transaction.  Under TILA, Argent was required to disclose to each plaintiff two copies of notice of their right to rescind the transaction.  15 U.S.C. § 1635(a); 12 C.F.R. § 226.1(a); 12 C.F.R. § 226.23(b)(1).

The defendants provided evidence that the plaintiffs signed a Notice of Right to Cancel which states that "[t]he undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL . . . ."  Written acknowledgment of receipt of the notice creates a rebuttable presumption of delivery. 15 U.S.C. § 1635(c).

The plaintiffs rebutted the presumption of delivery by pointing to the following undisputed fact as stated in the Scheduling Order:

> At the closing on February 19, 2005, the closing company, the Escrow Company, gave Thomas Smith and Pam Smith each a copy of the Notice of Right to Cancel, for a total of two copies.

Thus, the plaintiffs' behavior during discovery did not prejudice the defendants in their ability to defend the claims against them. To the contrary, summary judgment was granted in favor of the defendants on all but one claim--a claim that remains because of the defendants' own stipulation in the Scheduling Order to an undisputed fact.

The defendants further claim that they have been prejudiced because the plaintiffs' behavior has delayed the case and has caused them to incur substantial attorneys' fees to respond to the plaintiffs' frivolous motions, including a motion for sanctions [Doc. #114], an objection to an order [Doc. #137], and a motion to stay [Doc. 134] ."[2] The plaintiffs' motion for sanctions was denied as frivolous [Doc. #118]. This Court lost jurisdiction over the plaintiffs' objection and the motion to stay shortly after they were filed because the plaintiffs filed a notice of appeal [Doc. #138] involving the issues presented in the objection and the motion to stay. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985). The objection and the motion to stay were deemed moot on February 26, 2007 [Doc. #166] because the subject of the filings--the plaintiffs' request for a 60 day extension of time-- had passed by the time the Court of Appeals dismissed the appeal for lack of appellate jurisdiction. No responses were necessary to the objections or the motion to stay, and no responses were ordered.

---

[2]The defendants also state that they have incurred fees in attending Ms. Smith's depositions. This was the subject of a separate motion for sanctions [Doc. #126], which I previously denied.

In addition, I note that defendant Argent filed a motion to dismiss [Doc. #25] which was denied in large part because it did not adhere to the appropriate standard of review. *Order Denying Defendant Argent's Motion to Dismiss* [Doc. #71]. The defendants also filed a previous motion for sanctions [Doc. #126] which was denied because it did not meet the standard for sanctions under the circumstances presented. *Order* [Doc. #229]. Although the defendants have incurred attorneys' fees and delay in responding to papers filed by the plaintiffs, this case has also been delayed due to motions filed by the defendants.

## 2.   Interference with Judicial Process

The defendants assert that the plaintiffs have "seriously interfered with the judicial process" because they have been "forced to schedule depositions at the courthouse" and have had to file a previous motion for sanctions.[3] *Motion*, p. 12. The defendants further assert that the plaintiffs have filed groundless motions including the motion for sanctions, the objection, and the motion to stay.

The parties' use of my jury room for depositions creates minimal interference with my docket. As discussed above, the plaintiffs' motion for sanctions was denied as frivolous and their objection and motion for stay were deemed moot. Although the plaintiff's filings have had an impact on the Court, the defendants' motions have also required the Court's attention. Their previous motion for sanctions [Doc. #126] was denied because it did not meet the standard for sanctions under the circumstances presented, and their motion to dismiss was denied on all

---

[3]The previous motion for sanctions [Doc. #126] also included a motion to compel Ms. Smith's deposition testimony. The defendants subsequently abandoned their request to compel the testimony.

grounds presented.  The plaintiffs' impact on the Court does not weigh heavily when viewed in tandem with the defendants' impact on the Court.

### 3.   Culpability of the Plaintiffs

The defendants assert that the plaintiffs are culpable for the delay and evasiveness in failing to comply with their discovery obligations.  However, the defendants did not file a competent motion to compel this information, even though the Federal Rules of Civil Procedure require a motion to compel prior to seeking sanctions.  It is entirely possible that the plaintiffs' behavior could have been drastically altered as the result of one court order to compel discovery.

### 4.   Advance Warning by the Court Regarding Dismissal as a Sanction

The defendants do not address this <u>Ehrenhaus</u> element in their Motion.  At the hearing, the defendants stated that this element was met by my order dated January 9, 2007 [Doc. #118] and a letter they sent to the plaintiffs on January 30, 2007.  However, my order warned the plaintiffs that an evasive deposition answer is treated as a failure to answer.  I did not warn the plaintiffs that their behavior could result in dismissal of this case.  In addition, for obvious reasons, the defendants' letter to the plaintiffs cannot serve as a warning by the court.

My review of the record reveals that the Court has not provided the plaintiffs with any warning that their behavior could result in dismissal of the action as a likely sanction.  This is most likely due to the fact that the defendants have not put the plaintiffs' behavior squarely before the Court via a comprehensive motion to compel the plaintiffs to comply with discovery.

### 5.   The Efficacy of Lesser Sanctions

The defendants do not seek lesser sanctions, nor do they provide any argument or evidence regarding lesser sanctions.  To the contrary, the defendants state that the only effective

sanction is dismissal.  *Motion*, p. 15.  Therefore, I do not consider the imposition of lesser sanctions.

Under the <u>Ehrenhaus</u> analysis, I find that the aggravating factors do not outweigh the Court's strong predisposition to resolve this case on its merits.  Therefore, even if dismissal were an allowable sanction under the Court's inherent powers, dismissal is not warranted in this case.

IT IS ORDERED that the Motion is DENIED.

Dated September 21, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge