**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-02364-REB-BNB

THOMAS SMITH, and
PAM SMITH, husband and wife,

    Plaintiffs,

v.

ARGENT MORTGAGE COMPANY, LLC.,
WELLS FARGO BANK, N.A., and
HOPP & SHORE, LLC,

    Defendants.

## ORDER DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL

**Blackburn, J.**

This matter is before me on the **Plaintiff's Motion to Certify Order for Interlocutory Appeal and To Stay Further Proceedings Pending Interlocutory Appeal** [#240], filed October 24, 2007. The plaintiffs also have filed a brief [#242] in support of their motion. The motion is denied.[1]

### I. BACKGROUND

On August 29, 2007, I entered an order [#226] (Summary Judgment Order) resolving motions for summary judgment filed by the defendants and by the plaintiffs. At the conclusion of my Summary Judgment Order, I noted that there are two unresolved claims remaining in this case:

---

[1] I exercise my discretion to resolve this motion without awaiting a response from the defendants. D.C.COLO.LCivR 7.1C

> A) the second cause of action against defendants Argent Mortgage Company, LLC and Wells Fargo Bank, N.A., alleging a violation of the TILA based on the plaintiffs' allegation that they did not receive the required number of copies of the notice of right to rescind; and
>
> B) the plaintiffs' fourth cause of action against defendant Hopp & Shore, LLC, alleging a violation of the Fair Debt Collection Practices Act.

*Summary Judgment Order* [#226], p. 15.  The plaintiffs filed a Notice of Appeal [#236] on September 28, 2007.  On October 3, 2007, the United States Court of Appeals for the Tenth Circuit tolled briefing on the merits of the appeal, noting that the order being appealed does not dispose of all of the claims against all of the parties.  *Order* [#238], filed October 3, 2007.  The Tenth Circuit directed the plaintiffs to submit, within 30 days, "a certified copy of a district court order either granting proper certification under Rule 54(b) or adjudicating the remaining claims."  *Order* [#238], filed October 3, 2007, p. 2.  Absent such a filing, the court noted, the appeal may be dismissed without further notice.  *Id.*

In their current motion, the plaintiffs ask that I certify three specific issues for an interlocutory appeal under 28 U.S.C. § 1292(b): 1) whether statements made in the statement of undisputed facts in the Scheduling Order in this case constitute binding admissions under the Federal Rules of Evidence; 2) whether the statement of undisputed facts in the Scheduling Order trumps any and all conflicting evidence; and 3) whether the affidavit of Tami Carnes, submitted by defendants Argent Mortgage and Wells Fargo Bank, sufficiently demonstrates Carnes's competence to testify and the basis of her personal knowledge.  The plaintiffs do not seek relief under FED. R. CIV. P. 54(b).

In my Summary Judgment Order, I concluded that statements in the section of

the Scheduling Order captioned "Undisputed Facts" do not constitute binding admissions. *Scheduling Order* [#90], filed October 23, 2006, pp. 8-10. I concluded also that the record demonstrates that there remain genuine issues of material fact relevant to the plaintiffs' claim under the Truth in Lending Act (TILA). If I had concluded that defendants Argent Mortgage and Wells Fargo are bound conclusively by a statement contained in the "Undisputed Facts" section of the Scheduling Order, then the plaintiffs may have been entitled to entry of summary judgment on the issue of liability on the plaintiffs' TILA claim. However, I denied the plaintiffs' motion for summary judgment.

## II.  ANALYSIS

Section 1292(b) provides four criteria that must be satisfied before an issue may be certified for pretrial appeal: (1) the action must be a civil action; (2) the court must conclude that the order involves a controlling question of law; (3) there must be substantial ground for difference of opinion as to the resolution of that question; and (4) it must appear that an immediate appeal from the order may materially advance the ultimate termination of the litigation. ***In re Grand Jury Proceedings June 1991***, 767 F.Supp. 222, 223 (D. Colo. 1991). Generally, only "exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." ***Coopers & Lybrand v. Livesay***, 437 U.S. 463, 475 (1978). Section 1292(b) was not intended to make denials of summary judgment routinely appealable. ***Ahrenholz v. Board of Trustees of University of Illinois***, 219 F.3d 674, 676 (7th Cir. 2000). I have broad discretion in determining whether to certify an order for interlocutory appeal under § 1292(b). ***See Swint v. Chambers County***

***Commission***, 514 U.S. 35, 47 (1995).

Having reviewed the record, I conclude that certification of an interlocutory appeal is not appropriate in this case. First, the issues that the plaintiffs seek to address in their proposed interlocutory appeal are not controlling issues of law. The three issues cited by the plaintiffs in their motion essentially are evidentiary issues. A reversal of my rulings on the evidence issues raised by the plaintiffs might make a difference in the resolution of the liability aspect of the plaintiffs' TILA claim because reversal would move the plaintiffs one step closer to success on that claim. However, it readily is conceivable that the plaintiffs could succeed on this claim even if they must present their case under the terms of my rulings in the Summary Judgment Order. Further, if such routine evidentiary issues were treated as controlling issues of law for the purpose of § 1292(b), then a large class of summary judgment determinations would be subject to interlocutory appeal under § 1292(b). Again, § 1292(b) was not intended to make denials of summary judgment routinely appealable. ***Ahrenholz v. Board of Trustees of University of Illinois***, 219 F.3d 674, 676 (7th Cir. 2000). The issues raised by the plaintiffs are not controlling issues of law, as that term is used in
§ 1292(b).

Second, granting an interlocutory appeal in this case will not materially advance the ultimate termination of the litigation. A three day trial to the court is set to begin on Tuesday, November 6, 2007, at 9:00 a.m. The plaintiffs ask that I stay these proceedings pending resolution of their proposed interlocutory appeal. If the trial proceeds as set, then the plaintiffs' claims will be resolved fully, including a

4

determination of any appropriate remedies.  Following a prompt resolution of the plaintiffs' claims, any party who chooses to appeal could present to the court of appeals a complete record and a complete presentation of the appealable issues.

On the other hand, if this case were stayed while the plaintiffs pursued an interlocutory appeal, and assuming the Tenth Circuit agreed to accept the plaintiffs' interlocutory appeal, progress toward a complete resolution of this case would be slowed dramatically.  At least several months would be required to complete briefing, possible argument, and a ruling by the Tenth Circuit.  After such a ruling, the case would return to this court with a few pretrial issues resolved, but with the continuing need for a trial to resolve the remaining issues.  Notably, an interlocutory appeal would do nothing to resolve the plaintiffs' claim under the Fair Debt Collection Practices Act and would do nothing to determine the appropriate remedy if the plaintiffs succeed on their TILA claim.   These issues and others would await resolution in this court following the completion of an interlocutory appeal by the plaintiffs.  Following the delayed trial, a second appeal of this case could be pursued by one or more of the parties.  In short, if an interlocutory appeal is permitted, then the ultimate termination of this litigation will be delayed substantially.

Certification of interlocutory appeals under § 1292(b) is limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions.  ***State of Utah By and Through Utah State Dept. of Health v. Kennecott Corp.***, 14 F.3d 1489, 1495 (10th Cir. 1994). The present case is not such a case.

Finally, I note that this case is not proper for certification under FED. R. CIV. P.

5

54(b). Again, the plaintiffs do not seek relief under Rule 54(b), but the Tenth Circuit mentioned this rule in its recent order. Rule 54(b) permits a trial court to direct the entry of judgment "as to one or more but fewer than all of the claims or parties" when there is no just reason for delay. The plaintiffs seek to appeal issues relevant to their TILA claim. On the current record, it would not be proper for me to direct judgment in favor of any party on this claim. Absent some basis for the entry of judgment on the plaintiffs' TILA claim, Rule 54(b) does not provide a basis on which the plaintiffs can seek to pursue an interlocutory appeal on the issues they now seek to appeal.

### III.  CONCLUSION

The plaintiffs have not demonstrated that the issues they seek to present in their proposed interlocutory appeal are controlling issues of law under § 1292(b). Further, permitting the plaintiffs to pursue an interlocutory appeal would substantially delay the ultimate resolution of this litigation. Such delay is directly contrary to one of the principal purposes of § 1292(b).

### IV. ORDER

**THEREFORE, IT IS ORDERED** that the **Plaintiff's Motion to Certify Order for Interlocutory Appeal and To Stay Further Proceedings Pending Interlocutory Appeal** [#240], filed October 24, 2007, is **DENIED**.

Dated October 30, 2007, at Denver, Colorado.

                                        **BY THE COURT:**

                                        **s/ Robert E. Blackburn**
                                        **Robert E. Blackburn**
                                        **United States District Judge**