**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-02364-REB-BNB

THOMAS SMITH, and
PAM SMITH, husband and wife,

      Plaintiffs,

v.

ARGENT MORTGAGE COMPANY, LLC.,
WELLS FARGO BANK, N.A., and
HOPP & SHORE, LLC,

      Defendants.

---

**FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND ORDERS**

---

**Blackburn, J.**

      This matter came before me on November 6, 7, and 8, 2007, for trial to the court[1]

to resolve what remained of plaintiffs' second cause of action under the Truth In

Lending Act (TILA) and their fourth cause of action under the Fair Debt Collection

Practices Act (FDCPA).

      On November 6, 2007, the following parties in interest appeared. The plaintiff,

Pam Smith, appeared in person, *pro se*. The plaintiff, Thomas Smith, appeared and

---

[1] On November 6, 2007, the Tenth Circuit Court of Appeals denied plaintiffs' request to stay trial to the court. *See* order [#261] entered November 6, 2007.

participated *pro se* by telephone[2] for part of the trial.[3]  Defendants, Argent Mortgage

Company, LLC. (Argent), and Wells Fargo Bank, NA (Wells Fargo), appeared by their

attorney, Katrin Miller Rothgery.  Defendant, Hopp & Shore, LLC, appeared by its

attorney, Larry G. Johnson.

On November 7, 2007, the following parties in interest appeared. The plaintiff,

Pam Smith, appeared in person, *pro se.* The plaintiff, Thomas Smith, did not appear in

person, by telephone, or by counsel.[4]  Defendants, Argent and Wells Fargo, appeared

by their attorney, Katrin Miller Rothgery. Defendant, Hopp & Shore, LLC, did not

appear.[5]

On November 8, 2007, the following parties in interest appeared. The plaintiff,

Pam Smith, appeared in person, *pro se.* The plaintiff, Thomas Smith, did not appear in

person, by telephone, or by counsel.  Defendants, Argent and Wells Fargo, appeared

by their attorney, Katrin Miller Rothgery. Defendant, Hopp & Shore, LLC, did not

appear.

---

[2] I permitted Mr. Smith to appear and participate by telephone. *See* **Minute Order** [#256] entered November 2, 2007.

[3] Although my Minute Order [#256] entered November 2, 2007, permitted Mr. Smith to participate by telephone in the trial for all purposes, he did not contact the court by telephone until after the plaintiff, Pam Smith, completed presentation of her brief case in chief.

[4] At trial on November 6, 2007, Mr. Smith did not present any evidence. Therefore, during mid-trial proceedings, I granted defendants' oral motions under Fed.R.Civ.P. 52(c) to dismiss the claims of Mr. Smith against them. I then advised Mr. Smith that he could continue to participate in the trial either in person or by telephone or that he may be excused. I granted his request to be excused.

[5] On November 6, 2007, I granted counsel's request to be excused after granting defendant Hopp & Shore's mid-trial, oral, Rule 52(c) motion to dismiss the plaintiffs' one, remaining claim against Hopp & Shore.

The two, limited issues to be resolved at trial were described by me in a previous

order:

18. That the remaining claims in this case are

A) the second cause of action against defendants Argent Mortgage Company, LLC and Wells Fargo Bank, N.A., alleging a violation of the TILA based on the plaintiffs' allegation that they did not receive the required number of copies of the notice of right to rescind; and

B) the plaintiffs' fourth cause of action against defendant Hopp & Shore, LLC, alleging a violation of the Fair Debt Collection Practices Act.[6]

On November 6, 2007, plaintiff, Pam Smith, presented her evidence, which

consisted only of her brief, sworn testimony. On direct examination Mrs. Smith testified

briefly as follows:

Your Honor, the question that I am asking myself is did Tom and I receive four copies of notices of right to cancel in a form that the consumer can keep. The answer is no. The next question is did Tom and I mail notice of rescission within three years of closing. The answer is yes.

During cross-examination by counsel for Argent and Wells Fargo, Mrs. Smith was

unreasonably defensive and evasive.

In addition, Mrs. Smith attempted to admit into evidence all of the plaintiffs'

affidavits, declarations, and verified pleadings previously filed in this case.  I informed

Mrs. Smith that I would take judicial notice of all adjudicative facts in the file and record

of this action.  I explained to Mrs. Smith the strictly limited type of facts that may be

judicially noticed.  I noted specifically that the adjudicative facts within the pleadings

and papers she had filed in this case generally did not include competent evidence

addressing the key issues of fact and law at issue in the trial of this case.

---

[6] *See* **Order Concerning Recommendations of Magistrate Judge** [#226] at 15, ¶ 18, entered August 29, 2007. This order resolved all other issues raised in all other causes of action.

Plaintiff, Thomas Smith, did not present any evidence.

After plaintiffs rested, defendants each moved to dismiss under Fed.R.Civ.P. 52(c). I granted defendants Argent and Wells Fargo's motion to dismiss plaintiff Thomas Smith's second cause of action, but I denied defendants Argent and Wells Fargo's motion to dismiss plaintiff Pam Smith's second cause of action. I granted defendant Hopp & Shore's motion to dismiss plaintiffs' fourth cause of action.

On November 7 and 8, 2007, I received defendants Argent and Wells Fargo's evidence in opposition to plaintiff Pam Smith's limited claim under her second cause of action.  This evidence consisted of the testimony of Tami Carnes, a representative of Argent, and further testimony by Mrs. Smith, who was called as a witness by defendants Argent and Wells Fargo.

During the course of the trial, two documentary exhibits were admitted in evidence.  First, exhibit 16, consisting of three pages, and titled "NOTICE OF RIGHT TO CANCEL," was admitted in evidence.  Second, exhibit 35, consisting of two pages, was admitted in evidence.  Tami Carnes testified that exhibit 35 is an accurate copy of the closing instructions used during the closing of the loan that is at issue in this case.

Having judicially noticed all relevant adjudicative facts in the file and record of this case *pro tanto*; having considered the evidence educed in its various forms; having determined the credibility of the witnesses; having weighed the evidence; having considered the reasons stated, arguments advanced, and the authorities cited by the parties; and being otherwise sufficiently advised, I enter the following findings of fact that are established by a preponderance of the evidence, conclusions of law, and

orders.[7]

**FINDINGS OF FACT:**

1.  This case concerns a loan obtained by Thomas Smith.  According to the uncontested allegations in the plaintiffs' Verified Complaint [#1], filed November 22, 2005, Argent agreed to loan money to Thomas Smith. In consideration, Thomas and Pam Smith agreed to permit Argent to secure the loan by recording a deed of trust against real estate owned by the Smiths.  The loan permitted the Smiths to refinance their home mortgage.

2.  The closing of this loan was conducted in the Smith's home on February 19, 2005.

3.  The loan made by Argent to the plaintiffs on February 19, 2005, was assigned subsequently to defendant, Wells Fargo Bank NA.

4.  In their complaint, the Smiths allege that Argent failed to provide them with all of the disclosures required by the Truth In Lending Act (TILA), codified at 15 U.S.C. §§ 1601 - 1667f.  The Smiths claim that Argent did not provide Thomas Smith and Pam Smith, each and individually, with two copies of the notice of right to cancel, as required by the TILA.

5.  Exhibit 16 consists of three pages, and depicts the content of the Notice of Right To Cancel that was given to Pam Smith at the February 19, 2005, closing.  The Notice of Right To Cancel is a one page document.  Exhibit 16 includes three copies of this one page document.

6.  The Notice of Right To Cancel includes the following language:

---

[7] Any finding of fact more properly deemed a conclusion of law, or any conclusion of law more properly deemed a finding of fact, shall be as more properly characterized.

> The undersigned each acknowledge the receipt of two copies of this
> NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth In
> Lending Disclosure Statement, all given by lender in compliance with
> Truth In Lending Simplification and Reform Act of 1980 (Public Law 96-
> 221).

Exhibit 16.

7.   Each of the three copies of Exhibit 16 was executed separately by Pam

Smith at the February 19, 2005, closing.

8.   I have taken judicial notice of several papers filed in this case by the

plaintiffs, which papers purportedly were signed by plaintiff, Pam Smith.  These

documents include docket numbers [#1], the verified complaint, including the

concomitant verification, the notice of rescission attached as Exhibit A, the second

notice of rescission attached as Exhibit B, and the papers docket as [#8], [#22], [#24],

[#38], [#39], [#39-2], [#49], [#59], [#114], [#119], [#135], [#138], [#158], [#193], [#215],

and [#236].

9.   Each of these documents and the concomitant certificates of service were

executed by plaintiff Pam Smith, signing as Pamela K. Smith.

10.   Using those documents, I compared the known signatures of Pamela K.

Smith, as shown on those documents, with her purported signatures as they appear on

exhibit 16.

11.   Having conducted that comparative analysis, I am satisfied beyond a

reasonable doubt that the purported signatures of Pamela K. Smith as they appear on

the three pages comprising Joint Exhibit 16 are, in fact, the signatures of plaintiff, Pam

Smith.

12.   It is more likely than not that Argent provided two copies of the Notice of

Right To Cancel, as reflected in exhibit 16, to Pam Smith at the closing that was conducted on February 19, 2005.  It is more likely than not that Argent provided two additional copies of the Notice of Right To Cancel, as reflected in exhibit 16, to Thomas Smith at the closing that was conducted on February 19, 2005, and that the copies provided to Thomas Smith were separate and in addition to the copies provided to Pam Smith.  It is more likely than not that Argent provided these copies to Thomas Smith and Pam Smith in a form that they could keep.

13.  The plaintiffs ask that the loan made to them by Argent on February 19, 2005, be rescinded based on the alleged TILA violation described in their second cause of action.

14.  There was no evidence presented at trial that plaintiffs have – either individually or jointly – the financial means necessary to repay to the lender, now Wells Fargo Bank NA, the proceeds of the loan made to Thomas Smith on February 19, 2005.

15.  The plaintiffs allege that defendant Hopp & Shore, a law firm, violated the Fair Debt Collection Practices Act (FDCPA), codified at 15 U.S.C. §§ 1692 - 1692p, because Hopp & Shore failed to provide the plaintiffs with verification and validation of the debt that Hopp & Shore sought to collect from the plaintiffs after the plaintiffs timely disputed the debt.  *Complaint*, p. 8, ¶ 55.

16.  There was no evidence presented at trial that the plaintiffs timely and properly challenged or disputed the debt that Hopp & Shore sought to collect from the plaintiffs in the time and manner prescribed under the FDCPA at 15 U.S.C. § 1692g.

17.  In assessing the credibility of the two witnesses who testified at trial, I find

that Ms. Tami Carnes, who testified on November 7, 2007, for defendants Argent and

Wells Fargo, was comparatively more credible than plaintiff, Pam Smith, who testified

on November 6 and 8, 2007.

## CONCLUSIONS OF LAW:

1.  I have personal jurisdiction over the parties to this action. I have subject

matter jurisdiction under 28 U.S.C. § 1331 (federal question).

2.  Venue is proper in the United States District Court for the District of Colorado

under 28 U.S.C. § 1391(a)(2).

3.  In assessing the credibility of the witnesses who testified at trial, I have

considered all facts and circumstances shown by the evidence that affect the credibility

of each witness, including the following factors: each witness' means of knowledge, her

ability to observe, and her strength of memory; the manner in which each witness might

be affected by the outcome of the litigation; the relationship each witness has to either

side in the case; and the extent to which each witness is either supported or

contradicted by the other witness or evidence presented at trial. It is based on these

considerations that I entered findings of fact about the relative credibility of the two

witnesses who testified at trial.

4.   The TILA and regulations promulgated thereunder require that each

borrower be provided with two copies of a notice of their right to rescind or cancel the

transaction.  15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b)(1).

5.  If a borrower timely and properly rescinds a loan transaction as permitted by

the TILA, then rescission of the transaction will be enforced judicially only if the

borrower is able to return the proceeds of the loan, or some reasonable equivalent, to

the lender.  *See, e.g., American Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 820 (4th Cir. 2007).

6.  The plaintiffs have failed to sustain their burden of proof by a preponderance of the evidence as to issues on for trial under their second cause of action.  Concerning their second cause of action, alleging a violation of the Truth In Lending Act, codified at 15 U.S.C. §§ 1601 - 1667f, the plaintiffs have not established by a preponderance of the evidence that Argent failed to provide the plaintiffs with the number, i.e., two per consumer, of copies of the notice of right to rescind or cancel as required by the TILA and regulations promulgated thereunder.

8.  Even if plaintiffs had sustained their burden of proof to demonstrate a violation of the TILA, the plaintiffs would not be entitled to rescission of the loan made to them on February 19, 2005.  The plaintiffs are not entitled to the equitable remedy of rescission, because they do not have – either individually or jointly – the financial means necessary to repay to the lender, now Wells Fargo Bank NA, the proceeds of the loan made to Thomas Smith on February 19, 2005.

9.  The plaintiffs have failed to sustain their burden of proof by a preponderance of the evidence as to the issues on for trial under their fourth cause of action. Concerning their fourth cause of action, alleging a violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. §§ 1692 - 1692p, the plaintiffs have not established by a preponderance of the evidence that they timely and properly challenged or disputed the debt in the time and manner prescribed under the FDCPA at 15 U.S.C. § 1692g.

10.  At trial the plaintiffs presented no evidence that they timely and properly

challenged or disputed the debt in the time and manner permitted under the FDCPA at 15 U.S.C. § 1692g.

11.   Because the plaintiffs did not timely and properly challenge or dispute the debt under § 1692g, then Hopp & Shore was under no duty to provide the plaintiffs with verification and validation of the debt that Hopp & Shore sought to collect from the plaintiffs.

12.   The plaintiffs have failed to sustain their burden of proof by a preponderance of the evidence as to the issues on for trial under their second and fourth causes of action.  Thus, plaintiffs' second and fourth causes of action must be dismissed with prejudice.

13.   This order and my **Order Concerning Recommendations of Magistrate Judge** [#226] at 15, ¶ 18, entered August 29, 2007, resolve finally all issues of fact and law raised by or inherent to all causes of action averred in plaintiffs Verified Complaint [#1], filed November 22, 2005.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiffs' second cause of action under the Truth In Lending Act and their fourth cause of action under the Fair Debt Collection Practices Act are **DISMISSED** with prejudice;

2. That on plaintiffs' second cause of action for relief under the Truth In Lending Act, **JUDGMENT SHALL ENTER** under Fed.R.Civ.P. 58, in favor of defendants, Argent Mortgage Company, LLC., and Wells Fargo Bank, NA , and against plaintiffs, Thomas Smith and Pam Smith, jointly and severally;

3. That defendants, Argent Mortgage Company, LLC., and Wells Fargo Bank,

NA, are **AWARDED** their costs to be billed and taxed pursuant to FED.R.CIV.P. 54(d)(1)

and  D.C.COLO.LCivR 54.1;

4. That on plaintiffs' fourth cause of action under the Fair Debt Collection

Practices Act, **JUDGMENT SHALL ENTER** under Fed.R.Civ.P. 58, in favor of

defendant, Hopp & Shore, LLC., and against plaintiffs, Thomas Smith and Pam Smith,

jointly and severally;

5. That defendant, Hopp & Shore, LLC., is **AWARDED** its costs to be billed and

taxed pursuant to FED.R.CIV.P. 54(d)(1) and  D.C.COLO.LCivR 54.1;

6. That judgments **SHALL ENTER** pursuant to the orders in my **Order**

**Concerning Recommendations of Magistrate Judge** [#226] entered August 29,

2007; and

7.  That defendant, Homeq Servicing Corporation, is **AWARDED** its costs to be

billed and taxed pursuant to FED.R.CIV.P. 54(d)(1) and  D.C.COLO.LCivR 54.1.

Dated November 14, 2007.

BY THE COURT:

s/ Robert E. Blackburn
**Robert E. Blackburn**
**United States District Judge**