IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 05-cv-02364-REB-BNB

THOMAS SMITH, and
PAM SMITH, husband and wife,

    Plaintiffs,

v.

ARGENT MORTGAGE COMPANY, LLC.,
WELLS FARGO BANK, N.A.,
HOMEQ SERVICING CORPORATION, and
HOPP & SHORE, LLC,

    Defendants.

## ORDER DENYING PLAINTIFFS' MOTION(S) TO RECONSIDER FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Blackburn, J.**

The matter before me is **Plaintiffs' Motion To Reconsider Findings Of Fact And Conclusions Of Law** . . . [#270], filed November 29, 2007.[1] I deny the motion.

I conducted a trial by the court in this action on November 6, 7, and 8, 2007. On November 14, 2007, I entered my **Findings of Fact, Conclusions of Law, and Orders**, *see* [#265] entered November 14, 2007. Pursuant to my order of November 14, 2007, **Judgment** was entered on November 27, 2007, *see* [#269]. Plaintiffs filed their

---

[1] Plaintiffs' motion to reconsider was a part of **Plaintiffs' Motion To Reconsider Findings of Fact And Conclusions of Law And Motion For Enlargement of Time for Said Motion** [#270] filed November 29, 2007. I denied plaintiffs' motion for enlargement of time by **Minute Order** [#271] entered November 30, 2007. Plaintiffs also filed a paper styled **Plaintiffs' Motion To Reconsider Findings of Fact And Conclusions of Law**, *see* [#275] filed December 6, 2007, which appears to be a mislabeled response to the **Motion for Attorney's Fees** [#266] filed December 16, 2007, by defendant Hopp & Shore, LLC.

motion to reconsider on November 29, 2007.

In this circuit a motion to reconsider filed within ten days of the entry of judgment is treated as a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e).[2] *See* **Hatfield v. Bd. of County Comm'rs for Converse County**, 52 F.3d 858, 861 (10th Cir. 1995).[3] "A Rule 59(e) motion to alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence.' **Committee for the First Amendment v. Campbell**, 962 F.2d 1517, 1523 (10th Cir.1992) (quoting **Harsco Corp. v. Zlotnicki**, 779 F.2d 906, 909 (3d Cir.1985))." **Phelps v. Hamilton**, 122 F.3d 1309, 1324 (10th Cir.1997).

Because plaintiffs are proceeding *pro se*, I have reviewed all their pleadings and papers, including their motion(s) to reconsider, more liberally than pleadings or papers filed by attorneys. *See, e.g.*, **Erickson v. Pardus**, – U.S. –,127 S.Ct. 2197, 2200, 75 USLW 3643 (2007); **Haines v. Kerner,** 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

In their motion plaintiffs seek reconsideration of the following pretrial and trial rulings: 1) that I erred in my **Order Concerning Recommendations of United States Magistrate Judge**, *see* Order at 4, [#226] entered August 29, 2007, by agreeing with

---

[2] A district court's ruling on a Rule 59(e) motion is reviewed for abuse of discretion. *See* **Brown v. Presbyterian Healthcare Serv.**, 101 F.3d 1324, 1331 (10th Cir. 1996). Thus, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. **Id**.

[3] The Federal Rules of Civil Procedure do not recognize a motion to reconsider. *See* **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991).

the magistrate judge that defendants Argent and Wells Fargo were entitled to judgment as a matter of law on plaintiffs' first claim for relief for quiet title, *see* Motion at 2, ¶¶ 3-4; 2) that I erred by denying plaintiffs' motions to continue trial, *see* Motion at 3, ¶¶ 5-6; 3) that I erred by finding that plaintiff, Thomas Smith, received two copies of the required notice of right to cancel, *see* Motion at 3-4, ¶ 7; 4) that the three notices of right to cancel should not have been admitted in evidence, *see* Motion at 4, ¶¶ 8-10; 5) that I erred in determining the credibility of plaintiff, Pam Smith, and witness, Tami Carnes, *see* Motion 4-5, ¶¶ 11-14 and Motion at 6, ¶ 21; and 6) that my findings and conclusions concerning receipt by plaintiffs of the statutorily required number of copies of the notice of right to cancel are erroneous, *see* Motion at 5-6, ¶¶ 15-20.

All of plaintiffs' arguments are a reiteration of issues of fact and law that I have considered carefully and rejected previously. During pretrial proceedings and, *a fortiori*, during trial, plaintiffs were given ample opportunity to present any evidence and argument available to them. They availed themselves of that opportunity as they saw fit. After reviewing the relevant pretrial and trial record, I do not discern manifest errors of law, and plaintiffs do not present new evidence. **Committee for the First Amendment v. Campbell**, 962 F.2d 1517, 1523 (10th Cir.1992). Thus, plaintiffs' motion must be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiffs' Motion To Reconsider Findings Of Fact And Conclusions Of Law** . . . [#270], filed November 29, 2007, is **DENIED**;

2. That to the extent, if at all, that **Plaintiffs' Motion To Reconsider Findings**

**of Fact And Conclusions of Law** [#275] filed December 6, 2007, also impugns the findings of fact, conclusions of law, and orders entered November 14, 2007, it is **DENIED**; and

      3. That as requested or required by the Tenth Circuit Court of Appeals in its **Order** [#283] entered February 19, 2008, the clerk of this court **SHALL NOTIFY** the Tenth Circuit Court of Appeals in appellate action numbers 07-1409 and 07-1525 that this court has entered its orders resolving docket numbers 270 and 275.

      Dated March 31, 2008, at Denver, Colorado.

                                          **BY THE COURT:**

                                          s/ Robert E. Blackburn
                                          **Robert E. Blackburn**
                                          **United States District Judge**