IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 05-cv-02364-REB-BNB

THOMAS SMITH, and
PAM SMITH, husband and wife,

    Plaintiffs,

v.

ARGENT MORTGAGE COMPANY, LLC.,
WELLS FARGO BANK, N.A., and
HOPP & SHORE, LLC,

    Defendants.

## ORDER GRANTING MOTION FOR ATTORNEY FEES

**Blackburn, J.**

This matter is before me on defendant Hopp & Shore, LLC's **Motion for Attorney's Fees** [#266], filed November 16, 2007. The plaintiffs filed a document that I read, in part, to be a response to the motion for attorney fees. That document is **Plaintiffs' Motion To Reconsider Findings of Fact and Conclusions of Law** [#275], filed December 6, 2007. Hopp & Shore has a reply [#277], filed December 12, 2007. I grant the motion.

I note that the plaintiffs, Thomas Smith and Pam Smith, have acted *pro se* throughout this case. Because the plaintiffs are proceeding *pro se*, I have reviewed all their pleadings and papers, including their response to the motion at issue here, more liberally than pleadings or papers filed by attorneys. *See, e.g.*, **Erickson v. Pardus**, ___ U.S. ___, ___,127 S.Ct. 2197, 2200 (2007); **Haines v. Kerner,** 404 U.S. 519,

520-21 (1972); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiffs' sole claim against Hopp & Shore was a claim under the Fair Debt Collection Practices Act (FDCPA), which is codified at 15 U.S.C. §§ 1692 - 1692p. The plaintiffs alleged that defendant Hopp & Shore, a law firm, violated the FDCPA because Hopp & Shore failed to provide the plaintiffs with verification and validation of the debt that Hopp & Shore sought to collect from the plaintiffs after the plaintiffs timely disputed the debt. *Complaint*, p. 8, ¶ 55. Following a bench trial, I entered Findings of Fact, Conclusions of Law, and Orders [#265] on November 14, 2007. I found, *inter alia*, that the plaintiffs presented no evidence at trial to show that the plaintiffs timely and properly challenged or disputed the debt that Hopp & Shore sought to collect from the plaintiffs in the time and manner prescribed under the FDCPA at 15 U.S.C. § 1692g. *Id.*, p. 7. Absent a timely and proper challenge to or dispute of the debt under § 1692g, Hopp & Shore is not subject to liability on the plaintiffs' FDCPA claim. In short, after two years of litigation, the plaintiffs came to trial and presented no evidence to support their FDCPA claim against Hopp & Shore.

The FDCPA provides that

> (o)n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C.A. § 1692k(a)(3). Bad faith is not simply bad judgment or negligence. The term bad faith implies the conscious doing of a wrong "because of dishonest purpose or moral obliquity." **Black v. Equinox Financial Management Solutions, Inc.**, 444. F. Supp. 2d 1271, 1275 (N.D. Ga. 2006) (internal quotation and citations omitted). A

-2-

major hallmark of a bad faith lawsuit is "a lawsuit [that] is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass . . . rather than to obtain a favorable judgment." *Id*. (internal quotation and citations omitted).

The plaintiffs filed this case on November 22, 2005, and this case was tried to the court on November 6 through 8, 2007. In the intervening two years, the plaintiffs actively litigated this case, filing numerous motions and disputing nearly every position taken by Hopp & Shore and the other defendants. The plaintiffs indicated in their filings with the court that they understood the factual and legal bases of their FDCPA claim. *See, e.g., plaintiffs' response to motion for summary judgment* [#157], filed February 20, 2007. After two years of active litigation, the plaintiffs brought their case to trial and presented absolutely no evidence to support their FDCPA claim. The fact that the plaintiffs understood their FDCPA claim, litigated that claim for two years, but came to trial with no evidence to support that claim indicates strongly that the plaintiffs' primary purpose in litigating this claim was not to obtain a favorable judgment on the claim. Rather, the plaintiffs' actions concerning their FDCPA claim support strongly the inference that the plaintiffs brought their FDCPA claim with the primary purpose of harassing Hopp & Shore. The record contains also strong indications that the plaintiffs pursued this litigation, including the FDCPA claim, with the goal of delaying foreclosure and other collection actions against them. On this record, I find that the plaintiffs brought and litigated their FDCPA claim against Hopp & Shore for the purposes of harassment and delay. Pursuing litigation with the primary purposes of delay and harassment constitutes bad faith.

Based on my finding that the plaintiffs brought their FDCPA claim in bad faith

and for the purpose of harassment, I may award to Hopp & Shore reasonable attorney fees. 15 U.S.C.A. § 1692k(a)(3). I conclude that such an award is merited in this case. Any determination of reasonable attorneys fees starts with a calculation of the "lodestar" amount. **Hensley v. Eckerhart**, 461 U.S. 424, 433 (1983). The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." **Hensley**, 461 U.S. at 433. The Tenth Circuit Court of Appeals has recognized the lodestar amount as presumptively reasonable. **Homeward Bound, Inc. v. Hissom Memorial Ctr.**, 963 F.2d 1352, 1355 (10th Cir. 1992). A "reasonable rate" is defined as the prevailing market rate in the community in question for an attorney of similar experience. **Blum v. Stenson**, 465 U.S. 886, 895 (1984).

I have reviewed the detailed billing records submitted by Hopp & Shore. *Motion for Attorney's Fees* [#266], filed November 16, 2007, Exhibits A and B. I find that the number of hours spent on this litigation by Hopp & Shore is reasonable. The hourly rates reflected in Hopp & Shore's billing range from 100 dollars per hour to 235 dollars per hour, "depending on the level of experience of the attorney or paralegal completing the work." *Motion for Attorney's Fees* [#266], filed November 16, 2007, Exhibit A. Given the prevailing market rates in the community, I find that the hourly rates for the time keepers reflected on Hopp & Shore's bill are reasonable. Hopp & Shore's bill reflects that a reasonable number of hours was expended on this litigation and that bill shows a multiplication of that number of hours by reasonable hourly rates for those doing the work. In short, the lodestar amount proposed by Hopp & Shore, $18,601.00, is reasonable. Therefore, I grant Hopp & Shore's motion for attorney fees for the lodestar amount of $18,601.00.

**THEREFORE, IT IS ORDERED**

1. That defendant Hopp & Shore, LLC's **Motion for Attorney's Fees** [#266], filed November 16, 2007, is **GRANTED**;

2. That under 15 U.S.C.A. § 1692k(a)(3), defendant Hopp & Shore, LLC, is **AWARDED** $18,601.00 in attorney fees, which shall be paid to Hopp & Shore, LLC, by the plaintiffs; and

3. That the plaintiffs **SHALL PAY** $18,601.00 to defendant Hopp & Shore, LLC, on or before close of business on May 7, 2008.

Dated April 22, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**